## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD ROGERS, individually, and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-03083 |
| v. | ) ) | |
| BNSF RAILWAY COMPANY, | ) ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant BNSF Railway Company ("BNSF"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Richard Rogers v. BNSF Railway Company* currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as Case No. 2019-CH-04393. In support of removal, BNSF states as follows:

1.  On April 4, 2019, Plaintiff Richard Rogers ("Plaintiff") filed a putative Class Action Complaint alleging that BNSF violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by "requir[ing] truck drivers who visit its facilities, including Plaintiff, to provide their biometric identifiers, in the form fingerprints [sic] and related biometric information, to identify which individuals and truck drivers are visiting its facilities and for security purposes." (Compl. ¶¶ 3, 18–22.) (A copy of the Complaint and Summons served on BNSF is attached hereto as **Exhibit A**.)

2.  BNSF was served on April 8, 2019. (*Id.*) Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3.  Removal to this Court is proper because the United States District Court for the

Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. § 93(a)(1).

4.      In the Complaint, Plaintiff alleges (but BNSF does not concede) that BNSF: "failed to provide any written disclosures describing the purpose and duration of [BNSF's alleged collection, capture, and storage of biometric identifiers and biometric information]," (Compl. ¶ 20); "failed to make publicly available any retention or destruction policies," (*id.*); "failed to obtain informed written consent from Plaintiff and other similarly situated individuals," (*id.*); and "failed to obtain Plaintiff's and other truck drivers' informed consent prior to disseminating their biometric information to any of its technology vendors." (*Id.* ¶ 21.)

5.      Plaintiff seeks to represent a putative class defined as follows: "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant BNSF within the state of Illinois any time within the applicable limitations period." (*Id.* ¶ 23.)

6.      On behalf of himself and the putative class, Plaintiff, among other things, seeks: (1) injunctive relief "requiring [BNSF] to comply with BIPA"; (2) "statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1)" or, in the alternative, "statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3)"; and "reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3)." (*Id.* at pp. 8–9.)

7.      This putative class action is subject to this Court's jurisdiction: (1) under 28 U.S.C. § 1332(a), because complete diversity exists and the amount in controversy for the named plaintiff's claims exceeds $75,000; and (2) under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists and the amount in controversy exceeds $5,000,000.

## I.     <u>Removal Is Proper Under Diversity Jurisdiction.</u>

8.     This Court has complete diversity jurisdiction under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ."

9.     Complete diversity exists between Plaintiff (an Illinois citizen) and BNSF (a Delaware corporation with its principal place of business in Texas). (Compl. ¶¶ 13–14.)

10.     Based on the Complaint's allegations, the amount in controversy exceeds $75,000. When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). In other words, "the individual claims of class members cannot be aggregated to meet the jurisdictional amount, and instead each class member is required to have a jurisdictionally-sufficient claim." *Id.*; *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). If "the plaintiff, the master of the complaint . . . provides little information about the value of [his] claims . . . a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).

11.     Plaintiff alleges that BNSF's BIPA violations were "knowing and willful," thereby seeking a statutory penalty of up to $5,000 for each "violation." (Compl. at pp. 8–9.) The amount in controversy exceeds $75,000 because Plaintiff alleges "[t]hrough his role as a truck driver, Plaintiff was required to visit various railyards, including those owned and operated by Defendant, to pick up and drop off various loads. At such facilities, Plaintiff was required to scan his biometric

identifiers and/or biometric information, into biometrically-enabled security and identity verification devices and associated technology, *i.e.* the Biometric System." (*Id.* ¶ 18.) As pled, a good-faith and plausible estimate that Plaintiff made at least 16 visits to "various railyards" to "pick up and drop off various loads" more than satisfies the jurisdictional amount-in-controversy threshold (*i.e.*, 16 x $5,000 = $80,000).[1]

## II.    Removal Is Proper Under The Class Action Fairness Act (CAFA).

12.    Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

### A.    This Matter is a "Class Action" Under CAFA.

13.    Plaintiff purports to represent a "class" of individuals pursuant to 735 ILCS 5/2-801 *et seq.* (*See* Compl. ¶¶ 23–30.) Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

14.    The putative class action described in the Complaint satisfies the requirements of CAFA. While the precise number of individuals in the class cannot be determined until discovery, the aggregate putative class size according to Plaintiff's allegations is "at least thousands of members." (Compl. ¶ 25.)

---

[1] BNSF does not concede that each alleged visit would (or even could) constitute a separate BIPA violation.

## B.     The Minimal Diversity Requirement is Met.

15.     Plaintiff is a "natural person and a citizen of the State of Illinois." (*Id.* ¶ 14.)

16.     A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). BNSF is a "Delaware company" and "headquartered in Texas." (Compl. ¶ 13.)

17.     Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

## C.     The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.

18.     The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

19.     BNSF's burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

20.     BNSF denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, and that Plaintiff is entitled to any alleged claims for monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiff or the putative class are entitled to damages, the aggregated claims of the putative class establishes, by a

preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

21.     Plaintiff alleges that "BNSF's violations of BIPA . . . were knowing and willful," (Compl. ¶ 38), which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges that "[t]here are at least thousands of members of the Class." (Compl. ¶ 25.) Thus, based purely on the Complaint's allegations (which BNSF denies), it is not "legally impossible" that the alleged class recovery is greater than the $5,000,000 jurisdictional threshold (*i.e.*, 1,050 class members x $5,000 statutory damages = $5,250,000). *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008).

## III.    Article III Standing Exists In This Court.

22.     This case can proceed before this Court under Article III of the U.S. Constitution because Plaintiff specifically alleges that BNSF disclosed his biometrics to third parties without his consent. (Compl. ¶ 21); *see, e.g.*, *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *9 (N.D. Ill. May 31, 2018) ("The allegation that [defendant] disclosed [plaintiff's] fingerprint data to [a third party] without informing her distinguishes this case from others in which alleged violations of BIPA were determined insufficiently concrete to constitute an injury in fact for standing purposes.").

23.     Even absent this allegation, Article III standing likely exists based on the January 25, 2019 decision in *Rosenbach v. Six Flags Entertainment Corp.*, where the Illinois Supreme Court held that a BIPA violation is not merely "technical" in nature:

> When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, the right of the individual to maintain his or her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized. This is no mere technicality. ***The injury is real and significant***.

6

2019 IL 123186, ¶ 34 (internal quotation marks and citations omitted) (emphasis added); *see also, e.g.*, *Lucas v. Jos. A. Bank Clothiers*, No. 14–CV–1631–LAB (JLB), 2015 WL 2213169, at \*5 (S.D. Cal. May 11, 2015) ("Where state-created interests are at issue, federal courts look to state law to define the 'injury' a plaintiff may assert to meet Article III requirements.").

24.     Pursuant to 28 U.S.C. § 1446(d), BNSF will promptly provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

25.     BNSF submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

Dated:  May 7, 2019                                                     Respectfully submitted,

                                            **BNSF RAILWAY COMPANY**

                                            By: */s/ Elizabeth B. Herrington*
                                                    Elizabeth B. Herrington
                                                    Alex D. Berger
                                                    Tyler Z. Zmick
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    77 West Wacker Dr.
                                                    Chicago, IL 60601-5094
                                                    Tel. 312.324.1445
                                                    Fax 312.324.1001
                                                    Beth.Herrington@morganlewis.com
                                                    Alex.Berger@morganlewis.com
                                                    Tyler.Zmick@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2019, I caused a copy of the foregoing Notice

of Removal to be filed through the Court's CM/ECF System, and served the below Counsel of

Record via First Class U.S. Mail:

Myles McGuire
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff*

/s/ Elizabeth B. Herrington
Elizabeth B. Herrington