# EXHIBIT A



# Service of Process Transmittal
04/08/2019
CT Log Number 535260424

| | |
|---|---|
| **TO:** | TAMARA MIDDLETON<br>BNSF Railway Company<br>2500 Lou Menk Dr # AOB-3<br>Fort Worth, TX 76131-2828 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | BNSF Railway Company  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHARD ROGERS, ETC., PLTF. vs. BNSF RAILWAY COMPANY, ETC., DFT. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, ATTACHMENT(S) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2019CH04393 |
| **NATURE OF ACTION:** | Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/08/2019 at 15:45 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after service of this Summons, not counting the day of service. |
| **ATTORNEY(S) / SENDER(S):** | David L. Gerbie<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Fl<br>Chicago, FL 60601<br>312-893-7002 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/09/2019, Expected Purge Date: 04/14/2019<br><br>Image SOP<br><br>Email Notification,  Kristi Green  Kristi.Green@BNSF.com<br><br>Email Notification,  Kay Green  kay.green@bnsf.com<br><br>Email Notification,  TAMARA MIDDLETON  tamara.middleton@bnsf.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / NM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Return Date: No return date scheduled
Hearing Date: 8/5/2019 9:30 AM - 9:30 AM
Courtroom Number: 2305
Location: District 1 Court
   Cook County, IL

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons (06/28/18) CCG 0001

FILED
4/5/2019 1:10 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04393

FILED DATE: 4/5/2019 1:10 PM   2019CH04393

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Richard Rogers
_____
(Name all parties)
v.

BNSF Railway Company
_____
c/o C T Corporation System
208 SO LA SALLE ST, SUITE 814
Chicago, IL 60604

Case No. _____

☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: _____

4/5/2019 1:10 PM DOROTHY BROWN

Atty. No.: 56618
Atty Name: McGuire Law, P.C.
Atty. for: Richard Rogers
Address: 55 W. Wacker Dr. 9th Fl.
City: Chicago    State: IL
Zip: 60601
Telephone: 312-893-7002
Primary Email: dgerbie@mcgpc.com
Secondary Email: jsheikali@mcgpc.com
Tertiary Email: mmcguire@mcgpc.com

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

Page 1 of 2

FILED DATE: 4/5/2019 1:10 PM    2019CH04393

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ◉ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 8/5/2019 9:30 AM - 9:30 AM
Courtroom Number: 2305
Location: District 1 Court
Cook County, IL

FILED
4/4/2019 6:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH04393

FILED DATE: 4/4/2019 6:32 PM 2019CH04393

**12-Person Jury**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| *Plaintiff,* | )  No.  **2019CH04393** |
| v. | )<br>)  Hon. |
| BNSF RAILWAY COMPANY, a Delaware corporation, | )<br>)  **Jury Trial Demanded** |
| *Defendant.* | ) |

## CLASS ACTION COMPLAINT

Plaintiff Richard Rogers ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant BNSF Railway ("BNSF") and for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known as "biometrics." 740 ILCS 14/10.

2. Defendant BNSF is one of the largest freight railroad networks and railroad operators in North America.

1

3. Defendant BNSF requires truck drivers who visit its facilities, including Plaintiff, to provide their biometric identifiers, in the form fingerprints and related biometric information, to identify which individuals and truck drivers are visiting its facilities and for security purposes.

4. BIPA provides, *inter alia*, that a private entity, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless it first:

   a. informs that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. receives a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

5. BIPA also requires private entities in possession of biometric information to develop a publicly-available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

6. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)&(d).

7.  Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

8.  Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's collective and respective conduct in violating his biometric privacy rights under BIPA.

9.  Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper.

10. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold their biometrics.

11. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

12. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

3

## PARTIES

13. Defendant BNSF is a Delaware company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois. BNSF is headquartered in Texas and conducts business throughout Cook County.

14. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendant's facilities in Illinois.

## JURISDICTION AND VENUE

15. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

16. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

## FACTS SPECIFIC TO PLAINTIFF

17. During the relevant time period, Plaintiff worked as a truck driver.

18. Through his role as a truck driver, Plaintiff was required to visit various railyards, including those owned and operated by Defendant, to pick up and drop off various loads. At such facilities, Plaintiff was required to scan his biometric identifiers and/or biometric information, into biometrically-enabled security and identity verification devices and associated technology, *i.e.* the Biometric System.

19. Using the Biometric System Defendant BNSF collected, captured, stored, and otherwise obtained biometric identifiers and associated biometric information from Plaintiff and other truck drivers to allow and track their access to its facilities.

20. Although Defendant BNSF collected, captured, and stored biometric identifiers and biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, it failed to make publicly available any retention or destruction policies, and it failed to obtain informed written consent from Plaintiff and other similarly situated individuals, all in violation of BIPA.

21. Defendant BNSF further failed to obtain Plaintiff's and other truck drivers' informed consent prior to disseminating their biometric information to any of its technology vendors in violation of BIPA.

22. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass (unless otherwise noted, "Class") defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant BNSF within the state of Illinois any time within the applicable limitations period.

24. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

5

25. There are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

26. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class.

27. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a. Whether the Biometric System collects, captures, or otherwise obtains biometric identifiers or biometric information;

    b. Whether any biometric information is generated or otherwise derived from the Biometric System;

    c. Whether Defendant BNSF disseminates biometric information;

    d. Whether Defendant BNSF made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

    e. Whether Defendant BNSF obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    f. Whether Defendant's conduct violates BIPA;

    g. Whether Defendant's BIPA violations are willful or reckless; and

h.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

28.  Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

29.  Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

30.  Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class and against Defendant Paycor)**

31.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32.  Defendant BNSF is a private entity under BIPA.

33.  In order to secure its facilities, maintain access records, and identify visitors to its facilities, Defendant BNSF obtains and relies on data and information derived from biometric identifiers, *i.e.* biometric information.

34. Defendant BNSF collects, captures, stores, transfers, and/or uses of Plaintiff's and Class Members' biometric identifiers and/or biometric information through its Biometric Systems.

35. Prior to obtaining Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(b), Defendant BNSF failed to provide any written disclosures regarding its use of such biometric information, the purpose or duration of such use, and also failed to obtain written releases from Plaintiff and the Class members' to originally obtain such biometrics.

36. Prior to storing Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant BNSF failed to make publicly available a retention and destruction schedule for such biometric information.

37. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

38. Defendant BNSF's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant BNSF negligently failed to comply with BIPA.

39. Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

 a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

 b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 4, 2019

Respectfully Submitted,

RICHARD ROGERS, individually and on behalf of a class of similarly situated individuals

By:  /s/ David L. Gerbie
*One of Plaintiff's Attorneys*

Myles McGuire
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

9