**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| *Plaintiff*, | ) No. 19-CV-03083 |
| v. | )<br>)<br>) Hon. Matthew F. Kennelly |
| BNSF RAILWAY COMPANY, a Delaware corporation, | )<br>) **Jury Trial Demanded** |
| *Defendant*. | )<br>) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Richard Rogers ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendant BNSF Railway ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known as "biometrics." 740 ILCS 14/10.

2. Defendant is one of the largest freight railroad networks and railroad operators in North America.

1

3. Defendant requires truck drivers, including Plaintiff, who visit specific facilities to provide their biometric identifiers, in the form of fingerprints and related biometric information, in order to efficiently process individuals and truck drivers into its facilities.

4. The unique nature of biometric identifiers allows private entities, such as Defendant, to instantly gather an unforgeable and accurate signature of visitors to its facilities. Defendant employs this system to expedite entry into its facilities, reduce the length of each visit and increase the amount traffic processed at its facilities each day. This feature makes biometric identification systems a popular choice to verify an individual's identity, increase productivity and improve profit.

5. BIPA provides, *inter alia*, that a private entity, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner it is converted or stored, unless it first:

   a. informs that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. receives a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)–(3).

6. BIPA also requires private entities in possession of biometric information to develop a publicly-available written policy outlining the storage and destruction policies of such

biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

7. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)–(d).

8. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's collective and respective conduct in violating his biometric privacy rights under BIPA.

10. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper.

11. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when individuals determine whether they will provide or withhold their biometrics.

12. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

3

13. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

14. Defendant is a Delaware company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois. Defendant is headquartered in Texas and conducts business throughout Cook County.

15. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendant's facilities in Illinois.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1322(d) *et seq*., because this case is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this instant action.

17. This Court may assert personal jurisdiction over Defendant because it conducts substantial business throughout Illinois, including in this District.

## FACTS SPECIFIC TO PLAINTIFF

18. During the relevant time period, Plaintiff worked as a truck driver for a third party logistics company.

19. Plaintiff's work as a truck driver required him to visit various railyards, including those owned and operated by Defendant, to pick up and drop off various loads. At certain facilities, Plaintiff was required to scan his biometric identifier and/or biometric information into biometrically-enabled identity verification devices and associated technology, such as Defendant's RailPASS mobile application and kiosks (the "Biometric System").

20. Using the Biometric System, Defendant collected, captured, stored, and otherwise obtained biometric identifiers and associated biometric information from Plaintiff and other truck drivers to track their access to its facilities, record which loads are being tendered by drivers to Defendant, and record which loads are being removed by truck drivers from Defendant's facilities.

21. The efficiency and accuracy of systems that collect biometric identifiers allows Defendant to handle incoming and outgoing loads more efficiently than it would be able to using traditional identification and verification methods. Defendant has not uniformly implemented the biometric identifier collection systems, opting instead to use traditional methods of load acceptance and identity verification at other Illinois facilities.

22. In certain facilities, Defendant collects biometric identifiers from drivers, such as Plaintiff, as well as information about their current cargo and vehicle. This information is collected directly through Defendant's Biometric System.

23. The Biometric System allows Defendant to increase its profit by processing shipments which enter and exit its facilities more efficiently than traditional methods of load tracking. Thus Defendant's use of the Biometric System permits Defendant to receive and deliver more loads to and from its facilities each day than would otherwise be possible. The Biometric System also allows Defendant to prevent loss by acquiring an accurate and unforgeable signature from truck drivers, such as Plaintiff, ensuring the proper party has delivered or removed the proper

load. Defendant has furthermore been able to reduce the number of employees monitoring its entry and exit points through its implementation of the Biometric System, thereby reducing its expenses and increasing its cost competitiveness on the amounts it charges its customers to ship loads as compared to competing facilities operated by Defendant's competitors.

24. As such, Defendant's Biometric System increased productivity and efficiency at the cost of collecting, capturing, and storing the biometric information of Plaintiff and other Class members in violation of BIPA.

25. Although Defendant collected, captured, and stored biometric identifiers and biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, failed to make publicly available any retention or destruction policies, and failed to obtain informed written consent from Plaintiff and other similarly situated individuals, all in violation of BIPA.

26. Defendant further failed to obtain Plaintiff's and other truck drivers' informed consent prior to disseminating their biometric information to any of its technology vendors in violation of BIPA.

27. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass (unless otherwise noted, "Class") defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant BNSF within the state of Illinois any time within the applicable limitations period.

29. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

30. There are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

31. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

32. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a.    Whether the Biometric System collects, captures, or otherwise obtains biometric identifiers or biometric information;

    b.    Whether any biometric information is generated or otherwise derived from the Biometric System;

    c.    Whether Defendant disseminates biometric information;

    d.    Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

    e.    Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or

7

    biometric information;

  f. Whether Defendant's conduct violates BIPA;

  g. Whether Defendant's BIPA violations are willful or reckless; and

  h. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

33. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

34. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

35. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class and against Defendant BNSF)**

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Defendant is a private entity under BIPA.

38. In order to maintain access records, improve efficiency, verify logistical information, and identify visitors to its facilities, Defendant obtains and relies on data and information derived from biometric identifiers, *i.e.* biometric information.

39. Defendant collects, captures, stores, transfers, and/or uses Plaintiff's and Class Members' biometric identifiers and/or biometric information through its Biometric System.

40. Prior to obtaining Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(b), Defendant negligently, recklessly, or intentionally failed to provide any written disclosures regarding its use of such biometric information, the purpose or duration of such use, and also failed to obtain written releases from Plaintiff and the Class members to obtain such biometrics.

41. While storing Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant negligently, recklessly, or intentionally failed to make publicly available a retention and destruction schedule for such biometric information.

42. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

43. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA in the course of its conduct, or omissions, as set forth herein.

44. Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: July 12, 2019

Respectfully Submitted,

RICHARD ROGERS, individually and on behalf of a class of similarly situated individuals

By: /s/ David L. Gerbie
*One of Plaintiff's Attorneys*

Myles McGuire
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*