**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

RICHARD ROGERS, individually, and on behalf of similarly situated individuals,

        Plaintiff,

    v.

BNSF RAILWAY COMPANY,

        Defendant.

Case No. 1:19-cv-03083

Honorable Matthew F. Kennelly

---

**DEFENDANT BNSF RAILWAY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

---

Defendant BNSF Railway Company ("BNSF"), by and through its attorneys, answers and otherwise responds to Plaintiff Richard Rogers' First Amended Class Action Complaint ("Complaint") as follows:

1.    BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known as "biometrics." 740 ILCS 14/10.

**ANSWER:**  BNSF admits that the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), defines "biometric identifier" to include a "fingerprint" or "scan of hand or face geometry" and that BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual," 740 ILCS 14/10, but denies that, taken alone, these sections accurately reflect the totality of the statute.  BNSF denies that BIPA defines "biometric identifier" as "any personal feature that is unique to an individual" and denies the remaining allegations in Paragraph 1.

2.    Defendant is one of the largest freight railroad networks and railroad operators in North America.

**ANSWER**:  BNSF admits the allegations in Paragraph 2.

3.    Defendant requires truck drivers, including Plaintiff, who visit specific facilities to provide their biometric identifiers, in the form of fingerprints and related biometric information, in order to efficiently process individuals and truck drivers into its facilities.

**ANSWER**:  BNSF denies the allegations in Paragraph 3.  Answering further, BNSF contracted

with an independent company, Remprex, LLC ("Remprex"), who provides a number of services

at BNSF facilities, including controlling entry to certain BNSF intermodal facilities in Illinois.  *See*

Intermodal Facility Services Master Agreement between BNSF and Remprex (Aug. 1, 2018),

attached as **Exhibit 1**.  To the best of BNSF's understanding, Remprex has incorporated the

collection of certain information from truck drivers into those entry procedures.  BNSF lacks

sufficient knowledge to affirm or deny whether the allegations of Paragraph 3 are true as to

Remprex.  Remprex has been providing services to BNSF at its facilities, including controlling

entry to BNSF facilities in Illinois, since July 1, 2007.

4.    The unique nature of biometric identifiers allows private entities, such as Defendant, to instantly gather an unforgeable and accurate signature of visitors to its facilities. Defendant employs this system to expedite entry into its facilities, reduce the length of each visit and increase the amount traffic processed at its facilities each day. This feature makes biometric identification systems a popular choice to verify an individual's identity, increase productivity and improve profit.

**ANSWER**:  BNSF denies the allegations in Paragraph 4.

5.    BIPA provides, *inter alia*, that a private entity, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner it is converted or stored, unless it first:

a.    informs that person in writing that biometric identifiers or biometric information will be collected or stored;

> b.     informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and
>
> c.     receives a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)–(3).

**ANSWER:**  BNSF admits that Plaintiff summarizes select portions of 740 ILCS 14/5(b), but denies that, taken alone, these sections accurately reflect the totality of the statute.  BNSF denies that it is a "private entity" liable under BIPA and denies the remaining allegations in Paragraph 5.

> 6.     BIPA also requires private entities in possession of biometric information to develop a publicly-available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

**ANSWER:**  BNSF admits that Plaintiff summarizes select portions of 740 ILCS 14/5(a), but denies that, taken alone, this section accurately reflect the totality of the statute.  BNSF denies the remaining allegations in Paragraph 6.

> 7.     Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)–(d).

**ANSWER:**  BNSF admits that Plaintiff summarizes select portions of 740 ILCS 14/5(c)-(d), but denies that, taken alone, these sections accurately reflect the totality of the statute.  BNSF denies the remaining allegations in Paragraph 7.

> 8.     Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

**ANSWER:**  BNSF admits that language similar to the language used in Paragraph 8 appears in a portion of 740 ILCS 14/5(c), but denies that, taken alone, these sections accurately reflect the totality of the statute.  BNSF denies that Plaintiff accurately quotes 740 ILCS 14/5(c) and denies the remaining allegations in Paragraph 8.

> 9.  Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's collective and respective conduct in violating his biometric privacy rights under BIPA.

**ANSWER:**  BNSF admits that Paragraph 9 contains a characterization of Plaintiff's case and that Plaintiff seeks damages and other remedies for purported violations of BIPA, but denies that BNSF engaged in any wrongdoing, denies that it has violated BIPA, denies that it has violated Plaintiff's "biometric privacy rights," and denies that Plaintiff is entitled to any relief.  BNSF denies the remaining allegations in Paragraph 9.

> 10.  Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper.

**ANSWER:**  BNSF denies the allegations in Paragraph 10.

> 11.  BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when individuals determine whether they will provide or withhold their biometrics.

**ANSWER:**  BNSF denies the allegations in Paragraph 11.

> 12.  The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

**ANSWER:**  BNSF denies the allegations in Paragraph 12.

> 13.  On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

**ANSWER:**  BNSF admits that Paragraph 13 contains a characterization of Plaintiff's case and that Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801, but denies that BNSF engaged in

- 4 -

any wrongdoing, denies that it has violated BIPA, denies that this case is suitable for class treatment, denies that Plaintiff is similarly situated to other unnamed individuals, and denies that Plaintiff is entitled to any relief. BNSF denies the remaining allegations in Paragraph 13.

14.     Defendant is a Delaware company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois. Defendant is headquartered in Texas and conducts business throughout Cook County.

**ANSWER:** BNSF admits the allegations in Paragraph 14.

15.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendant's facilities in Illinois.

**ANSWER:** BNSF lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 15 and therefore denies the same.

16.     This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1322(d) *et seq*., because this case is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this instant action.

**ANSWER:** BNSF admits the allegations in Paragraph 16.

17.     This Court may assert personal jurisdiction over Defendant because it conducts substantial business throughout Illinois, including in this District.

**ANSWER:** BNSF admits that this Court may assert specific personal jurisdiction over BNSF in this case and that BNSF conducts business in the state of Illinois and in this District. BNSF denies the remaining allegations in Paragraph 17.

18.     During the relevant time period, Plaintiff worked as a truck driver for a third party logistics company.

**ANSWER:** BNSF lacks knowledge regarding the allegations in Paragraph 18 and therefore denies them.

19.     Plaintiff's work as a truck driver required him to visit various railyards, including those owned and operated by Defendant, to pick up and drop

off various loads. At certain facilities, Plaintiff was required to scan his biometric identifier and/or biometric information into biometrically-enabled identity verification devices and associated technology, such as Defendant's RailPASS mobile application and kiosks (the "Biometric System").

**ANSWER:** BNSF lacks knowledge or information sufficient to form a belief regarding the truth of the allegations as to the first sentence in this Paragraph and therefore denies the same. BNSF denies all the remaining allegations in Paragraph 19. Answering further, BNSF contracted with an independent company, Remprex, LLC ("Remprex"), who provides a number of services at BNSF facilities, including controlling entry to certain BNSF intermodal facilities in Illinois. *See* Intermodal Facility Services Master Agreement between BNSF and Remprex (Aug. 1, 2018), attached as **Exhibit 1**. To the best of BNSF's understanding, Remprex has incorporated the collection of certain information from truck drivers into those entry procedures. BNSF lacks sufficient knowledge to affirm or deny whether the allegations of Paragraph 19 are true as to Remprex. Remprex has been providing services to BNSF at its facilities, including controlling entry to BNSF facilities in Illinois, since July 1, 2007.

20. Using the Biometric System, Defendant collected, captured, stored, and otherwise obtained biometric identifiers and associated biometric information from Plaintiff and other truck drivers to track their access to its facilities, record which loads are being tendered by drivers to Defendant, and record which loads are being removed by truck drivers from Defendant's facilities.

**ANSWER:** BNSF denies the allegations in Paragraph 20.

21. The efficiency and accuracy of systems that collect biometric identifiers allows Defendant to handle incoming and outgoing loads more efficiently than it would be able to using traditional identification and verification methods. Defendant has not uniformly implemented the biometric identifier collection systems, opting instead to use traditional methods of load acceptance and identity verification at other Illinois facilities.

**ANSWER:** BNSF denies the allegations in Paragraph 21.

22. In certain facilities, Defendant collects biometric identifiers from drivers, such as Plaintiff, as well as information about their current cargo and

vehicle. This information is collected directly through Defendant's Biometric System.

**ANSWER:** BNSF denies the allegations in Paragraph 22.

23. The Biometric System allows Defendant to increase its profit by processing shipments which enter and exit its facilities more efficiently than traditional methods of load tracking. Thus Defendant's use of the Biometric System permits Defendant to receive and deliver more loads to and from its facilities each day than would otherwise be possible. The Biometric System also allows Defendant to prevent loss by acquiring an accurate and unforgeable signature from truck drivers, such as Plaintiff, ensuring the proper party has delivered or removed the proper load. Defendant has furthermore been able to reduce the number of employees monitoring its entry and exit points through its implementation of the Biometric System, thereby reducing its expenses and increasing its cost competitiveness on the amounts it charges its customers to ship loads as compared to competing facilities operated by Defendant's competitors.

**ANSWER:** BNSF denies the allegations in Paragraph 23.

24. As such, Defendant's Biometric System increased productivity and efficiency at the cost of collecting, capturing, and storing the biometric information of Plaintiff and other Class members in violation of BIPA.

**ANSWER:** BNSF denies the allegations in Paragraph 24.

25. Although Defendant collected, captured, and stored biometric identifiers and biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, failed to make publicly available any retention or destruction policies, and failed to obtain informed written consent from Plaintiff and other similarly situated individuals, all in violation of BIPA.

**ANSWER:** BNSF denies the allegations in Paragraph 25.

26. Defendant further failed to obtain Plaintiff's and other truck drivers' informed consent prior to disseminating their biometric information to any of its technology vendors in violation of BIPA.

**ANSWER:** BNSF denies the allegations in Paragraph 26.

27. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

**ANSWER:** BNSF denies the allegations in Paragraph 27.

28.     Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass (unless otherwise noted, "Class") defined as follows:

**Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant BNSF within the state of Illinois any time within the applicable limitations period.

**ANSWER**:  BNSFs admits that Paragraph 28 contains a characterization of Plaintiff's case and that Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801 *et seq.*, but denies that BNSF engaged in any wrongdoing, denies that it has violated BIPA, denies that this case is suitable for class treatment, denies that Plaintiff is similarly situated to other unnamed individuals, and denies that Plaintiff is entitled to any relief.  BNSF denies the remaining allegations in Paragraph 28 and denies that this case can be maintained as a class action.

29.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

**ANSWER**:  BNSF admits that Plaintiff seeks to exclude the individuals identified in Paragraph 29 from the putative class Plaintiff seeks to represent.  Except as so admitted, BNSF denies the allegations in Paragraph 29 and denies that this case can be maintained as a class action.

30.     There are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

**ANSWER**:  BNSF denies the allegations in Paragraph 30 and denies that this case can be maintained as a class action.

31.     Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

**ANSWER:** BNSF denies the allegations in Paragraph 31 and denies that this case can be maintained as a class action.

32.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.     Whether the Biometric System collects, captures, or otherwise obtains biometric identifiers or biometric information;

b.     Whether any biometric information is generated or otherwise derived from the Biometric System;

c.     Whether Defendant disseminates biometric information;

d.     Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

e.     Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

f.     Whether Defendant's conduct violates BIPA;

g.     Whether Defendant's BIPA violations are willful or reckless; and

h.     Whether Plaintiff and the Class are entitled to damages and injunctive relief.

**ANSWER:** BNSF denies the allegations in Paragraph 32 and denies that this case can be maintained as a class action.

33.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**ANSWER:** BNSF denies the allegations in Paragraph 33 and denies that this case can be maintained as a class action.

34.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

**ANSWER:**  BNSF denies the allegations in Paragraph 34 and denies that this case can be maintained as a class action.

35.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER:**  BNSF denies the allegations in Paragraph 35 and denies that this case can be maintained as a class action.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*
### (On behalf of Plaintiff and the Class and against Defendant BNSF)

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**  BNSF incorporates the foregoing responses as if fully set forth herein.

37.     Defendant is a private entity under BIPA.

**ANSWER:**  BNSF admits that it is a "private entity" as defined by BIPA, but denies that it has violated BIPA or is in any way liable to Plaintiff.

38.     In order to maintain access records, improve efficiency, verify logistical information, and identify visitors to its facilities, Defendant obtains and relies on data and information derived from biometric identifiers, *i.e.* biometric information.

**ANSWER:**  BNSF denies the allegations in Paragraph 38.

39.     Defendant collects, captures, stores, transfers, and/or uses Plaintiff's and Class Members' biometric identifiers and/or biometric information through its Biometric System.

- 10 -

**ANSWER:** BNSF denies the allegations in Paragraph 39.

40. Prior to obtaining Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(b), Defendant negligently, recklessly, or intentionally failed to provide any written disclosures regarding its use of such biometric information, the purpose or duration of such use, and also failed to obtain written releases from Plaintiff and the Class members to obtain such biometrics.

**ANSWER:** BNSF denies the allegations in Paragraph 40.

41. While storing Plaintiff's and the Class members' biometric information, and in violation of 740 ILCS 14/15(a), Defendant negligently, recklessly, or intentionally failed to make publicly available a retention and destruction schedule for such biometric information.

**ANSWER:** BNSF denies the allegations in Paragraph 41.

42. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

**ANSWER:** BNSF admits that Plaintiff summarizes select portions of 740 ILCS 14/20, but denies that, taken alone, these sections accurately reflect the totality of the statute. BNSF denies the remaining allegations in Paragraph 42.

43. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA in the course of its conduct, or omissions, as set forth herein.

**ANSWER:** BNSF denies the allegations in Paragraph 43.

44. Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**ANSWER:** BNSF denies it has engaged in any wrongdoing, denies that it has violated BIPA, denies that this case is suitable for class treatment, denies that Plaintiff is similarly situated to other unnamed individuals, and denies that Plaintiff is entitled to any relief. BNSF denies any remaining allegations in Paragraph 44.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a.    Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b.    Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

    d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    e.    Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

    f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

    g.    Awarding pre- and post-judgment interest, as allowable by law; and

    h.    Awarding such further and other relief as the Court deems just and equitable.

**ANSWER:** BNSF denies it has engaged in any wrongdoing, denies that it has violated BIPA, denies that this case is suitable for class treatment, denies that Plaintiff is similarly situated to other unnamed individuals, and denies that Plaintiff is entitled to any relief. BNSF denies any remaining allegations in this PRAYER FOR RELIEF.

*    *    *

### DEFENDANT BNSF RAILWAY COMPANY'S AFFIRMATIVE DEFENSES

BNSF, without admitting any of the allegations of the Complaint and without admitting or acknowledging that BNSF bears any burden of proof as to any of them, Defendant asserts the following additional defenses. BNSF expressly reserves the right to raise additional defenses, amend its answers and affirmative and other defenses, and assert counterclaims as they may become known through the course of further investigation and discovery:

**First Defense**
**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Second Defense**
**(Statute of Limitations)**

1.      Claims of Plaintiff and the putative class are barred to the extent that they arose outside the applicable statutes of limitations and repose.

2.      Plaintiff and the putative class cannot seek recovery for alleged violations that took place prior to the applicable statute of limitations.

**Third Defense**
**(No Relationship to BNSF)**

The claims of Plaintiff and the putative class are barred to the extent Plaintiff and the putative class were not employed by BNSF and/or have no relationship with BNSF.

**Fourth Defense**
**(BNSF Not Liable for Acts of Third Parties)**

1.      To the extent that Plaintiff and the putative class suffered any damages, such resulted, in whole or in part, from their own conduct and/or the conduct of third parties.

2.      BNSF is not jointly and severally liable for the actions of third parties, including Remprex, whether through operation of *respondeat superior*, the law of agency, alter ego, common law joint and several liability, or any other theory of liability.

3.      Remprex is not the agent or alter ego of BNSF as Remprex is an independent contractor and an independent business, who provides a number of services at BNSF facilities, including controlling entry to BNSF facilities in Illinois.

4.      Any alleged activity related to "processing individuals and truck driver into BNSF facilities" and the alleged use of "fingerprints" would have been provided to and at the request of Remprex.

5.      To the extent Plaintiff alleges that BNSF is liable for the acts of Remprex regarding compliance with BIPA, Plaintiff's claims are barred.

### Fifth Defense
### (No Negligent, Intentional, or Reckless Conduct)

Plaintiff's claims are barred in whole or in part by BNSF's good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to BNSF's conduct, BNSF is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless

### Sixth Defense
### (No Punitive or Exemplarily Damages)

BNSF acted at all times in good faith and without malice, willfulness, or reckless indifference, barring any recovery of punitive or exemplary damages by Plaintiff and the putative class.

**Seventh Defense**
**(Consent)**

To the extent Plaintiff alleges that BNSF is liable because Plaintiff's and/or putative class members' biometric information was collected without their consent, such claims are barred because Plaintiff and/or putative class members voluntarily consented (either implicitly or expressly) to the collection of such information.

**Eighth Defense**
**(No Attorneys' Fees)**

1.     Any request by Plaintiff of the putative class for attorneys' fees is contrary to public policy, and Plaintiff and/or the putative class cannot prove they are entitled to attorneys' fees for purported violations of BIPA.

2.     Plaintiff and the putative class can recover attorneys' fees under BIPA only if they are the "prevailing party."  *See* 740 ILCS 14/20.

3.     Because Plaintiff's claims are unfounded, Plaintiff is not the "prevailing party" under BIPA and therefore is not entitled to attorneys' fees.

**Ninth Defense**
**(No Ratification)**

Plaintiff and the putative class are not entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice(s) occurred, which BNSF denies, such practice(s) was/were prohibited by BNSF's policies and was/were not committed, countenanced, ratified, or approved by BNSF.

**Tenth Defense**
**(Not Reasonable Estimate of Actual Damages)**

The claims of Plaintiff and the putative class are barred because the recovery requested would not be a reasonable estimate of any actual damages, but instead would amount to a disparate penalty, akin to punitive damages for strict liability, given that Plaintiff and the putative class members have not suffered any injury or incurred any harm to warrant such relief.

**Eleventh Defense**
**(Failure to Mitigate Damages)**

Plaintiff and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

**Twelfth Defense**
**(Substantial Compliance)**

The claims of Plaintiff and the putative class are barred because Defendant substantially complied with BIPA.

**Thirteenth Defense**
**(Injunctive Relief Not Warranted)**

The claims of Plaintiff and the putative class for injunctive relief are barred as there is no danger of immediate, irreparable harm.

**Fourteenth Defense**
**(Adequate Remedy at Law)**

To the extent the Complaint seeks equitable relief against BNSF, such claims are barred because Plaintiff has adequate remedies at law. Specifically, the Complaint alleged that Plaintiff and the putative class are entitled to damages for alleged violation of BIPA, which will result in monetary recovery if any such alleged violations are proven.

**Fifteenth Defense**
**(Unconstitutional)**

Any award of statutory or punitive damages would constitute an unconstitutional penalty under the circumstances of this case, and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Illinois Constitution.

**Sixteenth Defense**
**(No Extraterritorial BIPA Application)**

The claims of Plaintiff and the putative class are barred, in whole or in part, on the grounds and to the extent they require the extraterritorial application of BIPA and/or violate the Dormant Commerce Clause.

**Seventeenth Defense**
**(Class Action Jury Trial Unconstitutional)**

As a matter of constitutional right and substantive due process, BNSF would be entitled to contest by jury its liability to any particular individual plaintiff, even if the representative of the purported plaintiff class prevails on her claims. Trying this case as a class action would violate the U.S. Constitution and the Illinois Constitution.

**Eighteenth Defense**
**(Preempted by the Interstate Commerce Commission Termination Act)**

Plaintiff and putative class members' claims are preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101 *et seq*.

**Nineteenth Defense**
**(Preempted by the Federal Railroad Safety Act)**

Plaintiff and the putative class members' claims are preempted by the Federal Railroad Safety Act, 49 U.S.C. § 20101 *et seq.*

**Twentieth Defense**
**(Preempted by the Federal Aviation Administration Authorization Act)**

Plaintiff and the putative class members' claims are preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c) *et seq.*

**Twenty-first Defense**
**(Setoff and Recoupment)**

To the extent that Plaintiff and the putative class suffered any damages, the claims of Plaintiff and the putative class are subject to setoff and recoupment.

**Twenty-second Defense**
**(Estoppel, Waiver, Laches, Unclean Hands)**

The claims of Plaintiff and the putative class are barred by estoppel, waiver, laches, unclean hands, and/or other equitable defenses because Plaintiff and putative class members voluntarily participated in the conduct alleged in the Complaint and never objected to the conduct alleged in the Complaint before filing this lawsuit.

**Twenty-third Defense**
**(Barred by Illinois Worker's Compensation Act)**

The claims of Plaintiff and the putative class are barred by the Illinois Worker's Compensation Act.

**Twenty-fourth Defense**
**(No Biometric Information)**

Any information collected from Plaintiff and the putative class does not constitute "biometric information" or "biometric identifiers" under BIPA.

**Twenty-fifth Defense**
**(Assumption of the Risk)**

The claims of Plaintiff and the putative class are barred by the doctrine of primary assumption of the risk.

**Twenty-sixth Defense**
**(Ratification and Acquiescence)**

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiff and the putative class members approved and, in some cases, participated in the complained-of conduct. Accordingly, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

**Twenty-seventh Defense**
**(Failure to Join Required Party)**

Plaintiff has failed to join an indispensable party because he has failed to join Remprex.

**<u>PRAYER</u>**

WHEREFORE, having answered the Complaint, BNSF respectfully requests:

1.     That Plaintiff takes nothing for each and every claim for relief averred in the Complaint;

2.     That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of BNSF and against Plaintiff; and

3.     For such other and further relief as the Court deems just and proper.

- 19 -

Dated: December 5, 2019                    Respectfully submitted,

**BNSF RAILWAY COMPANY**


By:  */s/ Elizabeth B. Herrington*
      By Its Attorneys

      Elizabeth B. Herrington
      Alex D. Berger
      Tyler Z. Zmick
      MORGAN, LEWIS & BOCKIUS LLP
      77 West Wacker Drive
      Chicago, IL  60601-5094
      Telephone: +1.312.324.1000
      Facsimile: +1.312.324.1001
      beth.herrington@morganlewis.com
      alex.berger@morganlewis.com
      tyler.zmick@morganlewis.com

      *Counsel for Defendant BNSF Railway Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth B. Herrington, hereby certify that on this 5th day of December, 2019, I caused

a copy of the foregoing **DEFENDANT BNSF RAILWAY COMPANY'S ANSWER AND**

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION**

**COMPLAINT** to be served upon all counsel of record via the Court's CM/ECF system.


*/s/ Elizabeth B. Herrington*
Elizabeth B. Herrington