```
                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


  RICHARD ROGERS, et al.,              )  Docket No. 19 C 3083
                                       )
                    Plaintiffs,        )
                                       )
               vs.                     )
                                       )
  BNSF RAILWAY COMPANY,                )  Chicago, Illinois
                                       )  November 24, 2020
                    Defendant.         )  9:00 o'clock a.m.


               TRANSCRIPT OF PROCEEDINGS - STATUS
            BEFORE THE HONORABLE MATTHEW F. KENNELLY


  APPEARANCES:



  For the Defendants:    MORGAN, LEWIS & BOCKIUS LLP
                         BY:  MS. ELIZABETH BROOKE HERRINGTON
                              MR. ALEX DAVID BERGER
                         77 West Wacker Drive, Suite 500
                         Chicago, IL 60601
                         (312) 324-1000










  Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                         Official Court Reporter
                         219 S. Dearborn Street, Suite 2102
                         Chicago, Illinois  60604
                         (312) 435-5639
```

```
 1    (The following proceedings were had telephonically:)
 2              THE CLERK:  Case 19 C 3083, Rogers v. BNSF Railway.
 3              THE COURT:  Is anybody on for the plaintiff, and if
 4    so, can you please give your name.
 5              All right.  It's 9:04 just for the record.  This is
 6    the third time we have asked.
 7              Defense counsel, can you please give your names for
 8    the record.
 9              MS. HERRINGTON:  Yes.  Beth Herrington, Morgan Lewis,
10    on behalf of defendant, BNSF.
11              MR. BERGER:  Good morning, Alex Berger, Morgan Lewis,
12    on behalf of BNSF.
13              THE COURT:  Okay.  So I'm looking at the motion to
14    stay that was filed, and I've got some questions about it.
15              So first of all, both of the cases that you're
16    talking about that are pending on interlocutory appeal, one is
17    called Cuff Cothron, C-o-t-h-r-o-n, which the Seventh Circuit
18    just granted 1292(b) certification about two weeks ago, and
19    then the other one is called Tims, T-i-m-s, in which the
20    Illinois appellate court certified and allowed interlocutory
21    appeal back in August.  Those both concern statute of
22    limitations, right?
23              MS. HERRINGTON:  Yes, your Honor.
24              THE COURT:  I know that statute of limitations is
25    pleaded as an affirmative defense, but I'm right, am I not,
```

1 that there hasn't been any kind of a motion in this case filed
2 at this point in time that teed that issue up in any way,
3 shape, or form?
4     MS. HERRINGTON: That's correct, your Honor. When we
5 moved to dismiss, there was no clear guidance at all on the
6 issue, either 1, 2, or 5, and we believe it's going to be
7 decided shortly.
8     THE COURT: And as far as the Illinois appellate
9 court decision or the case, the Tims case, on the record which
10 you say, depending upon which statute of limitations they
11 pick, even if the plaintiff can get past the claim accrual
12 issue, it would affect the size of the class. So unless I'm
13 missing something, I mean, I pushed it back several times.
14 The deadline for even filing the class certification motion
15 isn't until like March, right?
16     MS. HERRINGTON: Yes, that's right. That's right,
17 your Honor.
18     THE COURT: Actually, it's April. It's April 8th.
19     MS. HERRINGTON: Yeah.
20     THE COURT: Yeah.
21     MS. HERRINGTON: Yep.
22     THE COURT: Just given when this motion got filed and
23 where this case is and what has happened and what hasn't
24 happened, I'm just not persuaded that this is a good basis for
25 a stay. I mean, the issue -- I think the statute of

1 limitations issue seems to me could have been in some way teed
2 up for me by some sort of a motion for judgment on the
3 pleadings on something like that. It wasn't. I mean, I
4 acknowledge that the statute of limitations is -- one, two or
5 five years could have an effect, would have an effect on the
6 class, but we're nowhere near even getting a class motion
7 filed yet. The Seventh Circuit case was just granted
8 interlocutory review I think two weeks and one day ago. It's
9 a long way into the future. The Illinois appellate court
10 case, I have no sense of how far along that is, but it can't
11 be very far along because it was only granted interlocutory
12 review in August.
13       This case has been pending and I made the observation
14 on a couple of occasions that it's kind of poking along. I'm
15 just not persuaded that a stay is appropriate, so the motion
16 is denied.
17       So this I think -- I don't think this was -- was
18 today a status hearing too?
19       MS. HERRINGTON: Yes. Yes, it was.
20       THE COURT: It is. Okay.
21       So the motion refers to some stuff that you got going
22 on. And I mean, I understand, and I took into account in
23 denying the motion that there's a bunch of depositions that
24 are going to have to be taken in fairly short order, but the
25 ruling is what it is, and I don't think there's a viable basis

1  for a stay.  So you've got a bunch of deps scheduled for this
2  month and next it looks like, fact-type depositions; is that
3  right?
4              MS. HERRINGTON:  That's right.  I think we've got 15
5  so far.  So we'll take the plaintiff, and then they've noticed
6  up BNSF depositions as well as third parties.
7              THE COURT:  Okay.  Third party presumably being
8  whoever like administered or collected the data or kept the
9  data in question.
10             MS. HERRINGTON:  That's right.  There's a couple
11 companies that did that, and they collected it.
12             THE COURT:  Okay.  All right.  So Melissa, make sure
13 we put in the order that plaintiffs' counsel failed to appear
14 for the status hearing.
15             I'm going to set it for another status hearing kind
16 of toward the end of January, and so let's -- let me just get
17 my calendar up.  Could you do a status at let's say 8:45 on
18 the 27th of January by phone?
19             MS. HERRINGTON:  Great.
20             THE COURT:  1/27 at 8:45.  And then a joint status
21 report is due a week before that, which is the 20th.  Have a
22 good day.
23             MS. HERRINGTON:  Thank you.
24             MR. BERGER:  Thank you.
25             THE COURT:  Bye.

1  (Which were all the proceedings had in the above-entitled
2  cause on the day and date aforesaid.)
3  I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
4
5  Carolyn R. Cox                                    Date
   Official Court Reporter
6  Northern District of Illinois
   /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR
7