IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 19-CV-08083 |
| v. | ) ) ) | Hon. Matthew F. Kennelly |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) ) | |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Richard Rogers ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Second Amended Class Action Complaint against Defendant BNSF Railway ("Defendant" or "BNSF") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known and referred to herein as "biometrics." 740 ILCS 14/10.

1

2. Defendant is one of the largest freight railroad networks and railroad operators in North America.

3. Defendant requires truck drivers, including Plaintiff, who visit its four intermodal facilities located in Illinois, to provide their biometric identifiers in the form of fingerprints and related biometric information as part of the process of accessing the facilities.

4. The unique nature of biometric identifiers allows private entities, such as Defendant, to instantly gather an accurate "signature" of visitors to its facilities.

5. BIPA provides, *inter alia*, that a private entity, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner it is converted or stored, unless it first:

   a. informs that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. receives a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)–(3).

6. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are

2

biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

7. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

8. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures and consent may be accomplished through a single signed sheet of paper or its electronic equivalent. Indeed, other rail operators attempt to gain informed written consent for the collection of biometrics in Illinois.

9. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when individuals determine whether they will provide or withhold their biometrics.

10. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

11. Defendant is a Delaware company that conducts, and is licensed by the Illinois Secretary of State to conduct, business in Illinois. Defendant is headquartered in Texas and conducts business throughout Illinois and Cook County.

12. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and visited Defendant's facilities in Illinois, including within this District.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §1322(d) *et seq*., because this case is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this instant action.

14. This Court may assert personal jurisdiction over Defendant because it conducts substantial business throughout Illinois, including in this District.

**FACTS SPECIFIC TO PLAINTIFF**

15. During the relevant time period, Plaintiff worked as a truck driver for a third-party logistics company.

16. Plaintiff's work as a truck driver required him to visit various railyards, including the Illinois facilities owned and operated by Defendant. At Defendant' facilities, Plaintiff was required to register his biometric identifiers and/or biometric information into biometrically-enabled Auto-Gate Systems that partially control ingress and egress at the facilities.

17. Thereafter, on subsequent visits to Defendant's Illinois facilities, Plaintiff was required to provide his fingerprint to Defendant for scanning.

18. Using the Auto-Gate Systems, Defendant collected, captured, stored, and otherwise obtained biometric identifiers and associated biometric information from Plaintiff and other truck drivers.

19. Although Defendant collected, captured, and stored biometric identifiers and biometric information, it failed to provide any written disclosures describing the purpose and

duration of such use and failed to obtain informed written consent from Plaintiff and other truck drivers prior to collecting, capturing and storing such information, as required by BIPA.

## CLASS ALLEGATIONS

20. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of himself and a class of similarly situated individuals defined as follows:

> All individuals whose fingerprint information was registered using an Auto-Gate System at one of BNSF's four Illinois facilities at any time between April 4, 2014 and January 25, 2020.

21. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

22. There are at least 44,000 members of the Class, making the members of the Class so numerous that joinder of all members is impracticable.

23. Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

24. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a. Whether the Auto-Gate Systems collect, capture, or otherwise obtain biometric identifiers or biometric information;

    b. Whether Defendant owns and/or controls the biometric information captured from the Class;

    c. Whether Defendant obtained informed written consent from the Class before

     capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

  d. Whether Defendant's conduct violates BIPA;

  e. Whether Defendant's BIPA violations were willful or reckless; and

  f. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

25. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

26. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

27. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class and against Defendant BNSF)**

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Defendant is a private entity under BIPA.

30. Defendant collects, captures, receives through trade, or otherwise obtains Plaintiff's and Class members' biometric identifiers and/or biometric information through its Illinois Auto-Gate Systems.

31. In violation of 740 ILCS 14/15(b)(1), Defendant failed to inform Plaintiff and the Class members that their biometric identifiers or biometric information were being collected or stored prior to such collection or storage.

32. In violation of 740 ILCS 14/15(b)(2), Defendant failed to inform Plaintiff and the Class members of the specific purpose and length of term for which their biometric identifiers or biometric information were being collected, stored and used prior to such collection, storage or use.

33. In violation of 740 ILCS 14/15(b)(3), Defendant failed to obtain informed written consent, and thus failed to receive a written release, from Plaintiff and the Class members prior to collecting, capturing, receiving through trade, or otherwise obtaining their biometric identifiers and/or biometric information.

34. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

35. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA in the course of its conduct, or omissions, as set forth herein.

36. Accordingly, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: September 10, 2021    Respectfully Submitted,

RICHARD ROGERS, individually and on behalf of a class of similarly situated individuals

By:   /s/ David L. Gerbie
       *One of Plaintiff's Attorneys*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2021 I filed the foregoing *Plaintiff's Second Amended Complaint* with the Clerk of Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/David L. Gerbie