IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>*Defendant*. | No.19-cv-03083<br><br>Hon. Matthew F. Kennelly |

## **DECLARATION OF DAVID L. GERBIE**

I, David L. Gerbie, hereby aver, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18 and a resident of the state of Illinois. I am an attorney with the law firm McGuire Law, P.C., I am licensed to practice law in the state of Illinois and the Northern District of Illinois, and I am one of the attorneys representing Plaintiff Richard Rogers and the proposed Class in this matter. I am fully competent to make this Declaration and make this Declaration in support of Plaintiff's L.R. 56.1 Response to Defendant's Statement of Material Facts and L.R. 56.1(b)(3)(c) Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment (the "Plaintiff's L.R. 56.1 Response").

2. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 1 is a true and accurate copy of excerpts from the transcript of the December 4, 2020 Deposition of Carlos Reyes, a Director of Technology Services for Defendant.

3. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 2 is a true and accurate copy of excerpts from the transcript of the December 11, 2020 Deposition of Remy Diebes, the President

1

and CEO of Defendant's service provider, Remprex, LLC.

4. Attached to Plaintiff's L.R. 56.1 Response as <u>Exhibit 3</u> is a true and accurate copy of excerpts from the transcript of the December 9, 2020 Deposition of Timothy Ash, Chief Solutions Officer for Defendant's service provider, Remprex, LLC.

5. Attached to Plaintiff's L.R. 56.1 Response as <u>Exhibit 4</u> is a true and accurate copy of the Master Agreement between Defendant and Remprex, LLC that governs those entities' relationship, produced in discovery and labeled REM_000451-000507.

6. Attached to Plaintiff's L.R. 56.1 Response as <u>Exhibit 5</u> is a true and accurate copy of an excerpt from Remprex, LLC's Clerk Console Reference Manual, produced in discovery and labeled REMPREX_0001475.

7. Attached to Plaintiff's L.R. 56.1 Response as <u>Exhibit 6</u> is a true and accurate copy of excerpts from the transcript of the December 17, 2020 Deposition of Jim Pang, a Manager of Network Hub Operations for Defendant BNSF during the relevant time period.

8. Attached to Plaintiff's L.R. 56.1 Response as <u>Exhibit 7</u> is a true and accurate copy of excerpts from the transcript of the January 18, 2021 Deposition of Scott Urban, a founder and former executive of Defendant's technology vendor, Nascent, LLC, who programmed Defendant's AG Systems.

9. Attached to Plaintiff's L.R. 56.1 Response as <u>Exhibit 8</u> is a true and accurate copy of excerpts from the transcript of the January 14, 2021 Deposition of Douglas Gruben, BNSF Director of Hub Operations.

10. Attached to Plaintiff's L.R. 56.1 Response as <u>Exhibit 9</u> is a true and accurate copy of an email chain between BNSF, Remprex, and Nascent which details a "Change Order" whereby BNSF requests Remprex and Nascent to change the AG Systems to allow for paperless processing

of truck drivers in order to save money. This email chain was produced in discovery and labeled REMPREX_0010677-10680.

11. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 10 is a true and accurate copy of an AG System Daily Report for BNSF's Logistics Park Chicago location that shows BNSF branding and was produced in discovery and labeled REMPREX_0006924.

12. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 11 is the supplemental Declaration of Joseph Caruso, one of Plaintiff's digital forensics experts.

13. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 12 is a true and accurate copy of an email chain between Remprex employees in which the technical difficulties of implementing a centralized biometrics database are detailed. This email chain was produced in discovery and labeled REMPREX_0011142-0011145.

14. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 13 is a true and correct copy of the May 7, 2021 report of Global Digital Forensics, Plaintiff's expert report under Fed. R. Civ. P. 26(a)(2).

15. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 14 is a true and accurate copy of Defendant BNSF Railway Company's 2017 Corporate Policy on Confidential Information, produced in discovery and labeled BNSF_00001323 and identifying biometrics as a protected category of information.

16. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 15 is a true and accurate copy of excerpts from the transcript of the December 14, 2020 Deposition of Richard Rogers, the Plaintiff in this matter.

17. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 16 is a true and accurate copy of an email chain produced in discovery wherein Nascent, at the request of BNSF Corwith and

BNSF employee Michael Spagnolo, sent a truck driver's biometric information, in the form of his fingerprint image, via email. This email chain was produced in discovery and labeled REMPREX_00009749-00009754.

18. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 17 is a true and accurate copy of an email chain produced in discovery wherein Remprex personnel ask BNSF executives for permission to disable the biometric component of Defendant's AG Systems. This email chain was produced in discovery and labeled REMPREX_0013009-0013010.

19. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 18, is a true and accurate copy of a weekly efficiency report sent by Remprex to BNSF detailing key performance indicators such as "processing time" which refers to how quickly drivers were let into the facilities, which was produced in discovery and labeled REM_0017454.

20. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 19 is a true and accurate copy of a Smartphone Application Slideshow for Defendant's RailPASS smartphone application that was produced in discovery and labeled REMPREX_0003640

21. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 20 is a true and accurate copy of Defendant BNSF Railway Company's 2014 Corporate Policy on Confidential Information, produced in discovery and labeled BNSF_00001319.

22. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 21 is a true and accurate copy of Defendant BNSF Railway Company's 2015 Corporate Policy on Confidential Information, produced in discovery and labeled BNSF_00001321.

23. Attached to Plaintiff's L.R. 56.1 Response as Exhibit 22 is a true and accurate copy of an email chain produced in discovery and labeled REMPREX_0009896-0009897, wherein BNSF Director of Hub Operations Douglas Gruben asks Remprex employees in an email with the

subject line "AGS Biometrics" to tell him "how the ags biometric data is stored."

24. In August 2020, Plaintiff obtained five Microsoft SQL Server databases in discovery consisting of the information captured and created by each of Defendant's four Illinois AG Systems, and one central database. These databases contain the biometric identifiers and biometric information of the putative Class members who registered their biometrics with BNSF. These databases also contain other identifying information of Class members, including their first and last name, address, driver's license number, a photograph, a scan of their driver's license, date(s) of biometric capture, and date of birth. These databases were subject of much of the Parties' Experts' analysis.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Chicago, Illinois on November 11, 2021

/s/ David L. Gerbie<br>David L. Gerbie