**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD ROGERS, individually and on behalf of similarly situated individuals,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 19 C 3083** |
| **BNSF RAILWAY COMPANY,** | ) ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Richard Rogers has sued BNSF Railway Company on behalf of a putative class for violations of the Illinois Biometric Information Privacy Act (BIPA). The Court assumes familiarity with this case's factual and procedural background. Rogers has moved to certify a class under Federal Rule of Civil Procedure 23(b)(3). The Court grants Rogers's motion for the reasons stated below.

**Discussion**

Rogers has moved to certify the following class of 44,149 members: "All individuals whose fingerprint information was registered using an Auto-Gate System at one of BNSF's four Illinois facilities at any time between April 4, 2014 and January 25, 2020." Pl.'s Mot. for Class Cert. at 6 (dkt. no. 91).

At the class certification stage, the Court does not "adjudicate th[e] case," but rather "select[s] the method best suited to adjudication of the controversy fairly and

efficiently." *Amgen v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013).  In order for the case proceed as a class action, Rogers must show that the proposed class satisfies Rule 23, which sets out the requirements for class certification.  *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859 (7th Cir. 2017).

First, under Rule 23(a), a putative class must satisfy four requirements: numerosity, commonality, typicality, and adequacy of representation.  *See* Fed. R. Civ. P. 23(a)(1)–(4).  Rule 23(a) requires the class to be so numerous that joinder of all members is impracticable; there are common questions of law or fact; the representatives' claims are typical of those of the class; and the representatives fairly and adequately protect the interests of the class.

Second, the proposed class must fall within one of the three categories in Rule 23(b).  *Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011).  Rogers argues for certification under Rule 23(b)(3), which requires finding "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

A.    **Class definition**

Before turning to Rule 23, the Court must first address BNSF's challenge to Rogers's class definition.  BNSF asserts that the proposed class is too broad because it includes an estimated 8,805 individuals whose claims are no longer timely based on the one-and-done claim accrual theory.  *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir. 2012) ("If, however, a class is defined so broadly as to include a great number of members who for some reason could not have been harmed

2

by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification."); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) ("[A] class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant.").

The Court rejects this argument for the reasons previously discussed in the opinion denying BNSF's motion for summary judgment. *See* Memo. Op. & Order at 16–17 (dkt. no. 142). The plain text of section 15(b) does not limit a plaintiff to suing within the statute of limitations after the first violation of the statute. *See Petersen v. Wallach*, 198 Ill. 2d 439, 447, 764 N.E.2d 19, 24 (2002) (explaining that courts must follow a statute's plain language when clear); *see also Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723, 732 (N.D. Ill. 2020) (interpreting section 15(b) as accruing upon every violation). And Rogers's proposed class only includes individuals who had their biometric information captured at least once after April 4, 2014, which is five years before Rogers filed this suit. Thus the proposed class is not facially overbroad. *See Kohen*, 571 F.3d at 677 (explaining that "a class will often include persons who have not been injured by the defendant's conduct" and that "[s]uch a possibility or indeed inevitability does not preclude class certification").

**B.    Rule 23(a)**

As previously stated, Rule 23(a) sets out four requirements for class certification: numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)–(4). BNSF only disputes adequacy of representation. The Court will nonetheless address each of the Rule 23(a) requirements in turn.

3

### 1. Numerosity

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Seventh Circuit has explained that "[t]he key numerosity inquiry . . . is not the number of class members alone but the practicability of joinder." *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 773 (7th Cir. 2021). "Answering that question requires evaluation of the nature of the action, the size of the individual claims, and the location of the members of the class or the property that is the subject matter of the dispute." *Id.* (internal quotations and citations omitted).

As indicated, BNSF does not dispute numerosity. "While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Mulvania*, 850 F.3d at 859. The Court concludes that the proposed class of 44,149 individuals satisfies the numerosity requirement.

### 2. Commonality

Rule 23(a)(2) requires the existence of questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). "[T]he class claims 'must depend on a common contention' that is 'capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 598 (7th Cir. 2021) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

BNSF does not dispute commonality. Rogers asserts that there was a standardized pattern of conduct toward all members of the proposed class: biometric registration during a driver's initial visit to a BNSF facility and biometric scanning upon subsequent visits. This common fact pattern gives rise to common questions of fact

4

and law. *See Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."). The Court concludes that the proposed class satisfies the commonality requirement.

### 3.    Typicality

Rule 23(a) requires the class representative's claims to be typical of those of the potential class members. Fed. R. Civ. P. 23(a)(3). "As a general matter, '[a] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Howard*, 989 F.3d at 605 (quoting *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)) (alteration in original). "The individual claims may feature some factual variations so long as they 'have the same essential characteristics.'" *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006)).

BNSF does not dispute typicality. Rogers's claim is virtually identical to the claims of the proposed class members, as it arises from a uniform course of conduct. The Court concludes that the proposed class satisfies the typicality requirement.

### 4.    Adequacy of representation

A representative party must demonstrate that he "will fairly and adequately protect the interests of the class." *Stampley v. Altom Transp., Inc.*, 958 F.3d 580, 585 (7th Cir. 2020) (internal quotation marks omitted). To demonstrate adequacy of representation, the Court must assess "the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and

separate interests," and "the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). A "named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative." *Stampley*, 958 F.3d at 585 (internal quotation marks omitted).

BNSF challenges the adequacy of Rogers as the named plaintiff based only on the purportedly individual defense that his claim is time-barred. Like its arguments on the class definition, this argument rests on the one-and-done theory of claim accrual. Again, the Court overrules this argument. (That aside, there is every reason to believe that the same defense, if it had merit, would apply to a significant proportion of class members.) If the Illinois Supreme Court ultimately decides differently on the claim accrual issue, the Court is prepared to address whether the contours of the class should be modified and/or whether there should be subclasses with separate representation of each. *See Howard*, 989 F.3d at 610 ("If and when [potential conflicts] become real, the district court can certify subclasses with separate representation of each." (alteration in original)). For now though, the "mere possibility that a trivial level of intra-class conflict may materialize" is not enough to "foreclose[] class certification entirely." *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 813 (7th Cir. 2013).

The Court concludes that Rogers and the class members possess the same interest in vindicating their statutory rights under BIPA such that Rogers adequately represents the class. *See Orr v. Shicker*, 953 F.3d 490, 499 (7th Cir. 2020). The Court further concludes, and BNSF does not dispute, that class counsel have demonstrated their adequacy. *See* Fed. R. Civ. P. 23(g).

**C.      Rule 23(b)**

**1.      Predominance**

Under Rule 23(b)(3), a plaintiff must demonstrate that "questions of law and fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  Predominance is akin to commonality, but it imposes more stringent requirements.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997).  The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Id.*

BNSF does not dispute predominance.  As discussed earlier regarding commonality, the questions of law and fact underlying the class members' BIPA claims are essentially identical and will be premised on common proof.  Specifically, the common issue of demonstrating BNSF operated the AGS and collected biometric information in violation of BIPA will predominate over any potential individualized issues. Accordingly, the Court concludes that the proposed class satisfies the predominance requirement.

**2.      Superiority**

Rule 23(b)(3) limits class certification to cases where the class action device "is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The Supreme Court has explained that this should "cover cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc.*, 521 U.S. at 615.  As a general matter, " [t]he more claimants

there are, the more likely a class action is to yield substantial economies in litigation."

*Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

BNSF does not dispute superiority. The Court concludes that this case is well-suited for class treatment, especially because the claims involve uniform statutory damages and there is no indication that class members' interests would be better served by individually controlling their own actions. Furthermore, consolidating these claims in this forum is particularly appropriate given BIPA is an Illinois statute, and the alleged violations all occurred within Illinois.

### Conclusion

For the foregoing reasons, the Court grants the plaintiff's motion for class certification [dkt. no. 90]. The Court certifies the following class under Rule 23(b)(3):

> All individuals whose fingerprint information was registered using an Auto-Gate System at one of BNSF's four Illinois facilities at any time between April 4, 2014 and January 25, 2020.

The Court also appoints the following attorneys as class counsel: Myles McGuire, Evan M. Meyers, David L. Gerbie, and Brendan Duffner of McGuire Law, P.C. The case is set for a telephonic status hearing on April 1, 2022 at 8:15 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

_____

MATTHEW F. KENNELLY
United States District Judge

Date: March 22, 2022