# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 19-cv-03083<br>)<br>) |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) Hon. Matthew F. Kennelly<br>)<br>) |
| Defendant. | )<br>) |

## **PLAINTIFF'S *UNOPPOSED* MOTION FOR APPROVAL OF CLASS NOTICE PLAN**

Plaintiff Richard Rogers, by and through his undersigned attorneys, hereby moves this Honorable Court for entry of an Order approving his proposed form and method of class notice (the "Class Notice Plan") and directing the Class Notice Plan to be carried out. Plaintiff has met and conferred with Defendant BNSF Railway Company ("BNSF" or "Defendant") regarding the Class Notice Plan, and BNSF does not oppose the relief sought herein. In support of his Motion, Plaintiff states as follows:

## I. INTRODUCTION

On March 22, 2022, the Court granted Plaintiff's Motion for Class Certification (Dkt. 90), and certified the following Class under Fed. R. Civ. P. 23(b):

> All individuals whose fingerprint information was registered using an Auto-Gate System at one of BNSF's four Illinois facilities at any time between April 4, 2014 and January 25, 2020.

(Dkt. 143.) The Court then set the trial in this case to begin on September 19, 2022. (Dkt. 144.) The pretrial conference in this matter is set to occur on September 8, 2022. (Dkt. 154.) Plaintiff now respectfully requests that the Court, pursuant to Fed. R. Civ. P. 23, approve the Class Notice

Plan proposed herein – subject to immaterial typographical and formatting changes – so that certified Class Members may be notified of their rights sufficiently in advance of the upcoming trial.[1] As set forth below, the proposed Class Notice Plan satisfies the requirements of Rule 23 and due process. Notably, due to the thorough nature of the information that was produced in discovery (the "Class Data"), Plaintiff has obtained the full names and addresses of the vast majority of Class Members such that direct notice via first class U.S. Mail is appropriate here.

In addition to direct notice by first class U.S. Mail, Plaintiff's proposed Class Notice Plan also provides for the creation and maintenance of a website dedicated to this litigation, www.BNSFBIPAclassaction.com (the "Case Website"), which will display the Long Form Notice (in both English and Spanish) and other pertinent case documents and will provide instructions for certified Class Members who wish to opt-out of the certified Class. To facilitate the Class Notice Plan, Plaintiff has engaged an experienced and reputable class action administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), which has been approved many times by courts within the Seventh Circuit, including recently by this Court, as a reliable administrator of class notice.[2]

## II. LEGAL STANDARD

With respect to class notice, Rule 23 and due process require "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Hughes v. Kore of Indiana Enter., Inc.,* 731 F.3d 672, 676 (7th Cir. 2013). The purpose of such notice is "to fulfill requirements of due process to which the class action procedure is of course subject." *Proposed*

---

[1] Plaintiff's proposed Long Form Notice, the form and content of which have been approved by Defendant, is attached hereto as Exhibit A.
[2] *See, e.g., Snyder v. Ocwen Loan Servicing, LLC,* 14-cv-8461, 2019 WL 2103379 (N.D. Ill. May 14, 2019) (This Court approving payment to Epiq as the administrator in a class action); *First Impressions Salon, Inc. v. Nat'l Milk Producers Fed'n*, 3:13-CV-00454-NJR, 2020 WL 3163004 (S.D. Ill. Apr. 27, 2020); *Fox v. Iowa Health Sys.,* 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021).

*Amendments to Rules of Civil Procedure for the United States District Courts*, 39 F.R.D. 69, 107 (1966). Due process requires that notice be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974). A reasonable notice effort, one that satisfies both Rule 23 and constitutional due process requirements, should ideally reach at least seventy percent of the class. *T.K. Through Leshore v. Bytedance Tech. Co., Ltd.*, 19-CV-7915, 2022 WL 888943, at \*7 (N.D. Ill. Mar. 25, 2022) (internal quotations omitted), citing Fed. Jud. Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide at 1, 3 (2010).

### III. ARGUMENT

#### A. Direct Notice To The Certified Class Members Is Feasible And Warranted Here.

The cornerstone of the Class Notice Plan is direct notice to the certified Class Members via U.S. Mail, which is to be presented in the form of the Long Form Notice approved by Defendant. As set out in Plaintiff's Motion for Class Certification, when members of the certified Class registered their alleged fingerprint biometrics with the Auto-Gate Systems at BNSF's facilities in in Illinois, they were required to submit numerous categories of personal identifying information ("PII"), including their first and last names, driver's license number, home address, and date of birth. (Dkt. 90, at 11.) Accordingly, for the 44,000+ certified Class Members whose PII is present in the Class Data, the overwhelming majority of them – estimated by Epiq to be approximately 90% – can be reached via U.S. Mail at their home address. (See Decl. of Scott DiCarlo of Epiq, attached hereto as Exhibit B, ¶¶ 4-6.) Thus, the proposed direct U.S. Mail notice easily exceeds the standard for adequate notice and satisfies due process. *T.K. Through Leshore*, 2022 WL 888943, at \*7; *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury*

*Litig.*, 314 F.R.D. 580, 603 (N.D. Ill. 2016) (approving a notice plan that was estimated to reach eighty percent of class members and identifying a range of over seventy percent as acceptable).

Plaintiff proposes that this direct U.S. Mail notice be commenced as soon as is practicable and has submitted the appropriate Class Data to Epiq. (Ex. B, ¶ 4.) Upon processing and reviewing the Class Data, Epiq has estimated that it can provide direct notice via first class U.S. Mail to approximately 90% of the certified Class Members upon approval by the Court of the Notice Plan. (Ex. B, ¶¶ 4-6.) Prior to sending direct notice, Epiq will check all mailing addresses against the National Change of Address ("NCOA") database maintained by the USPS to ensure the address information is up-to-date and accurately formatted for mailing.[3] (Ex. B, ¶ 9.) In addition, the addresses will be certified via the Coding Accuracy Support System to ensure the quality of the zip code, and will be verified through Delivery Point Validation to verify the accuracy of the addresses. (*Id.*) Moreover, for any Notices returned as undeliverable, such Notices will be re-mailed to any new address available through USPS information. (Ex. B, ¶ 10.) Specifically, Notices will be re-mailed to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, but which is still during the period in which the USPS returns the piece with the address indicated, or to better addresses that may be found using a third-party lookup service. (*Id.*) Additionally, a Notice will be mailed to all persons who request one via mail or via the toll-free telephone number to be established and monitored by Epiq. (Ex. B, ¶ 11.) The Notice will also be available to download or print at the Case Website. (*Id.*)

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the USPS. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery point coded addresses, for matches made to the NCOA file for individual, family, and business moves. (Ex. B, n.1.)

### B. The Creation of a Case Website Should Also Be Approved.

In addition to the direct U.S. Mail notice outlined above, Plaintiff also proposes supplemental notice in the form of the creation of the dedicated Case Website, which will display the Long Form Notice and all relevant case documents, important dates, pertinent updates concerning the case, and will include instructions for Class members who seek to submit a request for exclusion via email. (Ex. B, ¶ 12.) The case documents that the Case Website will display include the operative Second Amended Complaint (Dkt. 102), the Court's Order denying Defendant's Motion for Summary Judgment (Dkt. 142), the Court's Order granting Plaintiff's Motion for Class Certification (Dkt. 143), any written order granting the instant Motion and directing notice to proceed, and any subsequent orders of consequence or documents as directed by the Court. (*Id.*) At Class Counsel's request, Epiq has secured the domain name for the Case Website: www.BNSFBIPAclassaction.com. (*Id.*) The Long Form Notice sent via U.S. Mail will direct Class members to the Case Website, which will be created and maintained by Epiq. (*Id.*) The designated email address to which certified Class Members can submit their requests for exclusion will also be established, monitored, and maintained by Epiq. (Ex. B, ¶¶ 12-14.)

### C. The Long Form Notice, The Form And Content Of Which Has Been Agreed To By The Parties, Satisfies Due Process And Should Be Approved.

To satisfy Rule 23(c)(2)(B), class notice must concisely state in plain, easy-to-understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). "The federal judicial center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those

described in the forms." Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c). Ultimately, notice is "adequate if it may be understood by the average class member." Alba Conte & Herbert B. Newberg, 4 Newberg on Class Actions, §11:53, 167 (4th ed. 2002).

Here, the Long Form Notice is based upon the question-and-answer format suggested by the Federal Judicial Center and complies with Rule 23(c)(2)(B) and due process. (*See* Ex. A.) The Long Form Notice uses easy-to-understand language to provide certified Class Members with pertinent information about the lawsuit. (*Id.*) The first page of the Long Form Notice provides a basic description of the nature of the action, outlines the three general courses of action/inaction certified Class Members can take, and highlights the exclusion deadline to the certified Class Members. (Ex. A, at 1-2.) The litigation is further explained in the Answers to Questions 1-4, which describe why individuals are being notified, what a class action is, what parties are involved here, and why this case is a class action. (Ex. A, at 3.) The Answers to Questions 5-8 provide information about the claims at issue and Defendant's response to those claims and inform certified Class Members that the Court has not yet decided who is right and there is no money available. (Ex. A, at 4.) The Answers to Questions 9-10 provide a description of the certified Class and explain how to determine if a person is a member, and, if potential Class members are still unsure as to whether they are included, how to contact Class Counsel to resolve further questions. (Ex. A, at 4-5.)

The Answer to Question 11 provides an explanation of the rights of certified Class Members should they elect to remain Class Members in the action and informs each certified Class Member about the binding effect of a class judgment on them. (Ex. A, at 5.) The Answers to Questions 12-13 explain that the court will exclude from the Class any member who requests exclusion, highlight the deadline and accepted manners for requesting exclusion, and outline the

resulting legal posture of individuals who elect to exclude themselves. (*Id.*) The Answers to Questions 14-16 explain that each certified Class Member is represented by Class Counsel at no cost should they choose to remain in the action, but that they also may enter an appearance through their own counsel and at their own expense if they so desire. (Ex. A, at 5-6.) The Answers to Questions 17-19 explain the upcoming trial and direct certified Class Members to the Case Website for updates regarding the litigation, trial and any potential benefits or relief ultimately obtained. (Ex. A, at 6.) If further information is desired, the Answer to Question 20 informs Class Members that more information is available by calling Class Counsel and/or the class action administrator, rather than the Court or its staff. (Ex. A, at 7.)

In sum, the format and language of the Long Form Notice, which has been approved by Defendant, has been drafted so that it is conveyed in plain language and will be easy to read and readily understood by certified Class Members. (Ex. B, ¶ 8; *See* Ex. A.) As such, Plaintiff's proposed Notice Plan satisfies the requirements of Rule 23 and due process and should be approved by the Court.

WHEREFORE, Plaintiff Richard Rogers respectfully requests that this Court enter an Order: (i) granting this Unopposed Motion for Approval of Class Notice Plan; (ii) directing Plaintiff to issue notice to the Class as proposed herein, subject to immaterial typographical and formatting changes, as appropriate; and (iii) for any such further relief as the Court may deem appropriate and just.

Dated: June 10, 2022                    Respectfully submitted,

                                        RICHARD ROGERS,
                                        individually and on behalf of classes of similarly situated individuals

                                        By: /s/ *David L. Gerbie*
                                        *Class Counsel*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

*Counsel for Plaintiff and the Certified Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 10, 2022, I caused the foregoing *Plaintiff's Unopposed Motion for Approval of Class Notice Plan* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ <u>David L. Gerbie</u>