IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals,<br><br>        Plaintiff,<br><br>  vs.<br><br>BNSF RAILWAY COMPANY,<br><br>        Defendant. | Case No. 19 C 3083 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Richard Rogers has sued BNSF Railway Company on behalf of a putative class for violations of the Illinois Biometric Information Privacy Act (BIPA). The Court assumes familiarity with this case's factual and procedural background. BNSF has moved to certify for interlocutory appeal under 28 U.S.C. § 1292(b) the Court's decision denying BNSF's motion for summary judgment. The Court denies BNSF's motion for the reasons stated below.

### Discussion

In its summary judgment decision, the Court held that none of the federal statutes BNSF cited—the Federal Railroad Safety Act (FRSA), the Interstate Commerce Commission Termination Act (ICCTA), and the Federal Aviation Administration Authorization Act (FAAAA)—preempted Rogers's BIPA claim. *See Rogers v. BNSF Ry. Co.*, No. 19 C 3083, 2022 WL 787955, at *3–6 (N.D. Ill. Mar. 15, 2022). BNSF also

argued that the evidence showed that only its contractor Remprex, and not BNSF, had collected, obtained or stored the class members' biometric information. The Court disagreed, concluding that "a jury could find that BNSF, and not just Remprex, violated BIPA" in light of, among other things, evidence that BNSF employees were involved in the registration of drivers and that BNSF controlled Remprex's operations. *Id.* at *7.

BNSF argues that the Court should certify the order for interlocutory appeal for two reasons. First, BNSF contends a later conflicting decision within the Northern District of Illinois on a similar issue of federal preemption shows a reasonable ground for difference of opinion, such that an interlocutory appeal should be allowed to avoid a "massive penalty," "massive financial liability," and "crippling liability" under BIPA. Def.'s Mot. at 1, 5, 11. Second, BNSF contends that the Court held that BNSF could be vicariously liable for the actions of Remprex, which, BNSF argues, is not authorized under BIPA.

Before certifying a matter for interlocutory appeal, a court must find that "[its] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has described the criteria for granting a section 1292(b) motion as follows:

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (citation omitted).

2

**A.      Preemption**

On the preemption point, BNSF cites to a recent decision by this Court's colleague, Chief Judge Pallmeyer, in which the court held that the Airline Deregulation Act (ADA) preempted the plaintiffs' BIPA claims.  *See Kislov v. Am. Airlines, Inc.*, No. 17 C 9080, 2022 WL 846840 (N.D. Ill. Mar. 22, 2022).  BNSF reasons that the logic of *Kislov* with regard to ADA preemption is equally applicable to FAAAA preemption because the two federal statutes have the same preemptive effect.  *See id.* at *2.  Accordingly, BNSF contends that the two opinions cannot be squared: *Kislov* was decided correctly and *Rogers* incorrectly.

This is insufficient to establish a "substantial ground for difference of opinion" within the meaning of section 1292(b).  If a disagreement between two district judges sufficed, the floodgates would be opened to virtually unlimited interlocutory appeals given the number of sitting district judges.  And this would be so even were the argument confined to a disagreement between two judges within a district, particularly when one considers that the Northern District of Illinois has twenty-one active and eleven senior district judges.  *Cf. Flynn v. Exelon Corp.*, No. 19 C 8209, 2022 WL 267915, at *3 (N.D. Ill. Jan. 28, 2022) ("a *substantial number* of decisions conflicting with the district court's order" could suffice under the contestability criterion (emphasis added)); *Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-CV-815-PPS-MGG, 2019 WL 762510, at *8 (N.D. Ind. Feb. 20, 2019) ("A few conflicting district court opinions . . . [do] not satisfy Section 1292(b)'s contestability requirement.").

BNSF has also not demonstrated how an interlocutory appeal would "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).   The Seventh

3

Circuit has recognized that interlocutory appeals tend to cause unnecessary delays in proceedings and waste judicial resources. *See Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998). Thus, the party seeking an interlocutory appeal must show that "exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). BNSF has not attempted to show how an interlocutory appeal would speed up the litigation.

Furthermore, the Court issued its summary judgment opinion on March 15, 2022, and BNSF waited more than one month to file this motion on April 26, 2022. This delay adds further weight to the Court's conclusion that certification on the issue of preemption is inappropriate. The Court notes, in this regard, that the case was, on April 1, set for trial in mid-September 2022, meaning that if it does not prevail at trial BNSF will have an opportunity for appellate review in fairly short order in any event. This is another reason why allowing an interlocutory appeal, and the resulting delay, at this time would not materially advance the ultimate termination of the case.

Finally, the Court notes that a centerpiece of BNSF's argument—that absent preemption, BIPA will, in this case, impose "crippling" liability—is a point it makes for the first time in its motion to certify. BNSF repeatedly harps on this point in its motion, referring to the potential for "a massive penalty," Def.'s Mot. at 1, "massive financial liability," *id.* at 5, "'staggering' liability," *id.* at 7, "'potentially crippling financial liability,'" *id.* at 8, "a penalty of tens of millions of dollars," *id.*, and "crippling liability," *id.* at 11. But this point was made nowhere—not even once, not even in passing—in the two briefs

4

BNSF filed on the motion for summary judgment. Rather, BNSF's argument on summary judgment focused on (among other things) the cost of compliance, not the amount of a potential award of damages after a trial. There's no basis to certify an order for interlocutory appeal based on a contention that the moving party did not advance when it argued the issue before the Court in the first instance.

**B.     Vicarious liability**

BNSF argues next that the Court erred in holding that BNSF could be vicariously liable for the actions of Remprex. That's a mischaracterization of the Court's ruling; it did no such thing. Rather, the Court denied summary judgment based on conflicting evidence regarding BNSF's direct involvement in registering drivers. *See Rogers*, 2022 WL 787955, at *7. A misreading of a ruling is not a basis to allow an interlocutory appeal. That aside, BNSF did not argue the impropriety of vicarious liability in its summary judgment briefing. In his summary judgment response brief, Rogers argued that BNSF should not "escape liability because it hired Remprex to provide the labor required to [violate BIPA]." Pl.'s Mem. of L. in Opp'n. to Def.'s Mot. for Summ. J. at 23 (dkt. no. 129). But BNSF did not reply by arguing that BIPA does not permit vicarious liability. The point is forfeited, at least as a basis for certification under section 1292(b). *See Sansone v. Brennan*, 917 F.3d 975, 983 (7th Cir. 2019) ("Forfeiture occurs when a party fails to make an argument because of accident or neglect.").

## Conclusion

For the foregoing reasons, the Court denies the defendant's motion to certify an

5

interlocutory appeal under 28 U.S.C. § 1292(b) [dkt. no. 147].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 21, 2022