

FILED
10/12/2022
MMA
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **RICHARD ROGERS, individually and on behalf of a class of other persons similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Case No. 19 C 3083** |
| **BNSF RAILWAY CO.,** | ) ) | |
| **Defendant.** | ) | |

## INSTRUCTIONS TO THE JURY

Date: October 12, 2022

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially.  Each party to the case is entitled to the same fair consideration.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

1

The evidence consists of the testimony and the exhibits, as well as the parties' stipulations.  A stipulation is an agreement that certain facts are true.

Certain testimony was presented by reading a deposition.  You should give this testimony the same consideration that you would give it if the witness had testified here in court.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections are not evidence.  A lawyer has a duty to object when he or she believes a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view about how you should decide the case.

Fourth, the parties' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what was stated in the opening statements and closing arguments, your memory is what counts.

4

Any notes you have taken during this trial are only aids to your memory.   The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-        the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-        the witness's memory;

-        any interest, bias, or prejudice the witness may have;

-        the witness's intelligence;

-        the manner of the witness while testifying;

-        the reasonableness of the witness's testimony in light of all the evidence in the case; and

-        any inconsistent statements or conduct by the witness.

It is proper for an attorney to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses.  You need not accept the testimony of the larger number of witnesses.

You have heard witnesses, Joseph Caruso and David Kalat, who gave opinions about matters requiring special knowledge or skill. You should judge their testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**The parties and the claims**

The named plaintiff in this lawsuit is Richard Rogers. The defendant is BNSF Railway Company.

The lawsuit is a "class action." This means that Mr. Rogers is suing on behalf of himself and other similarly-situated truck drivers whose fingerprints were scanned using an Auto Gate System at BNSF's intermodal railyards in Illinois from April 4, 2014 through January 25, 2020. I will refer to all of these persons collectively as "the plaintiffs."

The lawsuit is filed under a law called the Illinois Biometric Information Privacy Act, which I will refer to as the BIPA. The provision of the BIPA that is relevant in this case states that no private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

-        informs the person in writing, before collecting or storing their biometric identifier(s) or information, that the biometric information is being collected or stored;

-        informs the person in writing of the specific purpose for which their biometric identifier(s) or information will be collected, stored, or used, and the length of time for which the biometric identifier(s) or information will be collected, stored, or used; and

-        receives an informed written consent from the person authorizing it to collect, store, and use their biometric identifier(s) or biometric information.

The plaintiffs contend that BNSF violated one or more of these three requirements. BNSF contends that it did not violate any of these requirements.

**Preponderance of the evidence**

In these instructions, I will use the term "preponderance of the evidence." When I say that a party has to prove a proposition by a preponderance of the evidence, I mean that the party must persuade you that the proposition is more probably true than not true.

**What the plaintiff must prove**

To prevail on their claims against BNSF, the plaintiffs must prove both of the following propositions by a preponderance of the evidence:

1.      BNSF itself, or through an agent, collected, captured, purchased, received through trade, or otherwise obtained the plaintiffs' biometric identifier(s) or biometric information; and

2.      BNSF itself, or through an agent, failed to do one or more of the following:

(a)      inform the plaintiffs in writing, before collecting or storing their biometric identifier(s) or information, that the biometric information was being collected or stored;

(b)      inform the plaintiffs in writing of the specific purpose and length of time for which their biometric identifier(s) or information was being collected, stored, or used; or

(c)      receive a written informed consent signed by the plaintiffs.


As used in this instruction:

-      the term "biometric identifier" includes a fingerprint;

-      the term "biometric information" includes any information, regardless of how it is captured, converted, stored, or shared, based on an individual's fingerprint used to identify an individual; and

-      the term "agent" will be defined in a later instruction.

**Negligent / reckless / intentional violation of the BIPA**

If you find that BNSF violated the BIPA in one or more ways, you must then determine if the plaintiffs have proven by a preponderance of the evidence that BNSF's violation was negligent, reckless, or intentional and, if so, how many negligent and reckless or intentional violations of the BIPA the plaintiffs have proven. You will see a question about this on the verdict form.

You will not be called upon to award damages to the plaintiffs if you find in their favor. I will determine the damage award, if any, based on your findings as set out on the verdict form.

BNSF acted "negligently" if it failed to do something that a reasonably careful person or entity would do, or did something that a reasonably careful person or entity would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person or entity would act under the circumstances. That is for you to decide.

BNSF acted "recklessly" if it consciously disregarded or was utterly indifferent to the plaintiffs' rights.

BNSF acted "intentionally" if it intended to violate the law.

The question of whether BNSF acted negligently, recklessly, or intentionally must be determined for each particular collection of biometric information or identifiers that you find violated the BIPA. The question is whether BNSF acted negligently, recklessly, or intentionally at the time of the particular collection. In deciding this issue, you may consider all of the evidence presented in the case.

13

**Corporation acts through its agents**

BNSF is a corporation and, as such, can act only through its officers, employees, and agents. An action or omission of a BNSF officer or employee within the scope of their employment is the action or omission of BNSF. An action or omission of an agent of BNSF within the scope of its agency is the action or omission of BNSF.

**Agent or independent contractor**

The plaintiffs contend, among other things, that BNSF is responsible for the actions and/or inaction of a company called Remprex with regard to collecting, capturing, purchasing, receiving through trade, or otherwise obtaining biometric identifiers or biometric information because Remprex was acting as an agent of BNSF on these tasks. BNSF denies that Remprex was acting as an agent and contends that Remprex was an independent contractor.

An agent is a company that, by oral or written agreement with another company called the principal, manages some affair or does some service for the principal, with or without compensation. If BNSF had the right to control the actions of Remprex with regard to collecting, capturing, purchasing, receiving through trade, or otherwise obtaining biometric identifiers or biometric information, then you may find that a principal-agent relationship existed, even though the right to control may not have been exercised.

An independent contractor is a company that undertakes a specific job, where the company that hired it does not have the right to direct and control the method and manner of doing the work.

The existence of a contract identifying a company as an independent contractor is not conclusive on the question of whether the company was an independent contractor for the particular task or tasks that are at issue. You will have to consider all of the evidence bearing on the issue, including the contract.

The principal is liable to others for the negligent, reckless, or intentional conduct of its agent in the transaction of the business of the principal, if the agent itself is liable.

15

However, a company that engages an independent contractor is not liable to others for the negligent, reckless, or intentional conduct of the independent contractor.

**Agent – scope of authority**

One question you may have to decide is whether Remprex was acting within the scope of its authority.  An agent acts within the scope of its authority if it is engaged in an activity that has been assigned to it by the principal, or if it does something that may reasonably be said to have been contemplated as a part of that activity that benefits the principal.  The principal need not have expressly authorized the agent's action or failure to act.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror.  The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer.  The note should be signed by the presiding juror or by one or more members of the jury.  To have a complete record of this trial, it is important that you not communicate with me except by a written note.  I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes.  In other words, do not tell me that you are split 6-4, or 7-3, or whatever your vote happens to be.

A verdict form has been prepared for you.  You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror.  Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The ten of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**VERDICT FORM – Case No. 19 C 3083**

We, the jury, find as follows on the claim of the plaintiffs, Richard Rogers and the

class of similarly situated persons, against the defendant, BNSF Railway Company:

(check one)

_____          In favor of the plaintiffs

_____          In favor of BNSF

(Answer the following question only if you have found in favor of the plaintiffs)

How many times do you find that
BNSF violated the BIPA negligently?          _____

How many times do you find that BNSF
violated the BIPA recklessly or intentionally?          _____
(Do not include any violations that
you have determined to be negligent)

**Please sign and date the form below:**

_____          _____
Presiding juror

_____          _____


_____          _____


_____          _____


_____          _____


Date:  October ____, 2022

22