IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) No. 19-CV-03083 ) |
| v. | ) ) ) Hon. Matthew F. Kennelly |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) |
| *Defendant.* | ) ) |

**PLAINTIFFS' RESPONSE TO BNSF'S MOTION
TO APPROVE BOND AND STAY ENFORCEMENT OF JUDGMENT**

Plaintiff Richard Rogers, individually and on behalf of the Certified Class ("Plaintiffs"), through undersigned counsel, hereby respectfully respond to BNSF's Motion to Approve Bond and Stay Enforcement of Judgment ("Motion") as follows:

1. Plaintiffs have no objection to a bond in lieu of enforcement, nor any doubt about BNSF's ability to satisfy a judgment if it were so inclined.

2. Plaintiffs' concern, however, is that the instrument attached to BNSF's Motion does not appear to be an unconditional promise to pay in the event BNSF's forthcoming appeal is denied.

3. Under the law, Plaintiffs are entitled to no less. *Lightfoot v. Walker,* 797 F.2d 505 (7th Cir. 1986). The fact that BNSF and its affiliated companies have more than enough cash to pay the judgment is not the relevant factor. Plaintiffs are instead entitled to written assurances that they will be paid without discretion or conditions,

and without unreasonable delay, should the judgment be affirmed. *Sorrano v. New York Life Ins. Co.*, 2006 WL 1005902 (N.D.Ill. April 13, 2006) (Guzman, J.) (denying insurance behemoth's motion to waive bond for $20M judgment because, even though it clearly had the money, it failed to satisfy its burden to show that the funds would be readily paid as soon as the verdict was affirmed).[1]

4. When BNSF's counsel first shared a draft of its Motion and sought to have it granted by agreement, Plaintiff's counsel expressed their concerns about the language of the proposed bond during a phone conference on November 7, 2022. Plaintiffs' counsel subsequently sent the following confirming email:

> Hi Claire,
> Thanks for talking this evening to Steve [Art] and I.
> We obviously have no objection to a bond. However, as we mentioned on the phone, we are having trouble seeing where this proposed instrument makes an unconditional promise to pay in the event your client's appeal is unsuccessful. Given the size of the judgment and the possibility (however remote) of strategic bankruptcy, it is important that we get this right.
> It was our understanding that your client's intention is to provide an unconditional promise by Ber[k]shire Hathaway to pay in the event the judgment is affirmed. That being our mutual goal, it seems to me that we can get there and get this done. If your client sends a revised draft that makes that promise, we can likely do this by agreement. If you would prefer that we propose language, we can do that too.
> In the meantime, as we said on the phone, you have our assurance that Plaintiffs' counsel will not make any moves to enforce the judgment until we are able to resolve the issue, involving the Court if necessary.
> Thanks again.
> Jon

---

[1] The concern is not purely academic. Another very solvent Texas-based company (Johnson & Johnson) just escaped liability by orchestrating an opportunistic bankruptcy reorganization strategy, by all appearances without missing a beat. *See* https://www.newyorker.com/magazine/2022/09/19/johnson-johnson-and-a-new-war-on-consumer-protection (referring to the strategy as the "Texas two-step").

2

*See* Exhibit A.

  5. BNSF proceeded to file its Motion later that day (R.232) without further communication or response from Defendant.

  6. The following day (November 8), counsel for BNSF sent an email stating her view that the proposed document satisfies Rule 62 and the Local Rule governing bonds. *See* Exhibit B. Counsel also stated that this Court approved the same language several years ago in a case called Morris v. BNSF, and contended that the proposed document "provides assurances that the full amount of the bond is available to satisfy the judgment if BNSF does not prevail on appeal." Id. ("The first paragraph of the bond states that BNSF and Berkshire Hathaway Specialty Insurance Company 'bind ourselves, our successors and assigns, jointly and severally' for the payment of the bond. And the 'now therefore' paragraph makes clear that the bond remains in full force and effect unless BNSF pays 'all costs, disbursements and judgments incurred.'").

  7. BNSF's attempted assurances have not resolved the concerns. Perhaps Plaintiffs' counsel are missing something, but we continue to fail to see where exactly this document contains an unconditional promise to pay the judgment if BNSF loses its appeal, as required by law. Even the description in BNSF's counsel's email referenced above falls short of an unconditional promise to pay based on the occurrence of an event. Plaintiffs respectfully submit that unless and until BNSF submits a form of bond that accomplishes that goal, and unless and until this Court is satisfied that BNSF's proposed bond contains an unconditional promise to pay the judgment promptly and without delay in the event the appeal fails, BNSF's Motion should be denied. *Starma v. Peterson,* 537 F. Supp. 668, 670-71 (N.D. Ill. 1982); *Preston v. Thompson,* 565 F. Supp. 310, 317-18 (N.D.Ill. 1983).

Dated: November 16, 2022

Respectfully submitted,

RICHARD ROGERS, individually and on behalf of the Certified Class

By: /s/ Jon Loevy
*One of Plaintiff's Attorneys*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

Jon Loevy
Michael I. Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
Tel: (312) 243-5900
jon@loevy.com
mike@loevy.com

*Attorneys for Plaintiff and the Certified Class*