# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD ROGERS, individually and on behalf of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>        Defendant. | Case No. 1:19-cv-03083<br><br>Honorable Matthew F. Kennelly |

## DEFENDANT BNSF RAILWAY COMPANY'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant BNSF Railway Company submits this Notice of Supplemental Authority to apprise the Court of the Supreme Court of Illinois decision in *Cothron v. White Castle System, Inc.*, 2023 IL 128004 (Feb. 17, 2023) (attached as Exhibit A), which is relevant to issues raised in post-trial briefing in two ways.

First, *Cothron* holds "that a separate claim accrues under the [Illinois Biometric Information Privacy] Act each time a private entity scans … an individual's biometric identifier or information in violation of section 15(b)." *Id.* ¶ 1. That aspect of the court's decision addresses the statute of limitations defenses preserved in BNSF's post-trial motions. *See* ECF No. 235 at 14–15; ECF No. 250 at 15.[1]

---

[1] *Cothron* does not support Plaintiff's request for a new trial to seek damages based on a "per scan" theory. *See* ECF No. 236 at 8–13. The Court precluded Plaintiff from advancing that damages theory as a Rule 37 discovery sanction for Plaintiff's failure to timely disclose his damages computations to BNSF, and not on the ground that a Section 15(b) claim accrues only upon the first finger scan. *See* ECF No. 223 (denying Plaintiff's motion to reconsider the Court's discovery sanction); ECF No. 245 at 1–6 (discussing the Court's rulings on this issue).

Second, *Cothron* also states that it "appears that the General Assembly chose to make damages *discretionary* rather than mandatory under [BIPA]." 2023 IL 128004, ¶ 42 (citing 740 ILCS 14/20 and *Watson v. Legacy Healthcare Fin. Servs., LLC*, 2021 IL App (1st) 210279, ¶ 66 n.4) (emphasis added)). That directly supports BNSF's argument that damages under BIPA are discretionary, and not mandatory as this Court concluded. *See* ECF No. 192; *see also* ECF No. 235 at 13–14; ECF No. 250 at 6–7 (BNSF post-trial motions). Federal courts are bound by a state supreme court's resolution of a state-law issue and also must follow the state supreme court's path on any unresolved issues. *See Animal Sci. Prod., Inc. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865, 1874 (2018) ("If the relevant state law is established by a decision of 'the State's highest court,' that decision is 'binding on the federal courts.'" (citation omitted)); *Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 811–12 (7th Cir. 2018) (if a state's highest court has not squarely resolved an issue of state law, a federal court's "role … is to predict how the highest court[] … would answer [it]"). Accordingly, even if this Court rejects BNSF's post-trial challenges to the jury's liability finding, at a minimum it should order a partial new trial limited to determining what amount of damages, if any, should be awarded to Plaintiff.

Dated: February 23, 2023

Respectfully submitted,

**BNSF RAILWAY COMPANY**

By: */s/ Elizabeth Herrington*
    By Its Attorneys

Elizabeth Herrington
Tinos Diamantatos
Gregory Fouts
Alborz Hassani
Benjamin Kabe
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone: +1.312.324.1000
Facsimile: +1.312.324.1001
beth.herrington@morganlewis.com
tinos.diamantatos@morganlewis.com
gregory.fouts@morganlewis.com
al.hassani@morganlewis.com
benjamin.kabe@morganlewis.com

Andrew S. Tulumello
Claire L. Chapla (*admitted pro hac vice*)
Robert Niles-Weed (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: +1.202.682.7000
drew.tulumello@weil.com
claire.chapla@weil.com
robert.niles-weed@weil.com

*Counsel for Defendant BNSF Railway Company*

**CERTIFICATE OF SERVICE**

      I, Elizabeth Herrington, certify that on February 23, 2023, I caused a copy of the foregoing to be served upon all counsel of record via the Court's CM/ECF system.

                                              */s/ Elizabeth Herrington*
                                              Elizabeth Herrington