IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ROGERS, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 19-cv-03083 |
| v. | ) ) | |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | Hon. Matthew F. Kennelly |
| *Defendant*. | ) ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Class Representative Richard Rogers, individually and on behalf of the certified Class ("Plaintiffs"), in Response to Defendant's Notice of Supplemental Authority, states as follows:

The *Cothron* decision was issued pursuant to Ill. Sup. Ct. R. 20, which permits the Seventh Circuit to certify questions of state law to the Illinois Supreme Court. *Cothron* ¶ 10. The certified question was limited to the issue of claim accrual. *Id.* ¶ 1.

Defendant seizes on a single sentence of *obiter dictum* at the end of the opinion, which is qualified in uncertainty and which Defendant takes out of context: "It also appears that the General Assembly chose to make damages discretionary rather than mandatory under the Act." *Id.* ¶ 42. Defendant asks the Court to rule that this one sentence overturns the plain meaning of the term "liquidated damages" in the statute, when the *Cothron* Court actually said no such thing. Rather, the Illinois Supreme Court was referencing, in *dictum*, the specific equitable powers of a court hearing a class action to reduce damages, not granting discretion to a jury to just ignore the liquidated measure of damages expressly contained in a statute. The Court never even mused at

the argument Defendant is making. In fact, the language is unrelated to the certified question or the *Cothron* parties' briefs, because the parties to *Cothron* <u>did not even brief whether damages are discretionary under BIPA</u>.

Even as *dictum*, the sentence carries little weight. The *Cothron* Court cites only to a footnote from the First District Appellate Court's decision in *Watson v. Legacy Healthcare Fin. Services, LLC,* in which *that* court noted: "Questions relating to damages are not before us." Dkt. 229 at 6:2-15 (this Court dismissing the *Watson* footnote as irrelevant). In sum, the language in *Cothron* is *dictum* stacked upon *dictum* and is not precedential, nor does it stand for the proposition Defendant wishes. *Exelon Corp. v. Dep't of Revenue,* 234 Ill. 2d 266, 277 (2009).

Nonetheless, Defendant wants the Court to read the liquidated damages provision out of the statute and empanel a new jury to decide the correct amount of damages up to the amount of liquidated damages the Legislature actually chose (between $0 and $5,000 apiece). Dkt. 255. But at the September 6, 2022 Final Pretrial Hearing, the Court had the benefit of full briefing and oral argument on this issue. Dkts. 178, 180, 192, 229. Almost immediately, the Court found Defendant's argument "pretty close to insane." Dkt. 229 at 11:14-16. Nothing about the *dictum* Defendant cites should change that analysis. It is clear that BIPA's damages provision is written to contain two "floors" consisting of "liquidated" damages that are dependent on the defendant's mental state ($1,000 and $5,000) with the option to prove a greater amount of "actual" damages. 740 ILCS 14/20.

If Defendant is correct, the language in BIPA permitting plaintiffs to pursue "whichever is greater" between liquidated and actual damages would be completely written out of the statute. 740 ILCS 14/20. The Illinois Supreme Court said nothing of the sort. Equally absurd is Defendant's construction that juries must pick a number between $0 - $5,000 even though the

Legislature specifically stated the sums it thought proper. The Legislature specifically and intentionally used the term "liquidated damages," and, critically, did not say that damages were available "up to" those liquidated amounts. *Id.* A finding to the contrary would contradict the Legislature's intent, which was to use the concept of liquidated damages to protect individuals who have been harmed in a manner that is hard-to-quantify, or which may not manifest itself until a future date, when the statute of limitations has run.

The language Defendant cites from *Cothron* is simply an acknowledgment by the Illinois Supreme Court that trial courts possess discretion to reduce damages awards to conform to constitutional limitations when the per violation damages stack up to ruinous liability. Under no circumstances would that justify retrying *this* case to present discretionary damages to a jury.

This is because the judgment here is comfortably within bounds; it is not ruinous to Defendant. Moreover, the discretion *Cothron* speaks of is far removed from this case, as it only applies in the context of *Cothron's* consideration of "per violation" damages. Here, the damages award is not the result of multiple violations Class Member, but rather a single violation. Dkt. 223. So, *Cothron's* "discretion" language isn't even relevant to the award here. *Cothron's* discussion of discretion also applies only to "fashion a damage award that (1) fairly compensated claiming class members and (2) included an amount designed to deter future violations, without destroying defendant's business." *Cothron* ¶ 42. Notably, the Illinois Legislature decided that $5,000 was the appropriate amount to compensate someone for a singular reckless violation of BIPA. 740 ILCS 14/20(2). And as to the issue of "deterrence of future violations without destroying defendant's business," BNSF purposely prevented this type of evidence from coming in at trial. Indeed, BNSF moved to bar all evidence of its financial status, claiming it would be "prejudicial." Dkt. 172 at 5. So, there is no record that would allow a court to find that the

judgment here would destroy BNSF (which, of course, it would not). Defendant offers no other explanation for how the Court could "fashion…an amount designed to deter future violations, without destroying defendant's business" without having an understanding of Defendant's financial condition. To the extent such an inquiry were to be conducted, one would find that the $228 million award here amounts to less than 4% of BNSF's annual *profit*.[1] Thus, far from "destroying defendant's business," a $228 million damages award is arguably too *small* to deter future violations from BNSF.[2] As a result, and as set forth in Plaintiffs' previous brief, the $228 million award here is clearly constitutional. Dkt. 247 at 13-19. In fact, Plaintiffs' position is bolstered by the fact that *Cothron* explicitly finds that per-violation damages can be sought per the plain language of BIPA. *Cothron* ¶ 24.

Accordingly, the Court's finding that liquidated damages flow as a matter of law should be left intact and the verdict reached by the jury should be upheld.

Dated: March 3, 2023

Respectfully Submitted,

RICHARD ROGERS, individually and on behalf of a class of similarly situated individuals
By: /s/ *Brendan Duffner*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002

---

[1] https://www.bnsf.com/about-bnsf/financial-information/pdf/10k-llc-2022.pdf
[2] Indeed, even being sued and facing a threat of significant damages did not seem to deter BNSF from continuing to violate BIPA. As demonstrated at trial, BNSF knowingly continued the conduct over which it was being sued for 11 months after this litigation was filed and, even then, only stopped because the Covid-19 pandemic forced it to.

mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

Jon Loevy
Michael I. Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois 60607
jon@loevy.com
mike@loevy.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 3, 2023, I caused the foregoing *Plaintiffs' Response to Defendant's Notice of Supplemental Authority* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/      *Brendan Duffner*