**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD ROGERS, individually and on behalf of the Certified Class, | ) ) ) | |
| Plaintiff, | ) ) | No. 19-cv-03083 |
| v. | ) ) | |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | Hon. Matthew F. Kennelly |
| Defendant. | ) ) ) | |

## PLAINTIFFS' OMNIBUS MOTION IN LIMINE

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

Jon Loevy
Michael I. Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois 60607
Tel: (312) 243-5900
jon@loevy.com
mike@loevy.com

*Attorneys for Plaintiff and Class Counsel*

Class Representative Richard Rogers and the Certified Class ("Plaintiffs"), through their attorneys and for their Omnibus Motion In Limine, state as follows:

## MOTION NO. 1 REGARDING DAMAGES

Plaintiffs move for an Order defining the proper scope of evidence and argument in support of damages for the upcoming retrial as follows:

### A. At The Retrial, the Jury Should Have Discretion To Decide Whether or Not to Award the Liquidated Damages Specified by the General Assembly, But Not To Change The Amount.

The Court's post-trial opinion accepted Defendant's argument that awards of liquidated damages for BIPA violations are permissive ("may") rather than mandatory ("shall"). Dkt. 260. That conclusion, however, leaves unanswered the question of exactly *what* it is that the jury has discretion to decide. Specifically, is the jury being asked to decide: (a) whether or not to award liquidated damages or (b) how much those damages should be?

The only fair reading of BIPA's text is the former. The language of the statute is very clear: the damages awarded for a reckless/intentional violation may be *either* (i) actual damages, *or* (ii) liquidated damages of $5,000, "whichever is greater." 740 ILCS 14/20 (1-3). Because Plaintiffs are not seeking actual damages, the "greater" of those two amounts is necessarily the liquidated amount of $5,000.

Under the statute's plain language, that is the only amount of damages that the jury has the discretion to award or not award. The legislature expressly foreclosed awarding the lesser of the two sums. Moreover, the term "liquidated damages" has an accepted meaning as a pre-established sum, here previously set by the legislature. No other sum is appropriate or permissible. *See Pichler v. UNITE,* 646 F. Supp. 2d 759, 769–70 (E.D. Pa. 2009), as amended (Aug. 12, 2009) ("While the court may award actual

damages, it may not grant an award 'less than liquidated damages in the amount of $2,500.' … We take this to mean that the lowest possible award for a violation of the DPPA is $2,500, not zero as UNITE would have us hold."). *Griffin v. Dillinger,* 117 Ill. App. 3d 213, 217 (4th Dist. 1983) (holding that a statute providing that an agency "may" reimburse was actually mandatory, noting that the "word 'may' generally denotes ability or power but a secondary definition of may is 'shall,' or 'must.'") (citing *Websters New World Dictionary,* 877 (2d College Ed.1976)); *Marten Transp., Ltd. v. Plattform Advert., Inc,* 14-2464-JWL, 2016 WL 4000927, at *21 (D. Kan. July 26, 2016) ("Thus, if the statute stated that the court 'may' award fees, then the award would be discretionary with that court. Instead, however, the statute states that the prevailing plaintiff 'may' recover litigation costs—thus any discretion lies with the plaintiff, who may choose to pursue an award of fees or not to make such a claim. Marten has chosen to assert such a claim for fees in this case; thus, because Marten prevailed in proving liability under the statute, an award of its reasonable attorney fees is mandated."), citing *Pepitone v. Winn*, 722 N.W.2d 710, 712-14 (Neb. 2006) (concluding that attorney fees are mandatory under a statute providing that the plaintiff "may recover" damages and fees); *James Twp. v. Rice*, 984 N.W.2d 71, 76–77 (Mich. 2022); *Pepitone v. Winn*, 722 N.W.2d 710 (Neb. 2006); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *Bisson v. Ward*, 628 A.2d 1256, 1259 (Vt. 1993) (collecting cases).

During prefiling meet and confer, Defendant's Counsel took the position that the jury should have the discretion not only about whether to award damages, but also the discretion to award an amount different from, and less than, the "greater" of actual damages or $5,000. In Defendant's view (should they choose to assert it), the jury should

3

be allowed to decide an amount other than the greater of actual damages or $5,000, and is instead free to choose anything from zero to $5,000 (but, conveniently, not more).

There is no support for this position. In interpreting an Illinois statute, as the Court is now asked to do, the Court must apply Illinois rules of statutory construction. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1089 (7th Cir. 2016). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature, and the best evidence of legislative intent is the statutory language. *In re Hernandez*, 918 F.3d 563, 569 (7th Cir. 2019), certified question answered, 2020 IL 124661. When assessing legislative intent, courts should consider (in addition to the statutory language) the reason for the law, the problems to be remedied, and the objects and purposes sought. *Id.* Statutory provisions should not be read in isolation but as a whole; all relevant parts of the statute must be considered when courts attempt to divine the legislative intent underlying the statute. *Id.* Illinois law recognizes interpretive canons against surplusage and absurdity. *Id.* Thus, the Court must construe the statute so that each word, clause, and sentence, if possible, is given a reasonable meaning and not rendered superfluous, avoiding an interpretation that would render any portion of the statute meaningless or void. *Id*. Similarly, the Court must presume that the Illinois General Assembly did not intend absurdity, inconvenience, or injustice. *In re Hernandez*, 918 F.3d at 569. Indeed, statutes in general are to be interpreted liberally to effectuate their main purpose. *Id*.

BIPA's purpose in effectuating the "liquidated damages" provision *in the alternative* to "actual damages" is self-evident and undeniable. *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 37, 129 N.E.3d 1197, 1207. ("Other than the private right of action authorized in section 20 of the Act, no other enforcement mechanism is

4

available.") The Act itself sets forth why the General Assembly selected a liquidated sum of $5,000 for violations found to be reckless. As the text explains, "[t]he full ramifications of biometric technology are not fully known," and once biometrics are "compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5 ("Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information… [S]ocial security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.") There is no indication in the text – or elsewhere – that the Act intended to permit juries to substitute their own judgment for that of the legislature and re-write the amount of a damages award that the legislature explicitly set forth as "liquidated." 740 ILCS 14/ *et seq.*

The fact that there are really only two damages options available to the jury is also clear from BIPA's statutory construction, which as explained above, must be given significant weight and serve as the starting point of any interpretation. *In re Hernandez,* 918 F.3d at 569. The two damages options are separated by an "or" within the statute. 740 ILCS § 14/20. The significance of the "or" statement in between the two damages awards is to delineate alternative possibilities. *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 683 (7th Cir. 2018). "Under the conjunctive/disjunctive canon, *and* combines items while *or* creates alternatives." *Id.* (italics added). Thus, the discretion that the jury has is choosing between actual damages *or* liquidated damages. There is no other option offered.

5

In order to find another option (other than the two expressly defined *alternatives*), the Court would have to do two things. First, it would need to read in another "or," which simply is not there. Only another disjunctive "or" would permit an option other than the two alternatives expressly provided for—the greater of actual damages *or* liquidated damages. In other words, only if the statute said the jury "may award the greater of actual damages or liquidated damages *or some other amount*" could the jury be credibly tasked with finding an alternative damages award as defendant asks while still maintaining the plain meaning of BIPA.

Further, Defendant's position would not only require the Court read out the disjunctive "or," it would also require the Court to read in language permitting the jury to award *some other amount* and to even further place arbitrary limitations on that *some other amount* by reading in "up to" language. But such language is plainly absent. The provision does not give the jury any right to choose a liquidated damages amount "up to" the $5,000 amount the legislature chose. The words "up to" are nowhere to be found, nor are they even remotely implied. In fact, the language is the opposite, requiring a binary choice between the "liquidated damages of $5,000 or actual damages, whichever is greater." *See also* 740 ILCS 14/20(2). *Cf.* 18 U.S.C. §2520(c)(2) of the Electronic Communications Privacy Act (providing that the "the court **may assess** as damages whichever is the greater of— (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.") (emphasis added).

Permitting the jury to award something greater than zero but less than $5,000

6

would not only require reading the words "up to" into the statute, but would also require reading out the words "liquidated damages." Indeed, if the legislature wanted to permit *any* damages to be awarded, it could have stated as such, for example, by permitting "any damages," or "damages up to $5,000," or "damages in an amount not to exceed $5,000." The legislature not only did not include such language, it specifically included the term "liquidated damages," which makes it abundantly clear that such an amount has been predetermined by the legislature to be the damages to be awarded to the extent that actual damages are less than that amount. *In re Hernandez,* 918 F.3d at 569.

There are other reasons supporting the conclusion that the only possible penalty for a reckless violation is the amount specified in the Act. The word "may" expresses not only permission, but the boundaries of what is permitted. While the jury may or may not award damages (discretion), if it does decide to do so, the jury may not award a sum other than whichever is "greater" of actual damages or liquidated damages (here $5,000). There is no statutory permission to do anything else. The jury can only do what the Act says it "may" do, and cannot do something other than what it "may" do.

Here, the law at issue says the jury may award the greater of actual damages or the liquidated sum of $5,000. That does not mean the jury may instead do something totally different than what the Act says it may do. The jury cannot, for example, assess damages at $1,650.25 per violation, any more than it could award Starbucks gift cards, or assess damages in favor of BNSF to punish Plaintiff for bringing the case. The jury can only do what it "may" do—which in this case is to award or not award $5,000 per violation. That is the only reading of the statute that is consistent with the Illinois Supreme Court's statement in *Cothron* that providing damages is discretionary, but also

7

does not take a hatchet to the language (and the purpose) of the statute.

Rather than reading a range into the statute where there is none, the Court should decide this issue according to the Illinois Supreme Court's and Illinois Appellate Court's established pattern of analyzing BIPA. In its seminal *Rosenbach* decision, the Illinois Supreme Court construed BIPA's damages provision by comparing it to the nearly identical damages provision in the Illinois AIDS Confidentiality Act, 410 ILCS 305/1 *et seq,* citing the Illinois Appellate Court's decision in *Doe v. Chand.* 335 Ill. App. 3d 809, 822 (2002). In *Doe v. Chand*, the Illinois Appellate Court concluded that: "[T]he [AIDS Confidentiality] Act provides that a person may recover liquidated damages in the amount of $1,000 for negligent violations of the Act and $5,000 for intentional or reckless violations. Such amounts can be recovered without proof of damages. Our legislature further provided that a plaintiff could recover actual damages if such damages exceeded the amounts provided for in section 13." *Id.* at 822. Accordingly, the Illinois Appellate Court, in interpreting a right of action section nearly identical to BIPA's, did not find that such damages could be awarded in completely discretionary range. *Id.*[1] *See also Sekura v. Krishna Schaumburg Tan, Inc.,* 2018 IL App (1st) 180175, ¶ 69 (holding "[BIPA] provides for <u>either</u> 'liquidated damages' <u>or</u> 'actual damages,' thereby establishing that actual damages are not required to obtain relief under the Act.") *Id.* ¶ 51 (emphasis added). This either/or language similarly does not support the range idea that Defendant has read into *Cothron*.

---

[1] Though the *Chand* court ultimately reversed and remanded, it did so on the basis that the trial court did not specify "what the[] violations were, how many there were, or which violations were negligent and which were intentional or reckless." 335 Ill. App. 3d at 822. There was no remand for determination of the appropriate amount of an award pursuant to some range of damages. *Id.* By contrast, the jury here found that Defendant committed 45,600 reckless violations of Section 15(b) of BIPA in operating its Automatic Gate Systems. Dkt. 223.

**B. If The Court Agrees With Defendant That The Jury Can Fashion A Liquidated Damages Award Other Than The Amount The Act Says It "May" Award, Then The Jury Must Be Allowed To Award An Amount Other Than What The Act Says It "May" Award, Including More Than The Liquidated Sum.**

There is a self-serving arbitrariness in Defendant's position. In maintaining that the jury can award a sum other than the "greater" of actual damages and $5,000, Defendant also insisted during the meet and confer that the award necessarily must be less than $5,000, and that the jury must therefore choose a sum between zero and that amount.

Defendant cannot have it both ways. It wants to treat the greater of actual damages and $5,000 as merely a "suggestion" among other possible alternatives. But if the jury is to be freed up to award something other than the amount the legislature provided, there is no rationale or justification for cabining the number the jury "may" choose to something below $5,000. That is especially the case given the absence of any language suggesting anything about an award "up to" $5,000.

In sum, altering the legislature's liquidated amount is not a one-way street. If the jury "may" do something other than the what the legislature provided, there is no principled reason why it "may" not also award something more, as opposed to only something less.

**C. The Jury Instruction**

    **1. Plaintiffs' Proposal**

Given the foregoing, Plaintiffs propose that the jury should be instructed as follows:

> Have the Plaintiffs proved by the preponderance of the evidence that damages should be awarded?
>
> Yes   [CHECK BOX]
> No    [CHECK BOX]

After answering that question, the jury's job would be done, and it would be discharged. If the jury answered yes, the Court would reinstate the award equal to the greater of actual damages or $5,000 per violation, which in this case is $5,000. If the jury answers no, then the Court would enter judgment in the amount of zero damages (and Plaintiffs would appeal). As was the case last time, that would be a simple math calculation and a ministerial act for the Court to perform.

Moreover, the jury would not need to be, and would not be, told what amount the statute provides for liquidated damages. There is no need or justification for doing so. Even if the jury disagreed with the number set forth in BIPA, it is not properly the jury's function to re-write the Act or to otherwise substitute its own judgment for that of the legislature as to what the proper amount of the liquidated penalty should be.

### 2. Plaintiffs' Alternative Proposal

Alternatively, and only in the event the Court disagrees with the foregoing proposal, Plaintiffs respectfully submit the jury should receive the following instruction:

> We the jury find that Plaintiffs have proved damages in the following amount for each Class Member (choose one and only one of the following two choices):
>
> A. Zero dollars / no damages [CHECK BOX]
> B. $5,000 [CHECK BOX]

As with Plaintiffs' prior proposal, the Court would then perform the calculations for the class (if necessary) and enter judgment in the appropriate amount.

### 3. Provisional Special Interrogatory

The only thing worse than trying a case two times is trying a case three times. If

10

the Court decides to go with the second proposal here as opposed to the first, Plaintiffs further propose the following special interrogatory:

> If you decided to award damages, and if you were not limited only to the choice of $5,000, what should be the appropriate amount of damages you would award per Class Member?
> _____

Nothing would be lost be asking the jury for this answer, and the result could moot the need for another trial should an appellate court later decide that the Court mis-analyzed the issue and that the jury should have unbridled discretion.[2]

## MOTION NO. 2: TO BAR RELITIGATION OF ESTABLISHED ISSUES

The scope of the retrial is limited to damages. Liability has already been decided by the first jury, as has the number of violations and the fact that BNSF acted in a uniformly reckless manner.

Fundamental principles of res judicata, collateral estoppel and issue preclusion bar relitigation of these findings at the retrial. BNSF is stuck with those findings. The new jury must start from the baseline of what has already been decided. Under the doctrine of issue preclusion, "a prior judgment ... foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697, 203 L. Ed. 2d 846 (2019).

For purposes of this motion, this requires two results. First, the new jury must be told that liability and recklessness have already been decided. Plaintiffs respectfully submit

---

[2] In this situation, the jury should be advised that the Act identifies $5,000 as the amount of liquidated damages for a reckless violation. However, there still would be no need to expressly limit the jury to $5,000. Doing so would foreclose the opportunity to properly ascertain the proper amount of damages in the event Plaintiffs are correct about the absence of any cap, whereas if this Court or some other Court subsequently agreed with Defendant that $5,000 is the maximum, the award could simply be remitted to that amount.

11

that both the statement of the case and a jury instruction must inform this jury that a prior jury has already adjudicated these issues in Plaintiffs' favor, and that the new jury must accept them as having been established.

Second, BNSF must not be permitted to relitigate any battles it has already lost. The doctrines of res judicata and collateral estoppel operate to bar BNSF from taking any position, or presenting evidence or argument, that is inconsistent with what has already been decided. The "collateral estoppel doctrine precludes relitigation of issues in a subsequent proceeding when: (1) the party against whom the doctrine was asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Thompson v. Mueller*, 976 F. Supp. 762, 764 (N.D. Ill. 1997) citing *Kraushaar v. Flanigan,* 45 F.3d 1040, 1050 (7th Cir.1995).

Should BNSF present evidence or argument that is inconsistent with the liability and/or recklessness finding, this Court should instruct the new jury that it is to regard those issues as already having been decided against BNSF. *Id*.

### MOTION NO. 3: TO BAR DEFENDANT FROM DENYING INJURY, HARM OR VIOLATION OF PLAINTIFFS' RIGHTS

Plaintiffs, by their counsel, move *in limine* for an Order barring Defendant from arguing at trial that Plaintiffs or the Class Members were uninjured or unharmed or that their rights were not violated.

Defendant's violations of BIPA are findings which have been retained for the retrial here. Under the Seventh Circuit's holding in *Bryant v. Compass Grp. USA, Inc.,* these violations necessarily constitute a concrete harm sufficient to confer Article III standing in this case under the "injury-in-fact" requirement. 958 F.3d 617, 626 (7th Cir. 2020), as

12

amended on denial of reh'g and reh'g en banc (June 30, 2020). Accordingly, Plaintiffs have been concretely harmed and are injured as a matter of law.

Similarly, in *Rosenbach v. Six Flags Ent. Corp.,* the Illinois Supreme Court found that the duties imposed by Section 15 of BIPA define the contours of statutorily created rights and that the failure to comply with the requirements imposed by Section 15 of BIPA constitutes an invasion, impairment, or denial of those rights. 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206. By prevailing on the merits at trial, Plaintiffs proved that their rights were violated.

Accordingly, under binding case law, Plaintiffs have: (1) suffered an injury; (2) been harmed; and (3) had their rights violated. Defendant and its Counsel should be barred from suggesting otherwise. Plaintiffs do not bring this Motion as a matter of speculation. At the first trial, Counsel for Defendant argued in its opening statement "In this case, plaintiff, nor any of the other truck drivers that he has sought to represent, have had any actual harm. The plaintiff is not alleging any actual harm." Trial Tr. 190:5-18. And during the Parties' meet-and-confer regarding potential motions *in limine* for the upcoming retrial, Defendant would not agree to stipulate or agree that Plaintiffs have suffered an injury.

Counsel for Defendant are free to argue that the price tag for violating an individual's rights should be $0 and that Plaintiffs' injuries are worth nothing. That is Defendant's prerogative. But given the binding caselaw above, the Court should not permit Defendant to deny that an injury or harm has occurred here, or claim that nobody's rights were violated.

Dated: September 11, 2023                    Respectfully submitted,

                                                                        RICHARD ROGERS, individually and on behalf of the Certified Class

                                                                        By:   /s/      *Brendan Duffner*
                                                                              *One of Plaintiffs' Attorneys*

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

Jon Loevy
Michael I. Kanovitz
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
Tel: (312) 243-5900
jon@loevy.com
mike@loevy.com

*Attorneys for Plaintiff and Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 11, 2023, I caused the foregoing *Plaintiffs' Omnibus Motion In Limine* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record:

/s/     *Brendan Duffner*