# Exhibit 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement" or "Settlement Agreement") is entered into by and between BNSF Railway Company ("Defendant" or "BNSF") and Richard Rogers and Michael Stewart ("Plaintiffs"), individually and on behalf of the Settlement Class, as defined below, in *Rogers et al. v. BNSF Railway Co.*, No. 2019-CH-04393, currently pending in the Circuit Court of Cook County, Illinois, Chancery Division before the Honorable Pamela McLean Meyerson (the "State Case"), and pending in the United States District Court for the Northern District of Illinois before the Honorable Matthew F. Kennelly, as *Rogers v. BNSF Railway Co.*, No. 19-CV-03083 (the "Federal Case"). The State Case and the Federal Case are collectively referred to herein as the "Litigation." Defendant and Plaintiffs are each individually referred to as a "Party" and are collectively referred to herein as the "Parties."

## I.    PROCEDURAL BACKGROUND AND RECITALS

1. On April 4, 2019, Plaintiff Richard Rogers filed a class action lawsuit against Defendant alleging violations of Sections 15(a), (b), and (d) of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"), in the Circuit Court of Cook County, Illinois, where it was assigned to the Honorable Pamela McLean Meyerson.

### *Proceedings and Discovery in Federal Court*

2. On May 7, 2019, Defendant timely removed the Litigation to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Dkt. 1). The case was assigned to the Honorable Matthew F. Kennelly and captioned *Rogers v. BNSF Railway Co.,* No. 19-cv-03083.

3. On June 13, 2019, Defendant filed a Motion to Dismiss Plaintiff Rogers's Complaint. (Dkts. 12-13). On July 12, 2019, Plaintiff Rogers filed his First Amended Complaint. (Dkt. 18).

4. On July 26, 2019, Defendant moved to dismiss Plaintiff Rogers's First Amended Complaint. (Dkts. 19-20).

5. Following full briefing on Defendant's Motion to Dismiss Plaintiff Rogers's First Amended Complaint (Dkts. 19-20, 26, 28), on October 31, 2019, Judge Kennelly issued a Memorandum Opinion and Order denying Defendant's Motion to Dismiss. (Dkt. 31).

6. Judge Kennelly directed Defendant to file an Answer in response to Plaintiff Rogers's First Amended Complaint. (Dkt. 32). On December 5, 2019, Defendant filed its Answer. (Dkt. 39).

7. On March 11, 2020, the Parties met for a mediation before Judge James Holderman (Ret.) of JAMS Chicago. The Parties were unable to reach a mutually acceptable resolution.

8. On November 20, 2020, Defendant moved to stay the Litigation pending the appeals in *Cothron v. White Castle Sys., Inc.,* Case No. 20-3202, and *Tims v. Black Horse Carriers, Inc.,* Case No. 1-28-0563. (Dkt. 70). Judge Kennelly denied Defendant's Motion to Stay. (Dkt. 71).

9. On February 24, 2021, the Parties jointly moved to stay the Litigation pending mediation. (Dkt. 78). Judge Kennelly granted the Parties' Motion to Stay in part. (Dkt. 79).

10. On April 7, 2021, the Parties participated in a second private mediation, this time overseen by the Honorable James Epstein (Ret.) of JAMS Chicago. Over the course of the arm's-length mediation, the Parties were again unable to come to terms to resolve the Litigation.

11. On August 11, 2021, Plaintiff Rogers moved to remand BIPA claims made under Section 15(a) of BIPA to Cook County, Illinois on the basis that the District Court lacked subject matter jurisdiction pursuant to the Seventh Circuit's decision in *Bryant v. Compass Group USA, Inc.,* 958 F.3d 617 (7th Cir. 2020). (Dkt. 85). Judge Kennelly granted Plaintiff's Motion to Remand his Section 15(a) claims on August 25, 2021. (Dkt. 97).

12. Plaintiff Rogers thereafter sought and obtained leave to file a Second Amended Complaint in federal court which alleged only violations of Section 15(b) of BIPA. (Dkts. 98-100, 102-103).

13. On August 17, 2021, Plaintiff Rogers filed a Motion for Class Certification. (Dkt. 90).

14. On September 16, 2021, Defendant filed a Motion for Summary Judgment. (Dkts. 106-108).

15. On September 24, 2021, Defendant filed its Answer to Plaintiff Rogers' Second Amended Complaint. (Dkt. 111).

16. On October 8, 2021, Defendant filed its Response in Opposition to Plaintiff Rogers' Motion for Class Certification. (Dkt. 116).

17. On October 19, 2021, Defendant filed a Renewed Motion to Stay the Federal Case pending *Cothron v. White Castle Sys., Inc.*, Case No. 20-3202. (Dkt. 121).

18. Defendant's Renewed Motion to Stay was fully briefed. (Dkts. 131-132). On December 7, 2021, Judge Kennelly stayed the Federal Case for sixty days. (Dkt. 134).

19. On February 2, 2022, Judge Kennelly lifted the stay and directed Defendant to file a Reply in Support of its Motion for Summary Judgment, which Defendant did on February 23, 2022. (Dkts. 135, 139-140).

20. On March 15, 2022, Judge Kennelly issued a Memorandum Opinion and Order denying Defendant's Motion for Summary Judgment. (Dkt. 142).

21. On March 22, 2022, Judge Kennelly issued a Memorandum Opinion and Order granting Plaintiff Rogers's Motion for Class Certification. (Dkt. 143).

22. On April 1, 2022, Judge Kennelly set the Federal Case for a jury trial. (Dkt. 144).

23. On April 5, 2022, Defendant filed a Petition for Permission to Appeal Judge Kennelly's Order granting class certification under Fed. R. Civ. P. 23(f). On April 11, 2022, Defendant's petition was denied by a panel of the Seventh Circuit Court of Appeals. (Dkt. 145).

24. On April 26, 2022, Defendant filed a combined Motion for Certification of Interlocutory Appeal Under 28 U.S.C. Section 1292(b) and a Motion to Stay. (Dkt. 147).

25. On June 6, 2022, the Parties participated in a third arm's-length mediation, again overseen by the Honorable James Epstein (Ret.) of JAMS Chicago. The Parties were again unable to come to terms to resolve the Litigation.

26. On June 10, 2022, Plaintiff Rogers filed an Unopposed Motion for Approval of Class Notice Plan. (Dkt. 155). Judge Kennelly granted Plaintiff Rogers' Motion and Class Counsel implemented the approved notice plan, thereby notifying the certified class members in the Federal Case of the then-forthcoming trial. (Dkt. 156).

27. On June 21, 2022, Judge Kennelly denied Defendant's Motion for Certification of Interlocutory Appeal Under 28 U.S.C. Section 1292(b). (Dkt. 158).

28. On August 25, 2022, the Parties filed their pretrial motions, including Omnibus Motions *in Limine* from both Parties and Defendant filing a Motion to Strike Undisclosed Witnesses, a Motion to Strike Plaintiff's Expert from Offering Undisclosed Expert Opinions at Trial, and a Motion to Stay Proceedings. (Dkts. 173-176, 178). The Parties also filed their Final Pretrial Order on September 30, 2022. (Dkt. 177).

29. On September 1, 2022, the Parties responded to each of the foregoing pretrial motions. (Dkts. 180–81, 183, 185). Defendant's Motion *In Limine* No. 1 required additional briefing and oral argument prior to being denied by Judge Kennelly in a Memorandum Opinion and Order. (Dkts. 194-195, 197-199, 201).

30. On September 6, 2022, Judge Kennelly held a final pretrial conference in which he heard oral argument on the Parties' pretrial motions and made rulings thereon.

31. On September 7, 2022, Judge Kennelly denied Defendant's Motion to Stay. (Dkt. 191).

32. On September 30, 2022, Judge Kennelly held a pretrial settlement conference. The Parties did not reach agreement to resolve the Litigation. (Dkt. 203).

33. On October 4, 6, 7, 11 and 12, 2022 the Parties conducted a jury trial presided over by Judge Kennelly.

34. Defendant filed a Motion for Judgment as a Matter of Law and a Motion to Preclude Argument on the "Total Number" of Finger Scans and an Offer of Proof. (Dkts. 212, 215). Judge Kennelly denied Defendant's Motion for Judgment as a Matter of Law and rejected its Offer of Proof. Judge Kennelly granted Defendant's Motion to Preclude Argument on the "Total Number" of Finger Scans.

35. On October 12, 2022, the jury returned a verdict, finding that Defendant had recklessly violated Section 15(b) of BIPA 45,600 times. (Dkt. 223). Judge Kennelly directed the Clerk to enter judgment in favor of the plaintiff class in the amount of $228,000,000. (Dkts. 223-225).

36. On November 9, 2022, the Parties filed their post-trial motions. (Dkts. 235-236). Defendant filed a Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial or to Alter or Amend Judgment. (Dkt. 235). Plaintiff Rogers filed a Rule 59 Motion to Amend Judgment. (Dkt. 236).

37. On November 29 and December 23, 2022, Judge Kennelly held post-trial settlement conferences. The Parties did not reach agreement to resolve the Litigation.

38. On January 27, 2023, the Parties filed their respective responses to each other's post-trial motions. (Dkts. 245, 247). The Parties filed their replies thereto on February 10, 2023. (Dkts. 250, 252).

39. Following the Illinois Supreme Court's resolution of the appeals in *Tims v. Black Horse Carriers, Inc.,* Case No. 1-28-0563 and *Cothron v. White Castle Sys., Inc.,* Case No. 20-3202, the Parties filed notices of supplemental authority regarding their post-trial motions. (Dkts. 249, 255).

40. On June 2, 2023, Judge Kennelly heard oral argument on the Parties' post-trial motions. On June 30, 2023, Judge Kennelly granted Defendant's post-trial Motion in part, vacating the damages award and ordering a new trial as to damages. (Dkt. 260). Judge Kennelly also denied Plaintiff Rogers' post-trial Motion. (*Id.*) On July 7, 2023, the Court set the damages retrial to begin on October 2, 2023.

41.     On September 8, 2023, Judge Kennelly held a fourth court-mediated settlement conference in this matter. The settlement conference was productive and resulted in a mediator's proposal from Judge Kennelly. However, the Parties did not reach agreement to resolve the Litigation at the settlement conference. (Dkt. 271).

42.     On September 11, 2023, the Parties filed their motions *in limine* with respect to the damages retrial. (Dkts. 272-273).

43.     On September 15, 2023, after several additional days of arm's-length negotiations, the Parties reached a settlement in principle based upon Judge Kennelly's mediator's proposal and executed a Settlement Term Sheet memorializing the terms of the settlement in principle. (Dkt. 274).

### *Parallel Proceedings in State Court*

44.     Following the August 25, 2021 remand of Plaintiff Rogers's claim under Section 15(a) of BIPA, Plaintiff Rogers was granted leave to file the operative Second Amended Complaint in the State Case. Plaintiff did so on November 2, 2021, adding Michael Stewart as a class representative. Defendant filed its Answer on December 6, 2021.

45.     On May 20, 2022, the Court entered an Agreed Protective Order which operated to consider all materials produced in the Federal Case to have been produced in the State Case as well. The Parties then began conducting additional discovery tailored to Plaintiffs' claims under BIPA Section 15(a).

46.     On March 28, 2023, Plaintiffs filed a Motion for Class Certification. In response, Defendant filed a Motion to Clarify and/or Reconsider Order Regarding Expert Discovery. Defendant's Motion was ultimately denied.

47.     Plaintiffs' Motion for Class Certification was fully briefed, but not ruled upon.

48.     On May 11, 2023, Defendant filed a Motion for Judgment on the Pleadings, seeking dismissal of the State Case with prejudice. That Motion was fully briefed but not ruled upon.

49.     On September 1, 2023, Plaintiffs sought leave to file certain exhibits to their then-contemplated Motion for Summary Judgment under seal. The Court granted this relief. Prior to filing such motion, the instant Settlement was reached.

### *Recitals Related to Settlement*

50.     This settlement represents the Parties' agreement to resolve all matters pertaining to, arising from, or associated with the Litigation, including all claims Plaintiffs and Settlement Class Members have or may have had against Defendant.

51. The Parties have agreed to a settlement according to the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require discovery, time and expense, including at least one more trial.

52. Despite Defendant's belief that it is not liable for, and has good defenses to, the claims alleged in the Litigation, Defendant desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability. Notwithstanding the forgoing, Defendant has represented that it no longer uses the alleged Automatic Gate System biometric technology at issue in the Litigation at its Illinois facilities.

53. Plaintiffs and Class Counsel have conducted a thorough investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation, particularly where the Litigation includes the first jury trial under BIPA and numerous likely appeals of any outcome; (3) the likelihood that future proceedings will be protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

54. Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

55. In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Releasing Parties forever settle and release the Released Claims on the following terms and conditions.

## II. **DEFINITIONS**

As used in this Agreement, the following terms have the meanings specified below:

56.  "Administrative Expenses" means expenses associated with the Settlement Administrator (as defined below), including but not limited to, costs in connection with Class Notice (as defined below), communicating with Settlement Class Members, disbursing payments to the Settlement Class Members, and tax reporting.

57.  "Automatic Gate System" shall mean the technology used at any of BNSF's four Illinois facilities which utilized a scan of Plaintiffs' and the Settlement Class Members' fingers, or other alleged biometric identifiers or biometric information, to verify their identify at Defendant's facilities in Illinois.

58.  "Class," "Settlement Class," "Class Member" or "Settlement Class Member" shall mean all individuals whose fingerprint information was registered using an Auto-Gate System at any of BNSF's four Illinois facilities at any time from April 4, 2014 through the date of the Preliminary Approval Order. Defendant agrees to this Settlement Class and certification of this settlement for settlement purposes only. The Settlement Class is comprised of approximately 46,500 individuals.

59.  "Class Counsel" shall mean Myles McGuire, Evan M. Meyers, David L. Gerbie, and Brendan Duffner of McGuire Law, P.C., and Jonathon I. Loevy and Michael I. Kanovitz of Loevy & Loevy.

60.  "Counsel" or "Counsel for the Parties" shall mean both Class Counsel and Defendant's Counsel, collectively.

61.  "State Court" shall mean the Circuit Court of Cook County Illinois, and the Honorable Pamela McLean Meyerson, or any subsequent judge assigned to preside and have jurisdiction over the State Case.

62.  "Defendant" shall mean BNSF Railway Company.

63.  "Defendant's Counsel" shall mean Efrat R. Schulman, Michael J. Gray, and Bethany K. Biesenthal of Jones Day.

64.  "Effective Date" means the first date on which the Final Approval Order and the Federal Court's order finally approving the Settlement and dismissing the Federal Case with prejudice are no longer appealable, or if an appeal is filed, the date on which such appeal is final. Where the Final Approval Order and the Federal Court's order of dismissal grant full relief sought by the Parties, as set forth in the Settlement Agreement and in the absence of any objection from a Class Member, the Effective Date shall be the later of the date of Final Approval or the date of the Federal Court's order of dismissal.

65.  "Fee and Expense Application" shall mean the motion to be filed by Class Counsel, in which they will seek approval of an award of attorneys' fees, costs, and expenses, as well as Service Awards for the Class Representatives.

66.    "Fee Award" shall mean the amount of attorneys' fees, costs, and expenses awarded by the State Court to Class Counsel.

67.    "Federal Court" shall mean the United States District Court for the Northern District of Illinois, and the Honorable Matthew F. Kennelly, or any subsequent judge assigned to preside and have jurisdiction over the Federal Case.

68.    "Final Approval" means the date by which the State Court enters an order granting final certification pursuant to 735 ILCS 5/2 801, for settlement purposes, of the Settlement Class, final approval of the settlement, and final judgment in the action ("Final Approval Order").

69.    "Final Approval Hearing" means the hearing at which the State Court will grant final approval of the Settlement Agreement and make such other final rulings as are contemplated by the Settlement Agreement.

70.    "First Distribution" means each Settlement Class Members' first payment of their *pro rata* share of the Settlement Fund after deductions for any Fee Award, Service Awards, Administrative Expenses, as well as any additional amounts withheld by the Settlement Administrator pursuant to IRS guidelines.

71.    "Second Distribution" means, for each Settlement Class Member, their *pro rata* share of all remaining amounts in the Settlement Fund after the First Distribution as well as any additional amounts withheld by the Settlement Administrator pursuant to IRS guidelines.

72.    "Litigation" shall mean the cases captioned *Rogers et al. v. BNSF Railway Company,* No. 2019-CH-04393, currently pending in the Circuit Court of Cook County, Illinois, Chancery Division before the Honorable Pamela McLean Meyerson, or any judge presiding in her stead, and pending in U.S. District Court for the Northern District of Illinois before the Honorable Matthew F. Kennelly, No. 19-CV-03083, or any judge presiding in his stead and having jurisdiction over that case.

73.    "Class Notice" means the notice of this Settlement, substantially in the form of Exhibit A hereto, which shall inform the Class Members of their rights and obligations under the Settlement, the existence of the Settlement Website, and the manner in which they must provide any required tax information in order to receive the full amount of their *pro rata* share of the Settlement Fund without having amounts withheld by the Settlement Administrator pursuant to IRS guidelines.

74.    "Net Settlement Amount" means the amount available from the Settlement Fund for the Qualified Class Members and shall be equal to the Settlement Fund minus the amounts paid to: (i) the Class Representatives as Service Awards (no more than $15,000 per Service Award) (ii) Class Counsel for attorneys' fees (Class Counsel's

request for attorneys' fees not to exceed more than thirty-five percent (35%) of the Settlement Fund, plus costs and expenses), and (iii) Administrative Expenses.

75. "Net Settlement Award" means the pro rata award to be distributed to each Qualified Class Member.

76. "Notice Date" means the date by which the Class Notice is disseminated to the Settlement Class via first-class U.S. Mail, which shall be a date no later than twenty-one (21) days after entry of Preliminary Approval.

77. "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked or otherwise received by the Settlement Administrator, which shall be designated as a date approximately forty-two (42) days after the Notice Date, or such other date as ordered by the State Court.

78. "Parties" shall mean Plaintiffs and Defendant, collectively.

79. "Plaintiffs" or "Class Representatives" shall mean the named class representatives, Richard Rogers and Michael Stewart.

80. "Preliminary Approval" shall mean the date of entry of the Preliminary Approval Order.

81. "Preliminary Approval Order" means the State Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Class Notice.

82. "Qualified Class Member" means any Settlement Class Member who does not opt out of the Settlement in accordance with Section IX below.

83. "Released Claims" means the release described in Section VI of this Agreement.

84. "Released Party" or "Released Parties" means jointly and severally, and individually and collectively, BNSF Railway Company, and any of its owners, investors, predecessors, successors, joint venturers, partners, limited partners, assigns, agents, directors, officers, employees, managers, members, representatives, attorneys, parent companies, divisions, indirect or direct subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, insurers and reinsurers and all persons acting by, through, under or in concert with any of them, including any party that could have been named as a Defendant in the Litigation.

85. "Releasing Parties" means only Plaintiffs and each Settlement Class Member who does not timely opt out of this Settlement Agreement, and their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing,

and anyone claiming by, through, or on behalf of them. The list of Settlement Class Members shall be provided by the Parties to the Settlement Administrator in accordance with Paragraph 96 and shall comprise the complete list of Releasing Parties, which can only be modified by the agreement of the Parties.

86. "Service Award(s)" shall mean awards paid from the Settlement Fund to Plaintiffs Richard Rogers and Michael Stewart in acknowledgement of their participation, cooperation, and agreement to pursue this litigation on behalf of the Settlement Class Members and shall have the qualities further set forth in Section XV of this Agreement.

87. "Settlement Administrator" shall mean, subject to State Court approval, Epiq Class Actions & Claims Solutions, the entity mutually selected and supervised by the Parties to administer the settlement.

88. "Settlement Fund", "Qualified Settlement Fund", or "QSF" means the amount paid by Defendant in the amount of $75,000,000.00 (seventy-five million dollars).

89. "Settlement Website" shall mean a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of Exhibit A (or any form of the notice that is approved by the State Court), this Settlement Agreement, and all Court documents related to the Settlement. A phone number for the Settlement Administrator shall be provided. The URL of the Settlement Website shall be www.BNSFBIPAClassAction.com.

## III. **SETTLEMENT TERMS**

90. **No Admission**

    a. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of any Party or that class action treatment of any claims is appropriate other than for settlement purposes. All Parties have entered into this Settlement Agreement with the intention to avoid further disputes and litigation based on disputed facts and allegations, and to avoid the costs and risks of further litigation to all Parties. This Settlement Agreement, and any communications, papers, or orders related to the Settlement Agreement, are settlement documents and shall be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

91. **Certification for Settlement Only**

    a. Plaintiffs will seek, and Defendant will not oppose for purposes of settlement, certification of the Settlement Class defined in Paragraph 58 under 735 ILCS 5/2 801, and an order that Plaintiffs shall represent the Settlement Class for

settlement purposes and shall be the Class Representatives, and McGuire Law, P.C., and Loevy & Loevy shall be appointed as Class Counsel.

b.   Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate the settlement. If the State Court does not enter Final Approval, or if for any other reason final approval of the settlement does not occur, is successfully objected to, or challenged on appeal, any certification of any Settlement Class will be vacated, and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into. In such an event, while the Settlement Class certification would be vacated, the class in the Federal Case will remain certified under Fed. R. Civ. P. 23.

c.   In the event that Final Approval of the Settlement is not achieved: (a) any State Court and Federal Court orders preliminarily or finally approving the certification of the Settlement Class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Defendant did not oppose the certification of a Settlement Class under this Agreement, or that the State Court and/or Federal Court preliminarily approved the certification of a Settlement Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

## IV.   SETTLEMENT FUND

### 92.   Settlement Administration

a.   The duties of the Settlement Administrator shall be limited to those described in this Agreement, and the Settlement Administrator shall have no discretion beyond that granted by this Agreement. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential and to use such information solely for purposes of settlement administration.

b.   The Settlement Administrator will be responsible for maintaining the Settlement Website, which shall contain information about the settlement. The Settlement Website will contain a page where individuals who may be Settlement Class Members, and for whom the Parties do not have current addresses, will be able to provide information to verify their eligibility to participate in the settlement. Such individuals will be required to provide their name, address, Commercial Driver's License ("CDL") Number, CDL state, and other identifying information requested by the Settlement Administrator. Such individuals may be included in the Settlement if the Settlement Administrator verifies their eligibility. The Settlement Administrator shall also ensure the

Settlement Website will contain a page where Settlement Class Members can provide any required tax information.

93. **Settlement Fund**

   a. Defendant agrees to pay the Settlement Fund in the amount of seventy-five million dollars ($75,000,000.00) which shall fully resolve and satisfy any claims for attorneys' fees approved by the State Court, any and all amounts to be paid to Settlement Class Members, any State Court-approved Service Awards, and any Administrative Expenses. Defendant will not be required to pay more than the gross total of seventy-five million dollars ($75,000,000.00) under the terms of this Settlement Agreement.

   b. No later than ten (10) days after entry of the Preliminary Approval Order, Defendant shall deposit five hundred thousand ($500,000) of the Settlement Fund into an interest-bearing escrow account to be opened, administered, and controlled by the Settlement Administrator. The account shall be opened and administered by the Settlement Administrator as a Qualified Settlement Fund ("QSF") under Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1 *et. seq.* While held in the QSF, the funds in the QSF shall accrue interest at the then-current rate of the interest-bearing insured checking account. The Settlement Fund includes all interest that shall accrue on the sums deposited in the QSF. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treas. Reg. Section 1.468B-2(k)(3). Defendant shall be the "transferor" with respect to the QSF within the meaning of Treas. Reg. Section 1.468B-1(d)(1). The Settlement Administrator shall provide to Defendant a properly completed and duly executed IRS Form W-9 of the QSF prior to the deposit of the Gross Settlement Amount to the QSF. The Settlement Administrator shall cooperate as requested by Defendant in the making of any election with respect to the QSF, including a "relation-back election" pursuant to Treas. Reg. Section 1.468B-1(j). No later than three (3) calendar days after Final Approval, Defendant shall deposit the remaining seventy-four million five hundred thousand dollars ($74,500,000) of the Settlement Fund into the QSF.

   c. With respect to the QSF, the Settlement Administrator shall satisfy out of the QSF all (i) taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the QSF, and (ii) fees, expenses and costs incurred in connection with the opening and administration of the QSF and the performance of the Settlement Administrator's duties and functions as described in this Settlement Agreement, which such fees, costs and expenses shall be treated as and included in the costs of administering the QSF. The Parties will require the Settlement Administrator to indemnify and hold harmless the Parties for and against any claim or liabilities resulting from errors or omissions in its administration of the QSF.

d. If the State Court does not grant Final Approval of the Settlement Agreement, all amounts paid into the QSF belong to Defendant, less any Administrative Expenses paid to date, which shall be split between the Parties equally.

e. The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contributions to the Settlement Fund shall be fixed under this Agreement and final. Defendant shall have no obligation to make further payments to the Settlement Fund and shall have no financial responsibility or obligation relating to the settlement beyond the Settlement Fund.

f. The State Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the amount of the Settlement Fund.

94. **Disbursement of the QSF.** The Settlement Administrator shall disburse the amounts in the QSF as follows, subject to State Court approval, and consistent with all other terms and prerequisites of this Agreement: The amount available from the Settlement Fund for the Class Representatives' and Settlement Class Members' settlement awards ("Net Settlement Amount") shall be the Settlement Fund minus the amounts paid to: (i) the Class Representatives as Service Awards (no more than $15,000 per Service Award) (ii) Class Counsel for attorneys' fees (Class Counsel's request for attorneys' fees not to exceed more than thirty-five percent (35%) of the Settlement Fund, plus costs and expenses), and (iii) Administrative Expenses.

95. **Calculation of Settlement Awards**

a. A Settlement Class Member who does not opt out ("Qualified Class Member") will be deemed eligible for a payment hereunder. Regardless of whether he or she signs, deposits, endorses or cashes any settlement check, any Class Member who does not opt out pursuant to the terms herein is subject to the release set forth herein.

b. The Net Settlement Amount will be divided among Qualified Class Members on a pro rata basis ("Net Settlement Award"). The First Distribution settlement checks issued by the Settlement Administrator will state on their face that they are valid for one hundred and twenty (120) days from their date of issuance. If the Settlement Administrator is unable to deliver any settlement check to a Qualified Settlement Class Member or if any settlement check remains uncashed after the 120-day period, the settlement check will be void, and the amount of all such settlement checks shall be redistributed among Qualified Class Members who cashed or deposited their First Distribution in accordance with this Agreement.

c. The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable under this Agreement pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the QSF account. The Settlement Administrator shall also be responsible for filing and sending Form 1099, if necessary, to recipients of money under the Agreement.

d. Payments pursuant to this settlement will be deemed non-wage payments for which no employer-side payroll taxes will be due, and no benefit shall increase or accrue as result of payments made pursuant to this settlement. Class Representatives, Settlement Class Members, and Class Counsel will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Agreement and shall defend, indemnify, and hold harmless Released Parties in relation to any claim relating to the same. Class Representatives, Settlement Class Members, and Class Counsel have not been given nor relied upon any tax advice from the Released Parties or Defendant's Counsel.

## V. <u>TIMING OF SETTLEMENT EVENTS AND PAYMENTS FROM SETTLEMENT FUND</u>

The Parties agree to the following timeline for settlement events. The Preliminary Approval Order is the base timeline for all actions.

96. Within three (3) calendar days of the contemporaneous filings of Plaintiffs' Motion for Preliminary Approval in State Court and Plaintiffs' Motion for Preliminary Approval in Federal Court, the Parties will provide the Settlement Administrator with a class list that shall consist of all Settlement Class Members' names and last-known addresses based on information reasonably available to the Parties and as produced in the Litigation ("Settlement Class List"). The Parties will work cooperatively to gather information for the Settlement Class List.

97. The Settlement Administrator will mail the Class Notice approved by the State Court to the Settlement Class Members, and publish the Class Notice on the Settlement Website in accordance with this Agreement, by the Notice Date.

98. All objections to the Settlement must be postmarked, and requests for exclusion from the Settlement must be postmarked or emailed, within forty-two (42) days from the date of the mailing of the Class Notice to Class Members, and must comport with the provisions of Sections IX & X of this Agreement to be valid.

99. Class Counsel shall file a Motion for Final Approval of this settlement in State Court no later than seven (7) days before the Final Approval Hearing. Class Counsel shall also file a Motion for Final Approval in Federal Court no later than seven (7) days before the Final Approval Hearing. The Final Approval Hearing shall be set approximately one hundred (100) days following the Preliminary Approval Hearing.

100.    Any Fee Award by the State Court shall be paid from the Settlement Fund by the Settlement Administrator to Class Counsel within five (5) days after Final Approval or as soon thereafter as possible, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof. Payment of the Fee Award shall be made via wire transfer to an account or accounts designated by Class Counsel after providing necessary information for electronic transfer. The Fee Award paid to Class Counsel will be subject to potential repayment pursuant to the terms set forth below.

101.    Each Class Counsel's law firm receiving any portion of a Fee Award, as a condition of receiving such payment, agrees on behalf of itself and each equity partner and/or shareholder of it that the law firm and its equity partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Class Counsel executing this Settlement stipulate, warrant, and represent that they have actual authority to enter into the obligations set forth in this paragraph on behalf of the law firms indicated below, and the shareholders, members, and/or partners of those law firms respectively. In the event that the Effective Date does not occur, or the Final Judgment or the order granting a Fee Award is reversed or modified by a final non-appealable order, or this Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee Award has been paid to any extent, then: (a) Class Counsel and their law firms with respect to the Fee Award paid shall within ten (10) calendar days from receiving notice from Defendant's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. If the Fee Award is reduced on appeal, but all other terms of the Agreement remain in full effect, Class Counsel and their law firms shall repay the portion of the Fee Award by which it is reduced and any interest earned thereon at the same rate as earned on the Settlement Fund. This partial repayment of the Fee Award shall be applied to the Settlement Fund and distributed in accordance with the terms of the Agreement. If Class Counsel fail to repay any portion of the Fees Award as required by this paragraph, the Court shall, upon application by Defendant and notice to Class Counsel, issue such orders as appropriate to compel compliance by Class Counsel and their respective law firms, and shall award reasonable attorneys' fees and expenses incurred by Defendant in connection with the enforcement of this paragraph. Neither the death, incapacitation, personal bankruptcy, or disbarment of any of Class Counsel nor the dissolution, winding up, bankruptcy, merger, acquisition, or other change in the composition or solvency of their law firms shall in any way affect the obligations of Class Counsel in this paragraph.

102.    Within thirty (30) calendar days of the Effective Date, the Settlement Administrator will (a) pay the Service Awards as approved by the State Court to Plaintiffs; and

(b) mail the First Distribution of the Net Settlement Awards to all Qualified Class Members. The front of the envelopes containing the settlement checks shall be marked with words identifying the contents as important and/or time sensitive.

103. Because the Qualified Class Members' *pro rata* shares of the Net Settlement Amount will each be greater than $600, Qualified Class Members will be required to submit updated tax reporting information to the Settlement Administrator in order to receive their entire *pro rata* share without tax penalties and automatic withholdings from the Settlement Administrator.

104. The checks issued by the Settlement Administrator will state on their face that they are valid for one hundred twenty (120) days from their date of issuance. If any Qualified Class Member's settlement check is not cashed within that 120-day period, the check will be void. If the Settlement Administrator is unable to deliver any settlement check to a Qualified Class Member or if any check remains uncashed after the 120-day period, the check will be void and the amount of all such settlement checks shall be redistributed among Qualified Class Members who cashed or deposited their First Distribution.

105. Qualified Class Members who timely submit verified tax information to the Settlement Administrator by the date indicated on the Class Notice will receive the full amount of their Net Settlement Award through the First Distribution. Qualified Class Members who do not submit their verified tax information prior to the date indicated on the Class Notice shall have their First Distribution subject to automatic withholdings pursuant to IRS guidelines.

106. Qualified Class Members who do not submit their verified tax information prior to the First Distribution, but who do so within ninety (90) days of the First Distribution shall have any amounts withheld by the Settlement Administrator pursuant to IRS guidelines from the First Distribution included in the Second Distribution. Qualified Class Members who do not submit their verified tax information within ninety (90) days of the First Distribution shall have their Second Distribution subject to automatic withholdings pursuant to IRS guidelines.

107. To the extent any payments to Plaintiffs or the Class Members are tax reportable by the Settlement Administrator, the funds shall be reported on IRS Form 1099. Neither Defendant, Class Counsel, the other Released Parties, nor Defendant's Counsel have made any representations regarding the tax consequences of any amounts Plaintiffs or any Class Members receive pursuant to this Agreement. The Plaintiffs and Class Members are solely responsible and agree to release and hold Defendant and all other Released Parties harmless for any and all potential and/or actual tax consequences that result from any payments to them or for their benefit pursuant to this Agreement.

108. If the Settlement Administrator is unable to deliver any settlement check to a Class Member or if any check remains uncashed after one hundred twenty (120) days

from its issuance, the check will be void and the amount of all such settlement checks (from the First Distribution) shall be redistributed equally, subject to required IRS withholdings, among Qualified Class Members who cashed their First Distribution check as a Second Distribution. This Second Distribution shall be mailed within ninety (90) days of the expiration of the First Distribution checks. If any Second Distribution check remains uncashed after one hundred and twenty (120) days from its issuance, such uncashed checks shall be void and the amounts distributed to a *cy pres* recipient agreed to by the Parties and approved by the State Court.

109. The Parties may, by mutual agreement, agree upon a reasonable extension of time for deadlines and dates reflected by this Agreement, without further notice to the State Court or the Federal Court.

## VI. RELEASE

110. **Released Claims**

    a. For all periods up to and including the date of Final Approval, and in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, all Settlement Class Members who do not timely opt-out of the settlement, and all their respective heirs, assigns, executors, administrators, and agents, past or present, fully and without limitation release and discharge each and every Released Party from any and all claims, rights, demands, liabilities, and/or causes of action of every nature and description, whether known or unknown, which relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the collection, capture, receipt, possession, maintenance, storage, transmission, or disclosure of biometric identifiers or biometric information that Settlement Class Members claim, might claim, or could have claimed in any court or administrative proceeding. This Release includes, without limitation, statutory, constitutional, contractual, and/or common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief to the extent permitted by applicable law.

111. **Waiver of Rights**

    a. The Settlement is intended to extinguish all Released Claims, and, consistent with such intention, upon final approval of the settlement, Qualified Settlement Class Members shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, which may have the effect of limiting the Release set forth above. This shall include a waiver of any rights pursuant to provision of any federal, state, or foreign law, or principle of common law that provides: A

GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

112. **General Release by Class Representatives**

    a. In consideration for the promises set forth herein, in addition to the Released Claims, the Class Representatives, for themselves and their respective agents, heirs, predecessors, successors, assigns, representatives and attorneys, do hereby waive, release, acquit and forever discharge each of the Released Parties from any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any local, state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties, committed or omitted prior to the date of the Final Approval Order except as limited herein and by law. This additional release includes all known and unknown claims of any nature whatsoever.

## VII.   <u>PRELIMINARY APPROVAL AND FINAL APPROVAL</u>

113. The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement to the State Court for preliminary approval and provisional certification of the settlement class under 735 ILCS 5/2 801; (c) submission of the Settlement Agreement to the Federal Court for preliminary approval of the Settlement Agreement and approval to administer the Settlement in State Court; (d) entry of the Preliminary Approval Order by the State Court provisionally certifying the Class under 735 ILCS 5/2 801 for settlement purposes and preliminarily approving the Settlement Agreement; (e) entry of an order by the Federal Court preliminarily approving the Settlement Agreement and the administration of the Settlement in State Court; (f) State Court approval of the method of distribution and the form and content of the Class Notice; and (g) filing by Class Counsel, on or before the date of the Final Approval Hearing, the State Court-approved Settlement Administrator's declaration, in writing, that the Class Notice has been disseminated to the Class Members in accordance with the Court's order ("Settlement Administrator's Declaration"). The Settlement Agreement will become final and effective only upon the occurrence of the following events: (i) the State Court enters the Final Approval Order and Final Judgment; (ii) the Federal Court enters an order finally approving the Settlement and dismissing the Federal Case with prejudice; and (iii) the Effective Date occurs.

114. If the Effective Date does not occur, the State Court does not grant the Final Approval Order and Final Judgment, or the Federal Court does not dismiss the Federal Case with prejudice, or this Settlement Agreement is otherwise nullified

pursuant to its terms, this Settlement Agreement shall be null and void, and the agreements described above and elsewhere in this Settlement Agreement shall be of no effect and inadmissible in this or any other action or proceeding.

115. <u>Preliminary Approval Hearing</u>. As soon as practicable after the execution of this Agreement, the Class Representatives shall move for (i) Preliminary Approval of the settlement ("Preliminary Approval") in the State Case, and (ii) preliminary approval of the settlement in Federal Court. Class Counsel shall provide Defendant with drafts of the preliminary approval motions for Defendant's comment no fewer than ten (10) days prior to the filings, and Defendant shall provide its comments to Class Counsel no more than seven (7) days after receiving such drafts. In conjunction with the motion for Preliminary Approval in State Court and the motion for preliminary approval in Federal Court, the Class Representatives will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include a proposed form of Class Notice and other documents as attached hereto necessary to implement the Settlement Agreement. In the Preliminary Approval motion filed in State Court, the Class Representatives shall request that the State Court: (i) grant preliminary approval to the Settlement Agreement; (ii) certify the Settlement Class for settlement purposes only; (iii) approve the Class Notice and the proposed plan for settlement administration described herein; and (iv) schedule a tentative date for a Final Approval Hearing no earlier than approximately one hundred (100) days after the date of the Preliminary Approval Hearing. In the motion for preliminary approval filed in Federal Court, the Class Representatives shall request that the Federal Court preliminarily approve the administration of this Settlement in State Court. The Parties shall also submit an agreed-upon proposed preliminary approval order in State Court, which is attached hereto as Exhibit B.

## VIII. <u>NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS</u>

116. <u>Notice to the Class Members</u>. Notice of the settlement shall be provided to Settlement Class Members, and Settlement Class Members shall submit any objections to the settlement, and/or requests for exclusion from the Settlement Class, using the procedures set forth in Sections IX and X of this Agreement. By the Notice Date the Settlement Administrator shall send a copy of the Class Notice, attached hereto as Exhibit A, to Class Members via First Class U.S. mail. The Class Notice will be mailed using the most current mailing address information, which the Settlement Administrator shall obtain by running each Class Member's name and address through the National Change of Address (NCOA) database or comparable databases. The front of the envelopes containing the Class Notice will be marked with words identifying the contents as important and/or time sensitive. The Class Notice for each Class Member will include the approximate amount that each Class Member will receive in the settlement and instructions for providing the Settlement Administrator with updated tax information. The Settlement Administrator shall promptly conduct a second mailing for any Class Member whose Class Notice is returned as undeliverable, provided that a forwarding address is provided by the U.S. Postal Service or is otherwise located by the Settlement

Administrator through a database search. If, after this second mailing, the Class Notice is again returned as undeliverable, and if no other forwarding address is available, the notice mailing process shall end for that Class Member. The Settlement Administrator will operate a telephone line and the Settlement Website, which will allow Class Members to update their contact information.

117.    The Notice shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement, and to further inform Settlement Class Members how they may: (a) protect their rights regarding the settlement; (b) request exclusion from the Settlement Class and the proposed settlement, if desired; (c) object to any aspect of the proposed settlement, if desired; and (d) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the settlement on all persons who do not timely request exclusion from the Settlement Class.

## IX.    EXCLUSIONS

### 118.    Exclusion Period

a.  Settlement Class Members will have up to the Objection/Exclusion Deadline to exclude themselves from the settlement. If the settlement is finally approved by the State Court and the Federal Court, all Settlement Class Members who have not opted out by the end of the Objection/Exclusion Deadline will be bound by the settlement and deemed a Settlement Class Member and Releasing Party as defined herein.

### 119.    Exclusion Process

a.  Procedure for Requesting Exclusion. The Class Notice shall provide that Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion from the Settlement Class on or before the Objection/Exclusion Deadline. Such written request for exclusion must be signed by the Class Member and contain the Settlement Class Member's full name, address, and telephone number, and must be returned by mail or electronic mail to the Settlement Administrator before the Objection/Exclusion Deadline. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Class Member who excludes themselves from the Class will not be entitled to any recovery under the settlement and will not be bound by the settlement or have any right to object, appeal or comment thereon. No later than three (3) days after the Objection/Exclusion Deadline, the Settlement Administrator shall furnish to Class Counsel and Defendant's Counsel a complete list of all Class Members who have timely requested exclusion from the Class.

b. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Settlement or any order or judgment of the Litigation; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. Any member of the Settlement Class who attempts to both object to and exclude themselves from this Settlement Agreement will be deemed to have excluded themselves and will forfeit the right to object to the settlement or any of its terms.

c. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be accepted or valid.

d. A list reflecting all individuals who timely and validly excluded themselves from the settlement shall also be filed with both the State Court and Federal Court at the time of the motions for final approval of the settlement.

e. If a Settlement Class Member's otherwise timely request for exclusion is defective as to any of the other requirements of Paragraph 119(a), that Class Member will be given an opportunity to cure the defect(s). The Settlement Administrator will mail the Class Member a cure letter within three (3) business days of receiving the defective submission to advise the Class Member that their submission is defective and that the defect must be cured to render the request for exclusion valid ("Cure Letter"). The Class Member will have until the later of: (a) the Response Deadline, or (b) fifteen (15) calendar days from the date the Cure Letter is sent, to postmark or email a revised request for exclusion. If a Class Member responds to a Cure Letter by filing another defective request for exclusion, then the Settlement Administrator will have no further obligation to give notice of a need to cure. If a request for exclusion is not postmarked or emailed within the later of: (a) the Response Deadline or (b) fifteen (15) calendar days from the date of the Cure Letter, it will be deemed untimely and will be rejected. The Settlement Administrator shall not send Cure Letters for any "mass" or "class" exclusion requests.

120. <u>Excessive Opt-Outs</u>. Defendant reserves the right to void this Agreement if more than seven percent (7%) of Class Members exclude themselves from the settlement. In that event, this Settlement Agreement is void and the Parties will return to their respective positions as of the date immediately prior to the execution of this Agreement.

## X. <u>OBJECTIONS</u>

121. <u>Procedure for Objecting</u>. The Class Notice shall provide that Class Members who wish to object to the settlement must mail a written statement objecting to the settlement to the Clerk of the State Court and the Settlement Administrator. Such written statement must be postmarked no later than forty-two (42) days after the

date the Class Notice is first mailed (the "Objection/Exclusion Deadline Date"). No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the State Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, have been filed with the Clerk of the State Court and provided to the Settlement Administrator on or before the Objection/Exclusion Deadline. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the settlement has been timely submitted. No later than three (3) days after the Objection/Exclusion Deadline, the Settlement Administrator shall furnish to Class Counsel and Defendant's Counsel copies of objections received from Class Members. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

122. Any Settlement Class Member who intends to object to this Settlement Agreement must include in any such objection: (i) their full name, address, email address, and current telephone number; (ii) the case name and number of the State Case; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections they have filed, or has had filed on their behalf, in any other class action cases in the last four years; and (v) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of their counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, they must state as such in the written objection, and must also identify any witnesses they may call to testify at the Final Approval Hearing and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

## XI. FINAL APPROVAL HEARING

123. At least seven (7) calendar days prior to the Final Approval Hearing, Class Counsel shall contemporaneously file with the State Court and the Federal Court: (a) a motion for final approval of settlement to be conducted at the State Court; and (b) a copy of the Settlement Administrator's Declaration. Class Counsel shall provide Defendant with drafts of the final approval motions for Defendant's comment no fewer than ten (10) days prior to the filings, and Defendant shall provide its comments, if any, within seven (7) days of receiving the drafts.

124. At the Final Approval Hearing, the Plaintiffs will request that the State Court, among other things, enter a Final Approval Order and Final Judgment that:

      a. grants final certification, for settlement purposes, of the Settlement Class under 735 ILCS 5/2 801;

      b. approves the Settlement Agreement as a final, fair, reasonable, adequate and binding release of all claims as set forth herein by all Settlement Class Members who have not timely opted out;

      c. approves the Settlement Agreement as a final, fair, reasonable, adequate, and binding General Release of all claims as set forth herein by the Class Representatives;

      d. dismisses the State Case with prejudice; and

      e. retains jurisdiction only for the purposes of enforcing the Parties' respective obligations as set forth in this Agreement.

125. At the Final Approval Hearing, Plaintiffs will request that the Federal Court, among other things, enter an order that approves the Settlement Agreement under Fed. R. Civ. P. 23 and dismisses the Federal Case with prejudice.

126. Only counsel for the Parties and Settlement Class Members who have filed timely objections to the Settlement Agreement in accordance with Paragraph 122 and who have not opted out may participate in the Final Approval Hearing.

## XII. FINAL APPROVAL ORDER AND ENTRY OF FINAL JUDGMENT

127. The settlement is contingent on a Final Approval Order and Final Judgment. If the State Court or Federal Court does not approve any material condition of this Settlement Agreement that effects a fundamental change to the terms of the settlement hereunder, the entire Settlement Agreement will be voidable and unenforceable.

128. In the event this Settlement Agreement does not become final and the Class Notice has already been sent to Settlement Class Members, the Settlement Administrator will provide notice to the Settlement Class Members that the Settlement Agreement did not receive final approval and that, as a result, no payments will be made to Settlement Class Members under the Settlement Agreement, in a form jointly agreed upon by the Parties. Such notice shall be mailed by the Settlement Administrator via First Class U.S. Mail, postage prepaid, to the addresses used by the Settlement Administrator in mailing the Class Notice. The costs of such mailing shall be split equally between Class Counsel and the Defendant.

129. Class Counsel and Defendant agree to cooperate and take all steps necessary and appropriate to otherwise effectuate all aspects of this Settlement Agreement.

## XIII. UNDISTRIBUTED SETTLEMENT AWARDS

130.   A Class Member who excludes himself or herself from this settlement will not receive any payment from the Net Settlement Amount.

131.   Any Class Member whose First Distribution or Second Distribution was not cashed or deposited prior its becoming void, will nevertheless be deemed to have waived irrevocably any right or claim to his or her payment from the Net Settlement Amount, but the settlement nevertheless will be binding upon the Settlement Class Member.

132.   Defendant shall not be liable to any Settlement Class Member for any loss related to any wrongly or fraudulently cashed check, including, but not limited to, instances where any settlement check is mailed or delivered to an incorrect or outdated Class Member address, or any settlement check is received or intercepted by any individual other than the intended Settlement Class Member recipient. In such event, Defendant shall have no obligation to issue a replacement settlement check, and the Class Member will remain bound by the Release stated herein. The Settlement Fund comprises Defendant's entire monetary obligation under this Agreement.

## XIV.   NULLIFICATION OF THE SETTLEMENT

133.   The settlement is contingent on a Final Approval Order and Final Judgment. The Parties will work cooperatively to resolve any issues preventing approval and use their best efforts to obtain Final Approval. If: (i) the State Court does not enter the Final Approval Order and Final Judgment; (ii) the State Court or Federal Court does not finally approve the Class and Settlement as provided herein; (iii) the final judgment in the Litigation does not become final for any reason; or (iv) the settlement does not become final for any other reason, this Settlement Agreement shall be null and void, and any order or judgment entered by the State Court or Federal Court in furtherance of this settlement shall be treated as void *ab initio*. In such a case: (i) the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement; (ii) any funds awarded or to be awarded under this Settlement, less administrative expenses already incurred by the Settlement Administrator in connection with its obligations under this Agreement, shall be returned to Defendant as of the date and time immediately prior to the execution of this Settlement Agreement, including any portion or all of the Fee Award, which shall be subject to repayment in accordance with Paragraph 101; and (iii) the Parties shall proceed in all respects as if this Settlement Agreement had not been executed. In the event an appeal is filed from the Court's Final Approval Order, or any other appellate review is sought prior to the Effective Date, administration of the settlement shall be stayed pending final resolution of the appeal or other appellate review.

134.   In the event that the Agreement is not approved by the State Court or the Federal Court, the Parties agree to use their best efforts to negotiate terms and conditions that will be approved by the State Court and/or the Federal Court. In such event,

the Parties agree to seek assistance from Judge Kennelly to resolve any disputed issues that prevent approval and/or dismissal.

## XV.  ATTORNEYS' FEES, COSTS AND EXPENSES AND SERVICE AWARDS

135.  At least twenty-one (21) days prior to the Objection/Exclusion Deadline, Class Counsel shall file a Fee and Expense Application with the State Court, which will be posted on the Settlement Website. Class Counsel have agreed, with no consideration from Defendant, to limit their Fee Request to no more than thirty-five percent (35%) of the Settlement Fund, plus reasonable costs and expenses. The State Court's award of a lesser amount than that requested by Class Counsel shall not nullify the Agreement.

136.  The Fee Award approved by the State Court shall be paid to Class Counsel from the Settlement Fund as set forth herein.

137.  Any amounts for Class Counsel's Fee Award not awarded shall be added to the Net Settlement Amount available for distribution to Class Members as settlement awards.

138.  The payment of the Fee Award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or litigation expenses in the Litigation incurred by any attorney on behalf of the Class Representatives and the Class Members, and shall relieve Defendant, the Released Parties, the Settlement Administrator, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Class Representatives and the Class Members.

139.  Class Counsel will apply for a Service Award in the amount of up to $15,000 for the Class Representative Richard Rogers, to be paid for his time and effort spent conferring with Class Counsel and filing and pursuing the Litigation. Class Counsel will apply for a Service Award in the amount of up to $15,000 for the Class Representative Michael Stewart, to be paid for his time and effort spent conferring with Class Counsel, and filing and pursuing the State Case. The Service Awards shall be paid from the Settlement Fund in the form of a check, and shall be subject to State Court approval. The State Court's award of a lesser Service Award than that requested by Class Counsel shall not nullify the Agreement. Any amounts for the Service Awards not awarded shall be added to the Net Settlement Amount available for distribution to Settlement Class Members.

140.  Notwithstanding any contrary provision of this Agreement, the State Court's consideration of the Fee Award and the Service Awards are to be conducted separately from the State Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement. If the State Court reduces or disapproves Class Counsel's request for an award of attorneys' fees or costs or reduces or

disapproves of Class Counsel's application for a Service Award to the Class Representatives, such a ruling will not be grounds to terminate the settlement.

141.    Class Counsel shall provide the Settlement Administrator with completed IRS Form W-9(s) before the payment of the Fee Award is due, as well as Plaintiffs' completed IRS Form W-9s before the payment of the Service Awards are due.

## XVI.    MISCELLANEOUS REPRESENTATIONS

142.    Defendant agrees to timely provide documents and information to the appropriate governmental authorities pursuant to Section 1715 ("CAFA Notice") no later than ten (10) days after this proposed settlement is filed in Federal Court, as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

143.    Except as provided herein, there shall be no comments made to the press or any third party, or any other disclosure by or through the Parties or their attorneys or agents, comprising opinions as to the Litigation. Plaintiff, Class Counsel, Defendant, and Defendant's Counsel shall not make any public statement, including any statement to the press, regarding the Settlement Agreement or settlement aside from the following agreed upon statement: "[The Parties] have reached a proposed agreement and look forward to the Court's review and decision." or words to that effect. This paragraph shall not be construed to limit or impede the notice requirements of this Agreement above; nor shall this paragraph be construed to prevent the Parties or Counsel for the Parties from notifying or explaining to potential Settlement Class Members that this case has settled and how to obtain settlement benefits; nor shall this paragraph limit the representations that the Parties or Counsel for the Parties may make to the State Court or Federal Court to assist in its evaluation of the proposed settlement; nor shall this paragraph limit Defendant's ability to discuss in a confidential manner the terms of this settlement with its attorneys, accountants, tax advisors, insurers, Board members, investors, or employees on a need-to-know basis to the extent necessary for the operation of Defendant's business. If a Party is required by a valid, enforceable subpoena or government information request to disclose information about the settlement, such Party shall provide reasonable prior notice (to the extent permitted by applicable law) to the other Party to allow the other Party to seek to prevent such disclosure. A Party may also provide necessary and accurate information about the settlement to other persons or entities to the extent necessary for any legitimate business purpose.

144.    For income tax purposes, the Parties agree that payments made pursuant to this Agreement shall be allocated as payments in compensation for damages and shall not be subject to required withholdings and deductions and may be reported as non-wage income, as required by law. The Settlement Administrator shall issue to each Settlement Class Member who cashes any settlement check, and any Class Representative who cashes any Service Award, an IRS Form 1099. Other than the reporting requirements herein, Settlement Class Members shall be solely

responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement, and shall defend, indemnify, and hold harmless Released Parties in relation to any claim related to taxes, interest, penalties, or other amounts due with respect to any payments received pursuant to the Settlement Agreement. It is understood and agreed that the Parties take no position and offer no advice regarding how any Settlement Class Member chooses to treat any payment made hereunder for tax or any other purpose.

145. Each Party to this Settlement Agreement acknowledges and agrees that: (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) each Party (A) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (B) has not entered into this Settlement Agreement based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

146. The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Litigation. The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate and reasonable settlement of the Litigation and that they have arrived at this Settlement Agreement through extensive arm's-length negotiations, taking into account all relevant factors, present and potential.

147. The Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement, and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking State Court approval of the Preliminary Approval Order; preliminary approval of the Settlement in Federal Court, including the administration of the Settlement in State Court; State Court approval of the Final Approval Order; and an order from the Federal Court finally approving the Settlement and dismissing the Federal Case with prejudice; and promptly to agree upon and execute all such other

documentation as may be reasonably required to obtain final approval of the settlement.

148.   The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

149.   The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

150.   The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Settlement Agreement are an integral part of the settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

151.   Before declaring any provision of this Settlement Agreement invalid, the State Court and Federal Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

152.   The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

153.   This settlement and any Exhibits constitute the entire agreement among these Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous negotiations, agreements, understandings, representations, and statements, including but not limited to the Settlement Term Sheet, whether oral or written and whether by one of the Parties or such Parties' legal counsel, shall be deemed superseded by this Settlement Agreement.

154.   This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest, except that the Parties may agree, subject to the approval of the State Court and/or Federal Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

155.   Except as otherwise provided herein, each Party shall bear its own costs.

156. Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

157. The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

158. The Parties specifically acknowledge, agree and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence Rule 408 and the Illinois Rule of Evidence Rule 408, and any other equivalent or similar rule of evidence, and shall not: (1) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (2) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

159. The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely: (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversarial hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay or dismiss any other action, and/or (5) to obtain State Court approval and Federal Court approval of the Settlement Agreement.

160. This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures transmitted by fax, PDF, or other electronic means shall have the same effect as an original ink signature.

161. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

162. All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the state of Illinois.

163. Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

164. Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

| If to Class Counsel: | If to Defendant's Counsel: |
|---|---|
| Evan M. Meyers | Michael J. Gray |
| David L. Gerbie | Efrat R. Schulman |
| MCGUIRE LAW, P.C. | JONES DAY |
| 55 W. Wacker Drive, 9th Fl. | 110 N. Wacker Dr., Suite 4800 |
| Chicago, IL 60601 | Chicago, IL 60606 |
| emeyers@mcgpc.com | mjgray@jonesday.com |
| dgerbie@mcgpc.com | eschulman@jonesday.com |

165. This Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

[Signatures on following page. Remainder of this page intentionally left blank.]

IN WITNESS HEREOF, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

RICHARD ROGERS, individually and as Class Representative

Signature: _____

Date: _____

MICHAEL STEWART, individually and as Class Representative

Signature: _____

Date: _____

McGuire Law, P.C., as Class Counsel

By:_____

Print Name:_____

Date: _____

Loevy and Loevy, as Class Counsel

By:_____

Print Name:_____

Date: _____

BNSF Railway Company, as Defendant

By: *Tamara R Middleton*

Print Name: Tamara R Middleton

Date: Feb. 12, 2024

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

RICHARD ROGERS, individually and as Class Representative

Signature: _Richard Rogers_____
33361F09C8EB43E...

Date: _1/31/2024_____

MICHAEL STEWART, individually and as Class Representative

Signature: _Michael Stewart_____
2D8DC0F64411499...

Date: _1/31/2024_____

McGuire Law P.C., as Class Counsel

By: _myles mcguire_____
8574CC21E81147E...

Print Name: _myles mcguire_____

Date: _1/31/2024_____

Loevy and Loevy, as Class Counsel

By: _Jon Loevy_____
3DFC18D97BBB4D0...

Print Name: _Jon Loevy_____

Date: _2/2/2024_____

BNSF Railway Company, as Defendant

By: _____

Print Name:_ _____

Date: _____

# Exhibit A

*Rogers v. BNSF Railway Company*, No. 2019-CH-04393 (Cir. Ct. Cook Cnty., Ill.)

*For more information, visit www.BNSFBIPAClassAction.com.*
*Para informacion en Espanol, visitar www.BNSFBIPAClassAction.com.*

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU REGISTERED YOUR FINGERPRINT INFORMATION USING AN AUTO-GATE SYSTEM AT ANY OF BNSF'S ILLINOIS FACILITIES AT ANY TIME BETWEEN APRIL 4, 2014 AND [DATE OF PRELIMINARY APPROVAL].**

*This is a court-authorized notice of a proposed class action settlement. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> notice of a lawsuit against you.*

## WHY DID I GET A NOTICE?

The Court has authorized notice of a proposed settlement in a class action lawsuit, *Rogers v. BNSF Railway Company*, No. 2019-CH-04393, pending in the Circuit Court of Cook County, Illinois before the Honorable Judge Pamela McLean Meyerson. The Settlement would resolve two lawsuits brought on behalf of persons who allege that BNSF Railway Company ("Defendant") required truck drivers to register their fingerprint information using an auto-gate system at BNSF's Illinois facilities without complying with the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq*. ("BIPA"). The lawsuits are: *Rogers v. BNSF Railway Company*, No. 19-cv-03083 (N.D. Ill.) and *Rogers v. BNSF Railway Company*, No. 2019-CH-04393 (Cook Cnty., Ill.) You have been identified as someone who may have registered your fingerprint information using an auto-gate system at one of BNSF's four Illinois facilities between April 4, 2014 and [Date of Preliminary Approval]. The Court has granted preliminary approval of the Settlement and has preliminarily certified the Settlement Class for purposes of settlement only. This notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

## WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs allege BNSF captured, collected, received through trade, or otherwise obtained the biometrics (fingerprints) of individuals who visited its Illinois facilities without receiving informed written consent from those individuals and that BNSF stored and possessed those biometrics without first posting a publicly-available retention and destruction schedule. Plaintiffs, who are truck drivers, claim that BNSF required them to submit their fingerprint biometrics in order to gain access to BNSF's facilities in Illinois while they were delivering or picking up loads of freight. Plaintiffs allege that this practice of obtaining biometrics without informed written consent and without a publicly-available retention and destruction schedule violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/*et seq.*, and that similarly situated individuals are entitled to recover statutory damages. BNSF denies that it violated BIPA and denies that any Plaintiff or Class Member has been harmed in any way.

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which an individual called a "Class Representative" brings a lawsuit on behalf of other people who have similar claims. All of these people together are a "Class" or "Class Members." A class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

To resolve this matter without the expense, delay, and uncertainties of continued litigation, the Parties have reached a Settlement, which resolves all biometric-related claims against the Released Parties, including Defendant. The Settlement requires Defendant to pay money to the Settlement Class Members, as well as pay the Settlement Administrator's expenses, attorneys' fees and costs to Class Counsel, and Service Awards to the Class Representatives, if approved by the Court.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, a court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, and to voice their support or opposition to final approval of the Settlement. If the Court does not give Final Approval of the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuits above will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if you registered your fingerprint information using an auto-gate system at any of BNSF's four Illinois Facilities between April 4, 2014 and [Date of Preliminary Approval].

## WHAT ARE MY OPTIONS?

**(1) Accept the Settlement.**

To receive payment from the Settlement Fund, *you do not have to do anything*. If the Court approves the Settlement, the Settlement Administrator will *automatically* send a check to your last known mailing address. In order to receive your share of the Settlement Fund without taxes being automatically withheld, you must provide your social security number and/or other tax information to the Settlement Administrator. If you do not provide your tax information to the Settlement Administrator, a portion of your share of the Settlement Fund may be withheld by the Settlement Administrator pursuant to IRS guidelines. Please visit the Settlement Website at BNSFBIPAClassAction.com and provide your tax information by **Month Day, 2024**. If you wish to update or confirm your mailing address, or to confirm your eligibility under the Settlement, you may do so by emailing info@BNSFBIPAClassAction.com.

**(2) Exclude yourself.**

You may exclude yourself from the Settlement. If you do so, you will <u>not</u> receive any cash payment, but you will not release any claims you may have against the Released Parties (as that term is defined in the

Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed letter to the Settlement Administrator at BNSF BIPA Class Action Lawsuit, P.O. Box 5803, Portland, OR 97228-5803 postmarked by **Month Day, 2024**. You may also exclude yourself by emailing your request for exclusion to info@BNSFBIPASlassAction.com by **Month, Day, 2024**. The exclusion letter must state that you exclude yourself from this Settlement, include your full name, address, and telephone number, and be signed by you.

**(3) Object to the Settlement**.

If you wish to object to the Settlement, you must submit your objection in writing to the Clerk of the Court of the Circuit Court of Cook County, Illinois, 50 W. Washington Street, #802, Chicago, IL 60602. The objection must be postmarked no later than **Month Day, 2024**. You must also send a copy of your objection to the Settlement Administrator at BNSF BIPA Class Action Lawsuit, P.O. Box 5803, Portland, OR 97228-5803, postmarked no later than **Month Day, 2024**. Any objection to the proposed Settlement must include your (i) full name, address, telephone number, and email address; (ii) the case name and number of the State Case; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last four years; and (v) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by the objection deadline of **Month Day, 2024**. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which will be held on **Month Day, 2024** in Courtroom 2305 of the Circuit Court of Cook County, Illinois, 50 W. Washington Street, #802 Chicago, IL 60602 or via remote means if ordered by the Court. You may appear on your own behalf or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Participating in the hearing is not necessary; however, persons wishing to be heard orally in opposition to the final approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for Service Awards to the Class Representatives are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing. The hearing date and time, and whether the hearing will be conducted remotely, is subject to change by the Court. Any updates will be posted on the Settlement Website, www.BNSFBIPAClassAction.com.

**WHAT DOES THE SETTLEMENT PROVIDE?**

**Cash Payments.** Defendant has agreed to create a $75,000,000.00 Settlement Fund. If the Court approves the Settlement and you do not exclude yourself from the Settlement Class, you will automatically receive an equal share of the Settlement Fund after deductions for the Settlement Administrator's expenses, attorneys' fees, costs and expenses for Class Counsel, and Service Awards for the Class Representatives. The exact amount of each Settlement Class Member's payment is unknown at this time, but the net per-person payment is estimated to be approximately $1,000.00. All checks issued to Settlement Class Members will expire and become void 120 days after they are issued. Please submit your tax information to the

Settlement Administrator by **Month, Day, 2024** in order to ensure taxes are not automatically withheld from your check. The attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees in an amount up to 35% of the Settlement Fund, plus their reasonable costs and expenses, for the substantial time, expense and effort spent investigating the facts, litigating, and negotiating the Settlement. The Class Representatives also will apply to the Court for a payment of up to $15,000 each for their time, effort, and service in this matter. Class Counsel will file with the Court their request for attorneys' fees and costs and Service Awards on **Month, Day 2024**, and post their request on the Settlement Website.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means that, in exchange for being entitled to receive the cash benefits from the Settlement, you give up your right to file or continue a lawsuit against Defendant and other Released Parties (as defined in the Settlement Agreement) relating to your use of an automatic gate system. Giving up your legal claims is called a release. The precise terms of the release are available on the Settlement Website. Unless you formally exclude yourself by mailing a signed letter to the Settlement Administrator as explained above, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## WHEN WILL I BE PAID?

The Parties cannot predict exactly when (or whether) the Court will give final approval to the Settlement, so please be patient. However, if the Court finally approves the Settlement, checks will be mailed as soon as possible after the court order becomes final, which should occur within approximately 60 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment may be delayed. Updated information about the case is available at www.BNSFBIPAClassAction.com, or you can call the Settlement Administrator at 888-905-0306, or contact Class Counsel at the address provided below.

## WHEN WILL THE COURT RULE ON THE SETTLEMENT?

The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and Class Representative Service Awards that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **Month Day, 2024** at [Time am/pm] in Courtroom 2305 of the Circuit Court of Cook County, Illinois, 50 W. Washington Street, #802, Chicago, IL 60602. The hearing date and time, including whether the hearing will take place via remote means, is subject to change by the Court, so please check the Settlement Website, www.BNSFBIPAClassAction.com, for updates.

If the Settlement is given final approval, the Court will not make any determination as to the merits of the claims against Defendant or its defenses to those claims. Instead, the Settlement's terms will take effect and the lawsuits will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in

order to achieve an early and certain resolution to the lawsuit, in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for any other reason, you will not be paid at this time and Settlement Class Members will receive no benefits from the Settlement Fund. Plaintiffs, Defendant, and all of the Settlement Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, and Plaintiffs and Defendant will return to litigation. There can be no assurance that if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

## WHO REPRESENTS THE CLASS?

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense:

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55. W. Wacker Dr., 9th Fl.
Chicago, IL 60601
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

Jon Loevy
Michael I. Kanovitz
LOEVY & LOEVY, P.C.
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
jon@loevy.com
mike@loevy.com

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement of this lawsuit. More details can be obtained at www.BNSFBIPAClassAction.com. If you have any questions, you can also call the Settlement Administrator at 888-905-0306 or contact Class Counsel at the numbers or email addresses set forth above. In addition to the documents available on www.BNSFBIPAClassAction.com, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.

# Exhibit B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| RICHARD ROGERS and MICHAEL STEWART, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) ) | No. 2019-CH-04393 |
| | ) | |
| v. | ) ) | Hon. Pamela McLean Meyerson |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | |
| | ) | |
| *Defendant*. | ) | |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiffs' Unopposed Motion in Support of

Preliminary Approval of Class Action Settlement ("Motion"), the Court having reviewed in detail

and considered the Motion and the Class Action Settlement Agreement ("Settlement Agreement")

between Plaintiffs Richard Rogers and Michael Stewart ("Plaintiffs"), and Defendant BNSF

Railway Company ("Defendant"), and all other papers that have been filed with the Court related

to the Settlement Agreement, including all exhibits and attachments to the Motion and the

Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     Capitalized terms used in this Order that are not otherwise defined herein have the

same meaning assigned to them as in the Settlement Agreement.

2.     The terms of the Settlement Agreement are preliminarily approved as fair,

reasonable, and adequate. There is good cause to find that the Settlement Agreement was

negotiated at arm's-length between the Parties, who were represented by experienced counsel and

negotiated through an experienced neutral, Judge Matthew F. Kennelly of the U.S. District Court

for Northern District of Illinois.

3. For settlement purposes only, the Court finds that the prerequisites to class action treatment under Section 2-801 of the Illinois Code of Civil Procedure – including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims – have been preliminarily satisfied.

4. The Court hereby conditionally certifies, pursuant to Section 2-801 of the Illinois Code of Civil Procedure, and for the purposes of settlement only, the following Settlement Class consisting of:

> "All individuals whose fingerprint information was registered using an Auto-Gate System at any of BNSF's four Illinois facilities at any time between April 4, 2014 through the date of the Preliminary Approval Order."

5. For settlement purposes only, Plaintiffs Richard Rogers and Michael Stewart are appointed as Class Representatives.

6. For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55. W. Wacker Dr., 9th Fl.
Chicago, IL 60601

Jon Loevy
Michael I. Kanovitz
LOEVY & LOEVY, P.C.
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607

7. The Court finds that the Class Representatives and Class Counsel have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class in accordance Section 2-801 of the Illinois Code of Civil Procedure.

8. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the above-captioned matter should the Parties return to litigation if the Settlement is not finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved and the Parties return to litigation, this Court's

2

preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

9. The Court approves, in form and content, the Class Notice attached to the Settlement Agreement as Exhibit A, and finds that it meets the requirements of Section 2-803 of the Illinois Code of Civil Procedure and satisfies Due Process.

10. The Court finds that the planned notice set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances, satisfies fully the requirements of Due Process and any other applicable law, such that the Settlement Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update the Class Notice for purposes of accuracy or formatting for publication.

11. Epiq Class Actions & Claims Solutions is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

12. The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

13. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have

previously initiated other litigation or proceedings against Defendant or the Released Parties relating to the claims released under the terms of the Settlement Agreement.

14. Any individual within the Settlement Class may request exclusion from the Settlement Class by expressly stating their request in a written exclusion request. Such exclusion requests must be postmarked, no later than the Objection/Exclusion Deadline **Month Day, 2024.**

15. In order to exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing their name, address, and telephone number; a statement that they wish to be excluded from the Settlement Class; and their signature. A request to be excluded that is sent to an address other than that designated in the Notice, or is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as a Settlement Class Member by the Agreement, if approved. So-called "mass" or "class" exclusion requests shall not be accepted or valid. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

16. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by the Settlement or any order or judgment of the Litigation; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

17. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as Service Awards for the Class Representatives, in accordance with the terms of the Settlement Agreement, no later than **Month Day, 2024.**

4

18.     Any Settlement Class Member who has not requested exclusion from the
Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including
the amount of the attorneys' fees, costs, and expenses that Class Counsel intend to seek or the
payment of the Service Awards to the Class Representatives, may do so, either personally or
through an attorney, by filing a written objection, together with the supporting documentation set
forth below in Paragraph 19 of this Order, with the Clerk of the State Court, and served upon the
Settlement Administrator no later than **Month Day, 2024**. Addresses for the Settlement
Administrator and the Clerk of State Court are as follows:

| Settlement Administrator: | Clerk of State Court: |
|---|---|
| Epiq Systems, Inc. | Clerk of the Circuit Court of Cook County |
| P.O. Box 5803 | Chancery Division |
| Portland, OR 97228 | 50 W. Washington Street, #802 |
| | Chicago, IL 60602 |

19.     Any Settlement Class Member who has not requested exclusion and who intends
to object to the Settlement must state, in writing, all objections and the basis for any such
objection(s), and must also state in writing: (i) their full name, address, email address, and current
telephone number; (ii) the case name and number of the above captioned case; (iii) all grounds for
the objection, with factual and legal support for the stated objection, including any supporting
materials; (iv) the identification of any other objections they have filed, or have had filed on their
behalf, in any other class action cases in the last four years; and (v) the objector's signature. If
represented by counsel, the objecting Settlement Class Member must also provide the name and
telephone number of their counsel. Objections not filed and served in accordance with this Order
shall not be received or considered by the Court. Any Settlement Class Member who fails to timely
file and serve a written objection in accordance with this Order shall be deemed to have waived,
and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness,

reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of any Service Award(s), and to the Final Approval Order and the right to appeal same.

20.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with this Order may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's Fee and Expense Application and/or the request for Service Awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates their intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in their written objection the identity of any witnesses they may call to testify, and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached to such written objection.

21.     Any Settlement Class Member who does not make their objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

22.     All papers in support of the Final Approval of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

23.     Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

24.     A hearing (the "Final Approval Hearing") shall be held before the Court on **Month Day, 2024 at Time a.m./p.m.** in Courtroom 2305 of the Circuit Court of Cook County, Illinois, 50 W. Washington Street, #802, Chicago, IL 60602 (or at such other time or location, or via remote means, as the Court may without further notice direct and which shall be identified on the Settlement Website) for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under 735 ILCS 5/2-801 have been met;

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing Released Claims as set forth in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees, costs, and expenses of Class Counsel;

(e)     to consider the application for Service Awards to the Class Representatives;

(f)     to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

25.     The Final Approval Hearing may be postponed, adjourned, transferred, continued,

7

or conducted by remote means by order of the Court without further notice to the Settlement Class Members, although Class Counsel will publish any such modifications to the Final Approval Hearing on the Settlement Website. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

26.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27.     All discovery and other proceedings in this case are stayed until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28.     For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

**Notice to be completed by:**          **Month Day, 2024**

**Fee and Expense Application:**          **Month Day, 2024**

**Objection/Exclusion Deadline:**          **Month Day, 2024**

**Final Approval Submissions:**          **Month Day, 2024**

**Final Approval Hearing:**          **Month Day, 2024 at Time a.m./p.m.**

**IT IS SO ORDERED.**

ENTERED: _____

                                       _____
                                         Hon. Pamela McLean Meyerson
                                         Circuit Court Judge
                                         Circuit Court of Cook County, Illinois