**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD ROGERS, individually and on behalf of a class,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 19 C 3083** |
| **BNSF RAILWAY CO.,** | ) ) | |
| **Defendant.** | ) ) | |

**ORDER GRANTING MOTION FOR PRELIMINARY
<u>APPROVAL OF CLASS SETTLEMENT</u>**

The plaintiff class in this case has moved for preliminary approval of a settlement of the claims of the class.  The proposed settlement would also resolve a putative class action brought on behalf of the same (or nearly the same) class in the Circuit Court of Cook County.  That case, pending before Judge Pamela Meyerson, is called *Rogers v. BNSF Railway Co.*, Case No. 2019-CH-04393.  The proposed settlement therefore requires the approval of both this Court and Judge Meyerson.  This Court preliminarily approves the proposed settlement for the reasons stated below, but this is of course subject to Judge Meyerson's approval, which the Court understands will be requested at an upcoming hearing in the Circuit Court.  As the Court has stated on previous occasions, however, because the proposed settlement involves a certified class, the Court believes it has a non-delegable duty under Federal Rule of Civil Procedure 23(e) to independently determine whether to approve the settlement.

The proposed settlement contemplates establishment of a settlement fund of $75 million, from which the approximately 46,500 members of the certified Class will be

compensated on an equal basis.  This should amount to approximately $1,000 per person if the proposed awards of attorney's fees, litigation costs, and service awards for the class representatives are approved.  Checks will be sent to the class members directly; they will not have to submit claims.  The settlement agreement provides that checks not negotiated within a stated period will be void, and the total of all voided settlement checks will be redistributed in equal amounts to class members who negotiated their original checks.  In other words, none of the $75 million will revert to the defendant.  Any attorney's fees, litigation costs, and service awards will be paid from the $75 million and are subject to agreed-upon caps described in the parties' settlement agreement.  The proposed settlement also includes an agreed upon notice and administration plan.  In return for the payment, the claims of the certified federal court class and the putative state court class will be released.

The Court finds that final approval is likely.  The class representatives and appointed class counsel have more than adequately represented the class throughout this litigation, including during the course of the negotiations that led to the proposed settlement.  The Court, which participated in several pretrial settlement conferences and in the post-trial conferences that resulted in the settlement agreement, can confirm from first-hand knowledge that the settlement was negotiated at arm's length.  Although the certified federal class achieved a judgment in the amount of $228 million following a jury trial, the Court vacated the damages award on a post-trial motion and ordered a new trial limited to damages.  The amount of a damages award on retrial is subject to significant uncertainty, and the finding of liability is subject to non-frivolous arguments for reversal on appeal.  The agreed-upon $75 million, which was negotiated with the

assistance of this Court, represents a fair and reasonable award, considering the risks attendant to proceeding through a new damages trial and an appeal, as well as the delay that would result from continued litigation. The Court's determination on this point takes into account the proposed fee award, capped at 35 percent of the total; the proposed service awards; and the likely award of costs, including the costs of administering the settlement. The settlement also treats all class members equitably with respect to each other. And the proposed distribution method is fair and equitable and is geared toward reaching as many class members as possible.

The Court notes that the parties' memorandum in support of preliminary approval also addresses the appropriateness of class certification, but for purposes of the federal case at least further analysis of that point is not needed, because the Court certified a class nearly two years ago, and the Seventh Circuit declined to hear an interlocutory appeal from that ruling.

For these reasons, the Court grants the motion for preliminary approval, subject to approval by Judge Meyerson in the related state court litigation. The Court will leave it to counsel to propose a final approval hearing date if and when Judge Meyerson grants preliminary approval.

Date: February 28, 2024

MATTHEW F. KENNELLY
United States District Judge

3