## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD ROGERS, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 2019-cv-03083 |
| BNSF RAILWAY COMPANY, a Delaware corporation, | ) ) ) | Hon. Matthew F. Kennelly |
| *Defendant*. | ) ) | |
| _____ | ) | |

## FINAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in the Litigation, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1.      Unless otherwise noted, all capitalized terms in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement between Plaintiffs Richard Rogers and Michael Stewart ("Plaintiffs") and Defendant BNSF Railway Company ("Defendant") (collectively "the Parties").

2.      The Court has the authority to resolve the claims at issue in the Litigation and has personal jurisdiction over all Parties to the Litigation, including all Settlement Class Members.

3.      The Court preliminarily approved the Parties' Settlement Agreement on February 28, 2024. Pursuant to Federal Rule 23(c)(2), the Court's Preliminary Approval Order, and the Parties' Class Notice plan as detailed in the Settlement Agreement, the Settlement Class Members

were notified of the terms of the proposed Settlement Agreement and of a final approval hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the Released Claims against the Released Parties.

4.     The Court has read and considered the papers filed in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement Agreement (Dkt. 302), including all exhibits and supporting declarations thereto.

5.     The Court held a Final Approval Hearing on June 17, 2024, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6.     Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, and pursuant to Federal Rule 23(e)(2), the Court now grants final approval of the Settlement Agreement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, because: Plaintiffs and Class Counsel have adequately and capably represented the Settlement Class; the Settlement Agreement was negotiated at arm's-length between the Parties and only reached following multiple mediations and settlement conferences overseen by third-party neutrals including this Court; the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both Parties faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e); and the Settlement Agreement treats Settlement Class Members equitably relative to each other. Therefore, the Settlement Agreement is finally approved.

7. The Court previously certified a Class in this case. (Dkt. 143).

8. Pursuant to Federal Rule 23(a), (b)(3), and (e), and solely for purposes of settlement, the Court hereby amends such Class definition, and finally approves certification of the following Settlement Class:

> All individuals whose fingerprint information was registered using an Auto-Gate System at any of BNSF's four Illinois facilities at any time between April 4, 2014 through March 5, 2024.

9. The Court finds that six individuals have made timely and valid requests for exclusion from the Settlement. The six individuals who are excluded from the Settlement are identified in Exhibit A. No individuals objected to the Settlement.

10. For settlement purposes only, the Court confirms the appointment of Richard Rogers and Michael Stewart as Class Representatives of the Settlement Class.

11. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

Myles McGuire
Evan M. Meyers
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55. W. Wacker Dr., 9th Fl.
Chicago, IL 60601

Jon Loevy
Michael I. Kanovitz
LOEVY & LOEVY, P.C.
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607

12. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution. The

Court further finds that the Parties satisfied all notice requirements set forth in the Class Action Fairness Act 28 U.S.C. § 1715.

13.     The Parties to the Settlement Agreement shall perform their obligations thereunder.

14.     The Court dismisses this action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against Defendant. The Court adjudges that the Released Parties shall be released for all Released Claims as described in the Settlement Agreement.

15.     The Court adjudges that Plaintiffs and all Settlement Class Members (the Releasing Parties) shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties as set forth in the Settlement Agreement.

16.     The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and their respective predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Plaintiffs and the Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims described in the Settlement Agreement against any of the Released Parties.

18.     The Court approves the Parties' agreement to distribute any *cy pres* funds to The American Red Cross and the Chicago Bar Foundation. Such funds, if any, shall be comprised of the value of uncashed settlement checks following the Second Distribution and paid in accordance with the Settlement Agreement.

19.     Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. The Final Approval of the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiffs, the Settlement Class Members, or Defendant.

20.     No objections were filed in this matter, and any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment and dismiss this action with prejudice.

21.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

22.     Without affecting the finality of this Final Judgment, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order and Judgment, and for any other necessary purpose.

IT IS SO ORDERED.

ENTERED: 6/18/2024

Hon. Matthew F. Kennelly
U.S. District Court Judge

# Exhibit A

1. Reginald Clay

2. Lawrence Hawkins

3. Peyton Hightower

4. Samuel Tooks

5. John Fischer

6. Diego Delgado